UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 OCT 14 P 4: 29

| | | |
|---|---|---|
| BARRY LEVINE | : | CIVIL ACTION NO. |
| | : | 3:03 CV 148 (SRU) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| WEBSTER INSURANCE | : | |
| | : | |
| Defendant | : | OCTOBER 7, 2003 |

**STIPULATED CONFIDENTIALITY AGREEMENT**

IT IS HEREBY AGREED, BY AND BETWEEN THE PARTIES TO THIS ACTION, THAT:

1. The Parties acknowledge that they have sought and may in the future seek information and documents from one another, or from any third party, and that such information and documents may include Confidential Information, including but not limited to tax information, pension contributions information, payroll information, and personnel and employment records pertaining to the Plaintiff, Barry Levine, or other employees of the Defendant, Webster Insurance.

2. "Confidential Information" means information which any Party has designated as "Confidential," either by the use of such term or by any other designation intended to limit to the dissemination of such information or to restrict its use to that which is connected with this litigation only, and bar its use in any other litigation, whether between the parties hereto or between the disclosing party and any third party, and prohibit its use for any purpose unrelated to this litigation.

{W1269116;4}

3. "Confidential Documents" means documents which contain "Confidential Information," including writings, drawings, graphs, charts, photographs, videos, recordings, and other data compilations from which data can be obtained, which will be made available during the course of disclosure in this case by the Plaintiffs, Defendants, or any third party (hereinafter "Party" or "Parties") or any parents, subsidiaries, divisions, branches, and/or affiliates of the Parties, and/or of other Parties added or substituted in this case.

4. "Confidential Material" shall mean Confidential Documents or Confidential Information.

5. A document (or portion of a document) that a party maintains which is or contains Confidential Material, shall be identified by the disclosing Party as Confidential by (1) stamping or printing the word "CONFIDENTIAL" on the document, (2) making any other notation upon the document which a reasonable person would interpret as indicating that the disclosing Party intends to designate the material as confidential, or (3) using any other reasonable method agreed upon by the Parties. In the event a Party has designated any document as Confidential Material in any other litigation, any designation used upon the document to designate it as confidential in such other litigation shall constitute a designation as confidential in connection with documents produced under this Agreement. In the absence of such identification or indication, the material produced or revealed shall not be protected from disclosure by the terms of this Agreement.

6. Confidential Material shall not be used by either party, or any party listed in Paragraph 15, for any business, commercial, competitive, personal or other purpose besides the prosecutions and/or defense of this litigation.

7. A Party may, on the record of a deposition or by written notice to opposing counsel, not later than seventy-two hours after receipt of the deposition transcript, designate any portion(s) of the deposition as "CONFIDENTIAL" if the party maintains that the portions so designated constitute Confidential Material. To the extent possible, any portions so designated shall be transcribed separately and marked by the reporter as "CONFIDENTIAL" and shall be provided by the reporter to the Parties only in a sealed envelope. Until expiration of the above seventy-two hour period, all deposition transcripts and information therein will be deemed Confidential Material.

8. By designating a document or information as Confidential Material, a Party represents that it has made a bona fide, good faith determination that the information is or the document contains Confidential Information.

9. The production, inadvertent or otherwise, of any documents or otherwise protected Confidential Materials shall not be deemed a waiver or impairment of any claim of confidentiality with regard to other documents, information, or materials. The producing Party may correct the inadvertent disclosure of Confidential Material by serving notice to the receiving Party that Confidential Materials have been inadvertently disclosed. Upon receipt of this notice, counsel for the receiving party shall mark the requested material "CONFIDENTIAL," and shall treat such material as "CONFIDENTIAL" pursuant to the provisions of this Agreement from the time of receipt of the notice.

10. A party shall not be obligated to challenge the propriety of the designation of Confidential Materials at the time of their designation and failure to do so shall not preclude a subsequent challenge to the designation.

11. No party concedes that any document designated by another Party as Confidential is in fact Confidential Information or a Confidential Document. Any party may move the Court in the pending action for a determination that material which the producing Party designates as Confidential Material does not qualify as such under the terms of this agreement. However, unless and until the Court shall make such determination and the time for any appeal or appeals of such order expires or, if any Party files one or more appeals, the appellate court or courts finally resolve such appeals, the receiving Party shall treat the material so designated as confidential under the terms of this Agreement.

12. This Agreement does not apply to the offer or admission into evidence of the Confidential Material or its contents at trial or in any evidentiary hearing, nor does it apply for any other purpose under the Federal Rules of Evidence. Such evidentiary issues may be raised as a separate matter upon the motion of any Party at the time of trial or evidentiary hearing.

13. The production of any material, whether Confidential Material or otherwise, made pursuant to this Agreement is not intended to constitute a waiver of any privilege or right to claim the confidential trade secret or other confidential status of the documents, materials, or information produced.

14. A Party filing with the Court any Confidential Material in connection with proceedings in this action shall file such Confidential Material in a sealed envelope or other appropriate sealed container which shall state (i) the title and number of this action, (ii) a general description of the contents of the envelope, and (iii) the following statement:

CONFIDENTIAL
SUBJECT TO AGREEMENT

In accordance with the Parties' Agreement, this envelope shall be held in confidence under seal and shall not be opened except by Order of the Court.

Any material so designated shall be kept by the Clerk in a separate file from other pleadings in the matter and shall not be made available to anyone other than an attorney of record, without Order of the Court.

