UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BARRY LEVINE | : | CIVIL ACTION NO. |
| | : | 3:03 CV 148 (SRU) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| WEBSTER INSURANCE | : | JANUARY 7, 2004 |
| | : | |
| Defendant | : | |

## DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL DATED DECEMBER 29, 2003

The Defendant, Webster Insurance, hereby submits this Memorandum in opposition

to Plaintiff's Motion to Compel dated December 29, 2003. The Defendant objects to

Production Request Number Nine on the grounds that the Stock Purchase Agreement sought

by the Plaintiff is (1) irrelevant to the subject matter of this action; (2) is not reasonably

calculated to lead to the discovery of admissible evidence in this action; and (3) contains

non-public, confidential business information of the Defendant and others who are not

parties to this action, to which the Plaintiff is not entitled simply by virtue of having filed

this lawsuit.

As indicated in the Plaintiff's Motion to Compel, the Plaintiff claims relief for an

alleged breach of fiduciary duty and an alleged wrongful denial of benefits due under the

Louis Levine Agency, Inc. Profit Sharing Plan & Trust (the "Profit Sharing Plan") and the

Levine Companies Salary Savings Plan (the "401(k) Plan")(or collectively the "Levine

Plans"). In connection with this lawsuit based on the above-mentioned claims, the

Plaintiff's April 24, 2003 First Set of Interrogatories and Production Requests to Defendant

Webster Insurance requests that the Defendant produce:

CARMODY & TORRANCE LLP
Attorneys at Law
Juris No. 08512

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

"the Stock Purchase Agreement dated February 1, 2000, the parties to which

included Webster Insurance and the Levine Agency and any drafts of such

Agreement generated prior to the version finally executed."

(Plaintiff's Production Request Number Nine set forth in Defendant's Answers and

Objections to Plaintiff's First Set of Interrogatories and Production Requests to

Defendant Webster Insurance, Exhibit 1, attached hereto).

Plaintiff's insurmountable problem in making this request is that he is seeking material

which is at once highly proprietary *and* utterly irrelevant to this lawsuit. Plaintiff has not

articulated, nor can he, any logical reason for the production of this confidential document.

The Defendant therefore objects to the request, based on the following well-established legal

principles:

I.      **Stock Purchase Agreement is Irrelevant to the Plaintiff's Asserted Claims, and is Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence Related Thereto.**

Federal Rule of Civil Procedure 26 delineates the general provisions concerning

discovery. The language in Rule 26(b)(1) states that parties may obtain discovery

"regarding any matter, not privileged, that is *relevant* to the subject matter involved in the

pending action" (emphasis supplied). This rule has been "construed broadly to encompass

any matter that bears on, or that reasonably could lead to other matter that could bear on, any

issue that is or may be in the case." Oppenheimer Funds, Inc. v. Sanders, 437 U.S. 340, 351

(1978). Courts in the Second Circuit have not hesitated to deny discovery requests under

Rule 26(b)(1), however, when the information requested has no conceivable bearing on the

case. See, e.g. Lemanik, S.A. v. McKinley Allsopp, Inc., 125 F.R.D. 602, 608 (S.D.N.Y.

1989).

CARMODY & TORRANCE LLP
Attorneys at Law
Juris No. 08512

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

A party seeking the discovery must make a prima facie showing that the

discovery sought is more than a mere fishing expedition. Evans, supra at *1. Essentially, a

party is not allowed "to roam in shadow zones of relevancy and explore matter which does

not presently appear germane on the theory that it might conceivably become so." Id.

(emphasis supplied). The plaintiff is not entitled to pursue a fishing expedition in hopes of

finding heretofore unknown damaging evidence, especially when the plaintiff has failed to

explain how the evidence is different from, and not merely cumulative to, that which is

already present in the record. Drake v. Portuondo, 2001 WL 266021, *1 (W.D.N.Y. 2001);

see also Smoothline LTD v. North American Trading Corp., 2000 WL 1015949 (S.D.N.Y.

2000)(the court concluded that the discovery requests by the plaintiff are "more indicative of

a 'fishing expedition' than of a reasonably tailored request for documents relevant to any

legitimate dispute").

