UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BARRY LEVINE | : | CIVIL ACTION NO. |
| | : | 3:03 CV 148 (SRU) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| WEBSTER INSURANCE | : | |
| | : | |
| Defendant | : | MARCH 3, 2004 |

## PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME

Plaintiff, Barry Levine ("Levine"), objects to Defendant Webster Insurance's ("Webster") February 27, 2004 Motion for Extension of Time with respect to the dispositive motion filing deadline, the joint trial memorandum deadline, and the date for trial readiness. Webster found it necessary to file its Motion not because of any unavoidable scheduling conflicts or complications in the case, but because of its own procrastination in serving its Requests for Admission Directed to Plaintiff dated February 20, 2004. If granted, the Motion will lead to an unnecessary prolonging of the resolution of Levine's claims, which could have been avoided had Webster not waited until one week before the dispositive motion deadline to serve its Requests. Levine therefore respectfully requests that Webster's Motion be denied.

On February 27, 2004, Webster moved for an extension of time in which it requested that the Court:

> [O]rder that (1) any and all dispositive motions shall be filed on or before the thirtieth (30th) day following the later of either: (a) the Plainitff's admissions to Defendant's Requests for Admissions Directed to Plaintiff dated February 20, 2004; or (b) the resolution of any dispute concerning [Defendant's Requests]; (2) if no dispositive motions are filed, the joint trial memorandum shall on or before [sic] the thirtieth (30th) day following the later of (a) or (b) above, and if any dispositive motion is filed, such joint trial memorandum will be filed on or before the thirtieth (30th) day following the Court's ruling on such motion(s); and (3) the

case will be ready for trial within sixty (60) days of the filing of the joint trial memorandum.

The deadlines for this case have already been extended twice. Most significant, however, is the fact that Webster's deposition of Levine was concluded on the afternoon of December 23, 2003, and Webster waited nearly two months (59 days) to serve upon Levine its February 20, 2004 Requests. It is likely that Levine will object to some of Webster's requests, and, assuming such objections are made by Levine, parties would then engage in discussions in an attempt to work out their disagreements, hence extending by an unknown span the date by which Webster would ultimately file its dispositive motion. Had Webster served such Requests more promptly following Webster's final deposition in December (by early January, for example), any dispute which occurred between parties would have likely been resolved by the February 27, 2004 dispositive motion deadline, as parties would have cooperated with such deadline in mind.

Webster requests additional time to file its dispositive motion because of its delay in serving upon Levine its Requests for Admissions Directed to Plaintiff dated February 20, 2004. If their Motion is granted, this case will be delayed further. Levine therefore respectfully requests that Webster's Motion be denied.

THE PLAINTIFF: BARRY LEVINE

By    /s/ Ian O. Smith
Thomas G. Moukawsher (ct08940)
Ian O. Smith (ct24135)
Moukawsher & Walsh, LLC
328 Mitchell Street, PO Box 966
Groton, CT 06340
(860) 445-1809
His Attorneys

**CERTIFICATION:**

A copy of the foregoing has been mailed, postage prepaid, to the following counsel and pro se parties of record:

Charles F. Corcoran, III
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721

Date:  March 3, 2004          /s/ Ian O. Smith
                                       Ian O. Smith