15. Confidential Material may be shown, disseminated, or disclosed only to the following persons:

a. the Plaintiff;

b. all attorneys of record for the Parties in the above-captioned matter, including members of their respective law firms, and any other attorney associated to assist in the preparation of this Case for trial;

c. all employees of the Parties' counsel assisting in the preparation of the above-captioned matter for trial;

d. experts and consultants retained by the Parties for the preparation or trial of the above-captioned matter;

e. translators retained by the Parties for the preparation or trial of the above-captioned matter;

f. court reporters employed for depositions in connection with this matter;

g. the Court in connection with proceedings in this action; and

h. employees of Parties to this action.

16. Before the recipient of Confidential Material provides any Confidential Material to any person described in paragraphs 15(a), (d), (e), (f) and (h), the recipient shall advise such person of the terms of this Agreement, shall provide such person with a copy of this Agreement, and shall obtain such person's full execution of the written agreement attached hereto as Schedule A, which outlines the terms of this Agreement and indicates that such person is bound by the terms of this Agreement.

17. Counsel of record for each Party, at the time of the final termination of the above-captioned matter (including all pending appeals), shall direct any person described in paragraphs 15(a), (b), (c), (d), (e), (f), or (h) who has received copies of Confidential Material(s) from or through such counsel of record to destroy such Confidential Material(s) or return the Confidential Material(s) to counsel of record for the producing Party.

18. In the event any non-party is called upon to produce information which it is entitled to maintain in confidence, such non-party may elect to become Party to the terms of this Agreement by serving a written notice of its election on counsel of record for each party. After service of such notice of election, this Agreement will be binding on such non-party.

19. This Agreement does not require production of work product materials and/or materials covered by the attorney-client privilege, which may continue to be withheld from discovery by any Party unless the Court orders otherwise, nor does this Agreement modify in any way the applicable rules of the work product doctrine and/or the attorney-client privilege for the protection of such materials.

20. This Agreement may be modified only upon further written stipulation of the Parties or upon motion for good cause shown.

21. A breach of any provision of this Agreement shall be subject to, among other things, sanctions, in the Court's discretion, as within or authorized by any statute, rule, or inherent power of the Court, or otherwise as provided by law.

22. This Agreement shall survive and remain in full force and effect after the termination of this proceeding, whether by settlement or litigation.

THE PLAINTIFF,
BARRY LEVINE
BY MOUKAWSHER & WALSH, L.L.C.
ITS ATTORNEYS

By /s/ Ian O. Smith  10/7/03
Thomas G. Moukawsher
Ian O. Smith  ct 24135
Moukawsher & Walsh, L.L.C.
21 Oak Street
Hartford, CT  06106


THE DEFENDANT,
WEBSTER INSURANCE
BY CARMODY & TORRANCE LLP
ITS ATTORNEYS

By /s/ Kristi D. Aalberg
Charles F. Corcoran, III
Kristi D. Aalberg  ct 23970
Carmody & Torrance LLP
195 Church Street
Post Office Box 1950
New Haven, CT  06509

SCHEDULE A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BARRY LEVINE | : | CIVIL ACTION NO. |
| | : | 3:03 CV 148 (SRU) |
| Plaintiff, | : | |
| V. | : | |
| WEBSTER INSURANCE | : | |
| Defendant | : | OCTOBER 6, 2003 |

**AGREEMENT TO BE BOUND BY STIPULATED**
**CONFIDENTIALITY AGREEMENT**

The undersigned entity or person ("Recipient") acknowledges and agrees that he/she has carefully read and understands the provisions of the Stipulated Confidentiality Agreement in this case signed by the Court, and agrees to comply with all provisions of the same.

Recipient agrees that in connection with the above-captioned case (the "Litigation") and any service or statement provided in connection therewith, all information designated as such, whether written, oral, digital, and any material produced or derived therefrom, received before or after the date hereof, whether provided by the owner of such information, its attorneys or otherwise ("Discloser") is "Confidential Information" and shall be maintained in confidence and not disclosed, used or duplicated. Notwithstanding the foregoing, Recipient may disclose the Confidential Information if such disclosure

{W1269116;4}8

is required by applicable law, rule or order provided that Recipient gives Discloser and the party reasonably deemed to be the information owner prompt written notice of such requirement prior to such disclosure.

Recipient agrees that it may use Confidential Information only in connection with the specific service or statement relating to the Litigation, and Recipient shall not copy Confidential Information or disclose Confidential Information to any third party, including employees of Recipient who do not need Confidential Information in connection with the Litigation. Confidential Information shall be returned to Discloser or destroyed upon request of the Discloser once the services or statement contemplated by this Agreement have been completed. Recipient will not retain any copies of Confidential Information without the Discloser's permission.

Recipient represents and agrees that it has and will maintain in place precautions to safeguard the security of Confidential Information from unauthorized access, disclosure or alteration. Discloser shall be entitled to verify that such security safeguards exist upon prior written request of Discloser.

Recipient acknowledges that a breach by Recipient of its confidentiality obligations may cause the Discloser, or the information owner (if different) to suffer irreparable harm in an amount not easily ascertained. Recipient agrees that any breach, whether threatened or

actual, will give the Discloser the right to terminate this or other Agreements immediately, obtain equitable relief, (i.e., obtain an injunction to restrain such disclosure or use), and pursue all other remedies Discloser may have at law or in equity. The provisions of this Agreement shall survive the termination of this Agreement.

Recipient declares under penalty of perjury that the foregoing is true and correct.

Recipient Name:

_____
(Corporation/Partnership/LLC/Individual)
(Circle One)

Signature: _____

Title: _____ Date: _____

Signer's Name (Printed):_____