While the Plaintiff in this matter has repeatedly expressed his personal (but

unsupported) belief that "the information contained in such documents is directly related (and

hence relevant) to the extent of the defendant's liability for the actions surrounding [the

Plaintiff's] claims" (See Letter dated December 18, 2003 from Attorney Ian O. Smith to the

undersigned, attached hereto as Exhibit 2), such balled assertions statements do not render

such irrelevant information relevant. The issues in this case, outlined in great detail in the

Plaintiff's Motion to Compel and briefly discussed above, involve allegations of fraud, the

validity of waivers of profit sharing plan contributions executed by the Plaintiff, alleged

breach of fiduciary duty, alleged wrongful denial of benefits, and the Plaintiff's eligibility of

participation in a 401(k) that was established after the Plaintiff left his employment with the

Louis Levine Agency, Inc. (predecessor to the Defendant).

CARMODY & TORRANCE LLP
Attorneys at Law
Juris No. 080512
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

The Plaintiff's Complaint does not allege, in any way, that the extent of the

Defendant's liability has any bearing whatsoever on the Plaintiff's stated claims. Nor does

the extent of Defendant's liability, or any private contract or term thereof between the

Defendant and any private individual not a party to this action relating to the Defendant's

ultimate liability, have any bearing on the Plaintiff's stated claims. The Defendant,

therefore, maintains its objection to the production of the document sought on the grounds

that it is completely irrelevant to the subject matter of this action and, unsupported blanket

statements made by the Plaintiff or Plaintiff's counsel are not grounds to permit discovery.

## II.    Confidential and Private Business Information

The Federal Rules of Civil Procedure provide a qualified protection for

confidential commercial information in the civil discovery context. Fed. R. Civ. Proc.

26(c)(7). Confidential business information should be protected in litigation. See Solomon

Smith Barney, Inc. v. HBO, 2001 WL 225040, *3 (S.D.N.Y. 2001).

In this instance, the Plaintiff seeks the disclosure of terms of a private contract

between the Defendant and others who are not parties to this litigation. It includes within its

terms confidential commercial and business information which the Defendant considers to

be proprietary and confidential, including non-public price terms and financial information

of both the Defendant and the other parties to that agreement. Moreover, production of this

document would divulge confidential business information developed or acquired after the

association between the Plaintiff and Defendant had ended, to which the Plaintiff is not

privy simply by way of filing this lawsuit.

Therefore, the Defendant maintains its objection to the production of such

document on the grounds that the terms of any private agreements between private

CARMODY & TORRANCE LLP
Attorneys at Law
Juris No. 08512

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

individuals not parties to this case with whom defendant conducted private business is

private and confidential information that is protected from discovery pursuant to the Federal

Rules of Civil Procedure in litigation completely unrelated to the terms of such agreement.

**THE DEFENDANT,**

By: _Kristi D. Aalberg_

Kristi D. Aalberg, Esq.

For:  Carmody & Torrance LLP
50 Leavenworth St., P.O. Box 1110
Waterbury, CT 06721-1110
(203) 575-2622
Federal Bar No. ct23970
Its Attorneys

## CERTIFICATION

**THIS IS TO CERTIFY** that a copy of the foregoing was sent via Federal Express, as well as by facsimile on the 7th day of January, 2004 to:

**Thomas G. Moukawsher, Esq.**
Moukawsher & Walsh, L.L.C.
328 Mitchell Street
P.O. Box 966
Groton, CT 06340

**Ian O. Smith, Esq.**
Moukawsher & Walsh, L.L.C.
21 Oak Street
Suite 209
Hartford, CT 06106
(860) 278-7005

_____
Kristi D. Aalberg, Esq.

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
Juris No. 08512    Waterbury, CT 06721-1110
Telephone: 203 573-1200

EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BARRY LEVINE                 :        CIVIL ACTION NO.
                               :        3:03 CV 148 (SRU)
           Plaintiff,              :

V.                              :

                               :

WEBSTER INSURANCE         :        JUNE 24, 2003

          Defendant           :

## DEFENDANT'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND PRODUCTION REQUESTS TO DEFENDANT WEBSTER INSURANCE

The plaintiff in the above captioned matter hereby requests that the defendant

Webster Insurance respond within thirty (30) days to the following interrogatories and

requests for production.

## DEFINITIONS

A.      As used herein, the term "DOCUMENT" or "DOCUMENTS" includes,

without limitation, the original or any copies, regardless of origin or location, of any

correspondence, book, pamphlet, periodical, letter calendar or diary entry, memorandum,

message, telegram, cable, report, record, study, stenographic or handwritten note, working

paper or draft, invoice, voucher, check, statement, chart, graph, map, diagram, blueprint,

table, index, picture, voice recording, tape, microfilm, data sheet or data processing card or

disk or any other written, typed, printed, recorded, transcribed, punched, taped, filmed,

photographed or graphic matter, however produced or reproduced, to which you have or

have had access, and copies of reproductions of any of the above that differ in any respect

from the original, such as copies containing marginal notations or other variations, and all

CARMODY & TORRANCE LLP    50 Leavenworth Street    1
Attorneys at Law               Post Office Box 1110
                            Waterbury, CT 06721-1110
                            Telephone. 203 573-1200

other records or writings, however produced or reproduced, to which you have or have had access. Designated documents are to be interpreted as including all attachments, exhibits, enclosures, appendices and other documents that relate to or refer to such designated documents. The enumeration of various specific items as included within the definition of the word "documents" shall not be taken to limit the generality of this word and the requests herein are directed and intended to obtain all "documents" in the broadest and most comprehensive sense and meaning of this word.

B.      The terms "RELATED TO" or "RELATED" mean concerning, referring to, describing, evidencing, or constructing.

C.      The term "PROFIT SHARING PLAN" or "PLAN" shall mean the Levine Company Profit Sharing Plan & Trust.

D.      The term "the 401k Plan" shall mean the Levine Company Salary Savings Plan.

E.      The terms "AND" and "OR" shall be construed disjunctively and conjunctively, the singular shall be deemed to include the plural, all as necessary to make the request inclusive rather than exclusive.

F.      The terms "YOU" or "YOUR" shall refer to the Levine Agency.

G.      The term "LEVINE AGENCY" shall refer to the Louis Levine Agency, Inc., and/or its agents, employees, affiliates, predecessors, successors and assigns.

H.      The term "IDENTIFY" with respect to a person means to provide such person's name; last-known address and telephone number; last-known employer; last-known business address and telephone number; and the relationship of said person to you.

**OBJECTION:**    Defendant hereby objects to the relevancy of the information required by this definition, and this definition creates a heavy and pointless burden on defendant. There has been no showing—nor can there be—of any relevance to the issues raised by the plaintiff's complaint to justify requiring the defendant to go to the time and expense of listing home and business addresses and present and last known places of employment for each and every natural person or corporate entity which may be referenced in defendant's compliance with these Interrogatories and Requests for Production.

I.    The term "IDENTIFY" with respect to a DOCUMENT means to provide such document's date of origination; the person originating it; its current location; the person in whose possession or under whose control the document is; and the relationship of said person to you.

J.    The term "FIDUCIARY" shall have the meaning given to it under ERISA Section 3 (21)(A).

K.    The term "ADMINISTRATOR" shall have the meaning given to it under ERISA Section 3 (16)(A).

L.    The term "PARTICIPANT" shall have the meaning given to it under ERISA Section 3 (7).

M.    The term "PERSON" (use in the plural or singular) shall have the meaning given to it under ERISA Section 3 (9).

N.    The terms "WEBSTER INSURANCE" and "WEBSTER INSURANCE, INC." shall mean Webster Insurance, Inc. or any of its parents, subsidiaries, or predecessors, including but not limited to Webster Financial Corporation and Damman Associates, Inc.

O.    The term "PERSONNEL FILE" shall have the meaning given to it under Conn. Gen. Stat. Section 31-128a (3).

## INTERROGATORIES

1.    Please identify all persons with information related to your defense of this action.

**OBJECTION:**    Notwithstanding Defendant's objection to Definition H above, the Defendant responds as follows:

a.    **Daniel M. Carter**        Business:    914 Hartford Turnpike
      **Senior Vice President**              P.O. Box 6003
      **Webster Insurance**                  Waterford, CT 06385
                                             (860) 444-3930

Daniel Carter is a former trustee of the Profit Sharing and 401(k) plans. He is a former owner of the Levine Agency, as well as a former owner of Retirement Planning Associates, Inc., which was the third party administrator of the Profit Sharing Plan.

b.    **Gerald U. Levine**        Business:    914 Hartford Turnpike
      **Executive Vice President**           P.O. Box 6003
      **Webster Insurance**                  Waterford, CT 06385
                                             (860) 444-3902

Gerald Levine is a former trustee of the Profit Sharing and 401(k) plans. He is a former owner of the Levine Agency.

c.    **Michael T. Levine**       Business:    Michael Levine Agency  -
                                               New London, CT

Michael Levine, who is the plaintiff's father, is a former owner of the Levine Agency, as well as a former owner of Retirement Planning Associates, Inc. He is also a former trustee of the Profit Sharing Plan.

d.    **Andrew Levine**           Business:    Heeden Insurance
                                               65 Boston Post Road
                                               Waterford, CT 06385
                                               (860) 447-3111

Andrew Levine is the plaintiff's cousin and is not employed by Webster Insurance.

e.    Celeste Calabria          Business:    914 Hartford Turnpike
      Account Manager                        P.O. Box 6003
      Webster Insurance                      Waterford, CT 06385
                                             (860) 444-3900

Celeste Calabria is currently employed by Webster Insurance and is a former
employee of Retirement Planning Associates, Inc., where she was responsible
for the administration of the Profit Sharing and 401(k) Plans in the technical
and clerical sense. She worked under the supervision of Daniel Carter.

f.    Joseph Cushner           Business:    Unknown

Joseph Cushner was a former Comptroller of the Levine Agency during the
relevant period of time.

g.    David Pugliese           Business:    914 Hartford Turnpike
                                            P.O. Box 6003
                                            Waterford, CT 06385
                                            (860) 444-3904

David Pugliese is currently employed by Webster Insurance and was formerly
employed by Levine Agency, where he was responsible for general business
and employment decisions.

h.    Anthony Martone          Business:    112 South Turnpike Road
                                            Wallingford, CT 06492
                                            (203) 741-3515

Anthony Martone is currently employed by Webster Insurance and was
formerly employed by the Levine Agency as its Comptroller from 1985 - 2000.

i.    John Crown               Business:    Unknown

2.    Please identify all persons who were fiduciaries of the Profit Sharing Plan

between 1980 and 1992.

ANSWER:    Michael T. Levine
           Herbert Levine
           Daniel M. Carter
           Gerald U. Levine

3.   Please identify all persons who were Administrators of the Profit Sharing

Plan between 1980 and 1992.

**ANSWER:**   The Administrator of the Profit Sharing Plan from 1980-1992 was
Louis Levine Agency, Inc. The technical administration was handled by Retirement
Planning Associates, Inc., which was a third party administrator. Retirement
Planning Associates, Inc. was owned by three of the six owners of the Louis Levine
Agency, Inc. Specifically, Celeste Calabria, who is currently a Webster Insurance
employee, administered the plan in the technical and clerical sense of the word
"Administrator". She worked under the supervision of Daniel Carter.

4.   Please describe in detail the services, if any, performed by Daniel M. Carter

with respect to the Profit Sharing Plan between 1980 and 1992.

**ANSWER:**   Daniel Carter was co-owner of Retirement Planning Associates, Inc.,
along with Michael Levine and Herbert Levine. Daniel Carter became President of
Retirement Planning Associates, Inc. around 1990, when Michael Levine retired. As
stated above, Retirement Planning Associates, Inc. was the third party administrator
of the Profit Sharing Plan. Daniel Carter, as owner, was responsible for delegating
the technical and clerical administration of the Profit Sharing Plan to Celeste
Calabria. Specifically, such delegated duties included the determination of eligibility
for participation in the Plan, determination of contribution allocations, filing of
Forms 5500 and 1099 Rs, as well as drafting summary annual reports.

5.   Please state the dates you claim Barry Levine was an employee of the

Levine Agency.

**ANSWER:**   Plaintiff was employed by the Levine Agency from April 1, 1975 until
January 1, 1993, when he ceased employment with the Levine Agency pursuant to the
Employment Agreement dated January 1, 1993. Plaintiff was never employed by
Webster Insurance.

6. What reason, if any, do you claim Barry Levine gave for his decision to sign waivers of participation in the Profit Sharing Plan between 1980 and 1992?

**ANSWER:** **Plaintiff executed waivers of participation in the Profit Sharing Plan between 1980 and 1992 because he was experiencing personal financial hardship and desired to receive cash in lieu of a contribution to his Profit Sharing Plan account. Plaintiff's election to waive his right to contributions was made when his father, Michael Levine, knowing of his son's financial status, allowed and encouraged him to take his contribution as taxable income, instead of receiving a contribution to the Plan.**

7. Identify each person with knowledge related to your response to interrogatory number 6, above.

**ANSWER:** **Michael T. Levine**
**Gerald U. Levine**
**Daniel M. Carter**
**Andrew Levine**
**Joseph Cushner**
**Celeste Calabria**
**Stephanie Levine**

8. Do you claim Barry Levine executed waivers of participation in the Profit Sharing Plan for each year between 1980 and 1992?

**ANSWER:** **Yes.**

9. If you answer to the preceding interrogatory is "no", state which years you claim he did not execute such waivers.

**ANSWER:** **N/A**

10. Identify each Profit Sharing Plan Participant who executed waivers of participation between 1982 and 1990.

OBJECTION:    This interrogatory seeks confidential information and the disclosure of the identity of any such employees would violate the Connecticut personnel files statute. Furthermore, the identity of any employee who waived participation is irrelevant to the plaintiff's claims.

11.    Please state the amount and description of each item of compensation paid

by the Levine Agency between 1980 and 1992 to Daniel M. Carter, Andrew Levine, Barry

Levine, Gerald Levine, Herbert B. Levine, and Michael T. Levine.

OBJECTION:    This interrogatory is vague and ambiguous, excessively broad and burdensome. It is also irrelevant, as any amount of compensation paid by the Levine Agency to Daniel M. Carter, Andrew Levine, Gerald Levine, Herbert B. Levine and Michael T. Levine has no bearing on the plaintiff's claims. Furthermore, the disclosure of such information would violate the Connecticut personnel files statute. Notwithstanding this objection, responsive documents pertaining to the plaintiff will be provided at a mutually convenient time and place.

12.    Please describe in detail how between 1980 and 1992 the Levine Agency

determined the annual compensation of Daniel M. Carter, Andrew Levine, Barry Levine,

Gerald Levine, Herbert B. Levine, and Michael T. Levine.

ANSWER:    The annual compensation for the above-named individuals was not determined according to any set hierarchy. Annually, Michael Levine and Herbert Levine determined their own salaries and then set Daniel Carter and Gerald Levine's salary a step lower. Andrew Levine and plaintiff's salary was then determined at some amount that was less than Daniel and Gerald's salary. The process was quite informal and there were no written agreements during years of active employment.

Once they determined the salary amounts, Michael Levine and Herbert Levine would then determine what would be allocated to the employees as contributions to the Profit Sharing Plan, and finally, would divide any remaining profit and designate such amounts as bonuses. The portion of income that was a bonus would be included in the respective employee's W-2, along with wages and any amount received as cash in lieu of a contribution to the Profit Sharing Plan.

13.    Between 1980 and 1992 do you claim that Barry Levine received additional

compensation in lieu of contributions to the Profit Sharing Plan?

**ANSWER:** Yes.

14. If the answer to the preceding interrogatory is "yes" state for each year between 1980 and 1992 what additional compensation you claim Barry Levine received in lieu of contributions to the Profit Sharing Plan and how such additional compensation was computed.

**ANSWER:** **Responsive documents will be provided at a mutually convenient time and place.**

15. What is the relationship between Webster Insurance, Inc. and the Levine Agency?

**OBJECTION:** **This interrogatory is irrelevant; notwithstanding Defendant's objection to the relevancy of this interrogatory, however, the Defendant responds as follows: Levine Agency is a wholly-owned subsidiary of Webster Insurance.**

16. Identify each person in possession of documents that constitute the personnel files of Levine Agency employees.

**ANSWER:** **Ms. Joanne Niski**
**Webster Bank**

17. Identify each person in possession of documents related to the administration of the employee benefit plans of the Levine Agency.

**ANSWER:** **Ms. Celeste Calabria**
**Webster Insurance**

CARMODY & TORRANCE  ..  30 Leavenworth Street    9
Attorneys at Law            Post Office Box 1110
                            Waterbury, CT 06721-1110
                            Telephone: 203 373-1200

## REQUESTS FOR PRODUCTION

1.     Please produce all documents related to your defense of this action.

**OBJECTION:**     This interrogatory is vague and ambiguous, and excessively broad. Notwithstanding such objections, responsive documents are either attached hereto, have previously been produced in connection with plaintiff's administrative claim for benefits, or copies are to follow under separate cover.

2.     Please produce all documents related to Webster Insurance's acquisition of the Levine Agency that refer to Barry Levine.

**OBJECTION:**     This interrogatory is vague and ambiguous, excessively broad and irrelevant. Notwithstanding Defendant's objections, see response to Request 9.

3.     Please produce all documents related to the Profit Sharing and 401(k) plan that refer to Barry Levine.

**OBJECTION:**     This interrogatory is vague, ambiguous, and excessively broad. Notwithstanding, any and all responsive documents have previously been produced in connection with plaintiff's administrative claim for benefits.

4.     Please produce all documents related to the Profit Sharing Plan that reflect account balances and contributions for the years 1980-1992 for Daniel M. Carter, Andrew Levine, Barry Levine, Gerald Levine, Herbert B. Levine, and Michael T. Levine.

**OBJECTION:**     This request is vague and ambiguous, excessively broad and burdensome. This request seeks confidential information and the disclosure of such information would violate the Connecticut personnel files statute. Notwithstanding such objections, responsive documents pertaining to the plaintiff will be provided at a mutually convenient time and place.

5.     Please produce all documents related to your answers to interrogatories 6, 8, 9, 13 and 14 above.

**ANSWER:**   a.     As to Interrogatory 6, there are no responsive documents.

              b.     As to Interrogatory 8, responsive documents have been previously produced in connection with plaintiff's administrative claim for benefits.

              c.     As to Interrogatory 13, responsive documents will be provided at a mutually convenient time and place.

              d.     As to Interrogatory 14, responsive documents will be provided at a mutually convenient time and place.

CARMODY & TORRANCE LLP    50 Leavenworth Street    10
Attorneys at Law          Post Office Box 1110
                        Waterbury, CT 06721-1110
                        Telephone: 203 573-1200

6. Please produce all documents that constitute or contain statements from witnesses related to this case.

**OBJECTION:** This interrogatory is vague and ambiguous, excessively broad and burdensome in that it seeks confidential information protected by the attorney-client privilege or documents are attorney work product and, as such, are not discoverable. Notwithstanding such objections, defendant possesses no responsive documents.

7. Please produce all Form 5500 and Form 5500 –C/R forms for the Profit Sharing Plan generated from 1980 to date.

**OBJECTION:** Defendant hereby objects to this request in so far as it pertains to years after 1992, which is the year the plaintiff ceased employment with the Levine Agency. Forms for any year prior to 1980 and subsequent to 1992 are irrelevant and beyond the scope of this claim. Notwithstanding such objection, forms filed for years 1985 through 1992 are attached hereto, however, forms filed for years 1980 through 1984 will be forwarded under separate cover.

8. Please produce any documents constituting or reflecting agreements concerning the annual compensation paid by the Levine Agency to Daniel M. Carter, Andrew Levine, Barry Levine, Gerald Levine, Herbert B. Levine, and Michael T. Levine between 1980 and 1992.

**OBJECTION:** Defendant objects to this request in that it seeks confidential information, the disclosure of which would violate the Connecticut personnel files statute. Notwithstanding such objections, responsive documents pertaining to the plaintiff have previously been produced in connection with plaintiff's administrative claim for benefits.

9. Please produce the Stock Purchase Agreement dated February 1, 2000, the parties to which included Webster Insurance and the Levine Agency and any drafts of such Agreement generated prior to the version finally executed.

**ANSWER:** Defendant objects to the production of the Stock Purchase Agreement and any drafts of the same prior to the final version, as such documents are irrelevant and are not reasonably calculated to lead to the discovery of admissible evidence. Such request does not contain any information directly related to plaintiff's contributions, the waivers he executed, his employment status, or his eligibility to participate in the 401(k) plan. Notwithstanding the such objections, attached hereto

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
11

is Schedule 3.24 to such document pertaining to "Obligations to Certain Parties" and Schedule 3.11 entitled "No Material Undisclosed Liabilities," which are the only portions of such agreement that relate in any way to the plaintiff.

THE DEFENDANT,
WEBSTER INSURANCE

By: Kristi D. Aalberg, Esq.

For: Carmody & Torrance LLP
50 Leavenworth St., P.O. Box 1110
Waterbury, CT 06721-1110
(203) 575-2622
Federal Bar No. ct23970
Its Attorneys

CARMODY & TORRANCE LLP
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

12

## CERTIFICATION

**THIS IS TO CERTIFY** that a copy of the foregoing was sent via Federal Express, as well as by facsimile on the 24th day of June, 2003, to:

**Thomas G. Moukowsher, Esq.**
Moukawsher & Walsh, L.L.C.
328 Mitchell Street
P.O. Box 966
Groton, CT 06340

**Charles F. Corcoran, III**
Carmody & Torrance LLP
195 Church Street, P.O. Box 1950
New Haven, CT 06509-1950
(203) 777-5501

Kristi D. Aalberg

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
13

## DEFENDANT'S VERIFICATION

I, ~~Greg~~ *Gregory S.* Madar, Senior Vice President, Treasurer of Webster Insurance, Inc., do hereby certify that I have reviewed the above Interrogatories and Requests for Production and responses thereto, and that it is true and accurate to the best of my knowledge and belief.

~~Greg Madar~~ *Gregory S. Madar*
Senior Vice President, Treasurer
Webster Insurance, Inc.

Subscribed and sworn to before me this __24th__ day of June, 2003.

Notary Public
My Commission Expires: __11/30/2004__

EXHIBIT 2

Law Offices

## Moukawsher & Walsh, L.L.C.

Joseph E. Moukawsher
Michael J. Walsh
Thomas G. Moukawsher
D. Lincoln Woodard
Ann Walsh Henderson
Ian O. Smith

21 Oak Street
Suite 100
Hartford, CT 06106
(860) 278-7000
___
Fax (860) 548-1740

Reply to:

**Hartford**

December 18, 2003

**VIA FACSIMILE ONLY**
**(203) 575-2600**
Kristi D. Aalberg, Esq.
Carmody & Torrance, LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110

> RE: Barry Levine v Webster Insurance
> 3:03 CV 148 (SRU)

Dear Kristi:

In reviewing the numerous letters and e-mails we exchanged concerning both parties' responses and objections to interrogatories and document requests, I have discovered that we did not fully address defendant's June 24, 2003 response to plaintiff's April 24, 2003 Request for Production Number Nine:

> **Please produce the Stock Purchase Agreement dated February 1, 2000, the parties to which included Webster Insurance and the Levine Agency and any drafts of such Agreement generated prior to the version finally executed.**

In response, defendants produced Schedules 3.11 and 3.24 to such Agreement, but objected to all other portions of the Agreement, stating that all portions other than the Schedules supplied are "irrelevant and are not reasonably calculated to lead to the discovery of admissible evidence." Plaintiff disagrees, as the information contained in such documents is directly related (and hence relevant) to the extent of defendant's liability for the actions surrounding Mr. Levine's claims.

328 Mitchell Street, Groton, CT 06340, (860) 445-1809, fax (860) 446-8161

*Moukawsher & Walsh, L.L.C.*

Kristi Aalberg, Esq.
December 18, 2003
PAGE TWO

     The discovery period is drawing to a close at the end of the month, and any motion to compel, should such course be necessary, would need to me filed by Mr. Levine before December 30. Mr. Levine would therefore appreciate a prompt response articulating defendant's willingness to produce such documents.

                           Very truly yours,

                           Ian O. Smith

ios/tba