at D-4. Additionally, "a person may be an ERISA fiduciary to a plan for some purposes, but not for others." See F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1259 (2d Cir. 1987); Leigh v. Engle, 727 F. 2d 113, 133 (7th Cir. 1984); see also 29 C.F.R. § 2509.75-8 at D-4. Finally, parties who perform "ministerial" functions, which are carried out "within a framework of policies, interpretations, rules, practices and procedures made by other persons" are not considered ERISA fiduciaries. 29 C.F.R. § 2509 75-8 at D-2. Here, the only individual with fiduciary capacity in connection with the operation and administration of the Profit Sharing Plan at the times relevant to the plaintiff's claim was Michael Levine, not Daniel Carter.

ERISA § 402(1), codified at 29 U.S.C. § 1102(1), directs that every plan designate a "named fiduciary" with power "to control and manage" the plan. The Profit Sharing Plan in this case complied with this requirement and named particular entities of the Levine Companies as the "Plan Administrator." Such designation is set forth in the Summary Plan Descriptions ("SPDs") distributed to the participants, which clearly designate "Louis Levine Agency, Inc." (see Schedule A to Ex. G), or at the time prior to the date the two plans were merged, "Levine Life Associates, Inc." (id.), as the "Plan Administrator". Moreover, the SPD for the Levine Life Associates, Inc. plan, that was maintained until approximately 1983, expressly states: "The employer is the Administrator of the Plan. The Administrator is responsible for the operation of the Plan . . . [and] has the right to make rules and to make decisions concerning the operation of the plan and the eligibility for benefits." See id. Likewise, the SPD for the Profit Sharing Plan maintained for the remainer of the

{W1288804.2}

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

20

relevant time period expressly states: "Plan Administrator Information . . . Louis Levine Agency, Inc. . . . Your Plan's Administrator keeps the records for the Plan and is responsible for the administration of the Plan. Your Plan's Administrator will also answer any questions you may have about your Plan." Id. Undoubtedly, the Levine Companies was the plan fiduciary and the only person with actual discretion and authority to act on behalf of such fiduciary was Michael Levine, not Daniel Carter.

It was Levine Companies, under the control of Michael Levine, that made the rules for determining participant eligibility and that determined the formula for the contributions to the Profit Sharing Plan. See Ex. C at p. 32-33. Daniel Carter's responsibilities, as the technical and clerical administrator the Profit Sharing Plan, was to apply such rules developed by Michael Levine, prepare the employee communication material, to maintain the Plan records, to calculate the benefits according to the formula established by Michael Levine, and to prepare the annual reports. These duties, however, are purely ministerial and do not rise to the level of fiduciary duties. See 29 C.F.R. § 2509.75-8 at D-2.

Additionally, although both SPDs name Daniel Carter as one of the trustees of the Plan, such SPDs clearly indicate that his responsibility as such trustee is limited to holding and investing Plan assets for the benefit of the Plan participants. Nowhere in the plaintiff's Complaint are any allegations asserted that Daniel Carter engaged in any wrongful conduct with respect to his role as a trustee, the only fiduciary position held by Daniel Carter. Since "a person may be an ERISA fiduciary to a plan for some purposes, but not for others," F.H. Krear & Co., supra, any fiduciary status that Daniel

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

21

Carter may have as a named trustee cannot impute the fiduciary obligations of the Plan Administrator upon him.

In this case, the record amply demonstrates that Daniel Carter was merely a similar situated owner and employee of the Levine Companies along with the plaintiff. Based on the record, it is undisputed that Daniel Carter had no discretion and authority over any matter of the Levine Companies, as Michael Levine, in his own words, made it very clear that he had the sole hand in making all decisions for the Levine Companies. Daniel Carter was merely an employee who took direction from Michael Levine in performing his ministerial duties as the technical and clerical administrator of the Profit Sharing Plan. Daniel Carter's sole duties with respect to the administration of plan were those duties, and, as such, was not a fiduciary. Thus, any statements allegedly made by Daniel Carter to the plaintiff with respect to the plaintiff's waivers were not made in a fiduciary capacity. As a result, the plaintiff's claims grounded in breach of fiduciary duty are misplaced and summary judgment must be entered in Webster's favor.

> 3. **Webster is entitled to summary judgment as to Count One of the plaintiff's Complaint because the alleged statements are not representations of material information, and therefore, do not rise to the level of fraud.**

Assuming, *arguendo,* that Daniel Carter is an ERISA fiduciary, which is adamantly denied, a fiduciary commits fraud in his capacity as a fiduciary if he breaches his duty by making a knowing misrepresentation or omission of a material fact to induce an employee/beneficiary to act to his detriment. See Caputo v. Pfizer, Inc., supra. Under ERISA, "fraud" is the misrepresenting or failing to disclose a

{W1288804;2}
CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
22

material fact that ERISA requires the fiduciary to disclose, and the information misrepresented must be "material" information.

For example, under ERISA, information is "material" if there is a "substantial likelihood" that the misrepresentation "would mislead a reasonable employee in making an adequately informed decision about it and when to retire." Ballone v. Eastman Kodak Co., 109 F.3d 117, 123 (2d Cir. 1997). Similarly, in Caputo, 267 F.3d at 192, the court held that "representations made to the plaintiffs were arguably 'material' because no reasonable employee would have retired after more than 30 years with the company if they only had to wait a few months to receive a 'golden handshake.'"

In this case, the plaintiff merely alleges that Daniel Carter, an individual with no more discretion or authority than the plaintiff over any matter of the Levine Companies, stated to him that other agency owners were "waiving off" and the plaintiff should too. Nothing more, nothing less. However, whether other similarly situated owners were "waiving off" their contributions or not, is not a material fact that a fiduciary is required by ERISA to disclose. No reasonable person would make an investment decision based on such statement, no more than a reasonable person would jump off the Brooklyn Bridge because all similarly situated owners were "jumping off." Thus, even if this Court finds Daniel Carter to be a fiduciary, the alleged statement does not rise to the level of fraud, or a breach of fiduciary duty.

For purposes of this motion, accepting the plaintiff's allegations as true, there is nothing "material" about the alleged statements. Since such statements are not

CARMODY & TORRANCE LLP
Attorneys at Law
{W1288804.2}
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
23

material and do not rise to the level of fraud, neither Webster nor any of its subsidiaries may be held liable for breach of fiduciary duty under ERISA. Therefore, summary judgment in favor of Webster on Count One must be entered.

### C. Webster is entitled to summary judgment as to plaintiff's claim for benefits under the 401(k) Plan.

Webster is entitled to summary judgment on Count Two of plaintiff's Complaint, which sets forth a claim for benefits under the 401(k) Plan that was established approximately three years after the plaintiff was fired from the Levine Companies. Webster's entitlement to summary judgment is first based on the undisputed fact that the plaintiff was not an employee of the Levine Companies at any time during the existence of the 401(k) Plan and, therefore, was not a plan participant eligible to any benefits thereunder. Second, the plaintiff's claim for benefits is untimely and, thus, barred by the statute of limitations. As such, this Court must grant Webster's motion for summary judgment as to Count Two as a matter of law.

#### 1. Plaintiff was not a "participant" in the 401(k) Plan, as defined by ERISA, and therefore, does not have standing to bring such claim.

ERISA § 502(a)(1)(B) states that a civil action may be brought by a "participant or beneficiary . . . to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify such rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). Although the plaintiff claims in his Complaint to be eligible to participate in the 401(k) Plan, the undisputed facts set forth in the record unequivocally indicate that the plaintiff was not an employee of the Levine Companies at any time during the Plan's existence. As a

result, the plaintiff was not an eligible participant of the 401(k) Plan and lacks standing to bring a claim for benefits under ERISA §502(a)(1)(B).

To have standing to bring a claim for benefits under ERISA, one must be a participant or a beneficiary to such benefits. ERISA defines a "participant" as "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer." 29 U.S.C. § 1002(7). ERISA also defines "employee" as "any individual employed by an employer." 29 U.S.C. § 1002(6). Here, the undisputed facts of record clearly indicate the plaintiff did not work for Webster or any of its subsidiaries, or the Levine Companies, at any time after he was fired in the fall of 1992. Therefore, the plaintiff was not an employee under ERISA.

In Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989), the Supreme Court of the United States addressed the issue of who is a "participant" entitled to bring an action under § 1132(a)(1). In that case, the Court found that "the term 'participant' is naturally read to mean either 'employees in, or reasonably expected to be in, currently covered employment ... " (citing Saladino v. I.L.G.W.U. Nat'l Ret. Fund, 754 F.2d 473, 476 (2d Cir. 1985)) or former employees who have a reasonable expectation of returning to covered employment" or who have "a colorable claim" to vested benefits . . . . (citing Kuntz v. Reese, 785 F.2d 1410, 1411 (9th Cir. 1986), cert. denied 479 U.S. 916, 107 S. Ct. 318, 93 L. Ed. 2d 291 (1986)). The Court further stated that "[i]n order to establish that he or she "may become eligible" for benefits, a claimant must have a colorable claim that (1) he or she

{W1288804;2}

CARMODY & TORRANCE LLP
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

25

will prevail in a suit for benefits or that (2) eligibility requirements will be fulfilled in the future." Id. at 117-18; see also Mullins v. Pfizer, Inc., 23 F.3d 663 (2d Cir. 1994).

In this case, it is clear that the plaintiff was no longer an employee, as he was terminated in the fall of 1992. The plaintiff's termination is evidenced by an agreement that was clearly not a bona fide contract for employment. The agreement did not require the plaintiff to perform any services for Levine Companies and the plaintiff never performed any services at Levine Companies after he was terminated. See. Ex. D. In fact, the agreement expressly states that plaintiff may seek employment with another employer. See Ex. K.

This so-called "Employment Agreement" was merely a tool to buy the plaintiff out and sever his relationship with Levine Companies. Importantly, it is undisputed that the plaintiff understood that he was fired and never to return to the Levine Companies. See Ex. D; see also Ex. J. As evidence of such fact, the plaintiff applied for and received unemployment compensation. See Ex. I. Therefore, under no set of circumstances can the plaintiff make even a colorable claim to benefits under the 401(k) plan as an ERISA participant, and summary judgment must be entered in favor of Webster on Count Two of plaintiff's complaint.

>    2.   **The plaintiff's claim for benefits under the 401(k) Plan is untimely and, consequently, barred by the applicable statute of limitations.**

"As ERISA does not prescribe a limitations period for actions under [29 U.S.C.] § 1132, the controlling limitations period is that specified in the most nearly analogous state limitations statute." Cole v. Travelers Ins. Co., 208 F. Supp. 2d

CARMODY & TORRANCE LLP
Attorneys at Law
{W1288804;2}
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
26

248, 252 (D. Conn. 2002)(quoting <u>Miles v. New York State Teamsters Conference Pension & Ret. Fund Employee Pension Benefit Plan,</u> 698 F.2d 593, 598 (2d Cir. 1983)). "The state limitations statute most analogous to ERISA § 502(a)(1)(B) claims for wrongful denial of benefits is that for contract actions. <u>Id.</u> Connecticut's statute of limitations for contracts actions is six years. <u>See</u> Conn. Gen. Stat. § 52-576. That statute provides, in relevant part: "No action for an account, or aon any simple or implied contract, or on any contract in writing, shall be brought within six years after the right of action accrues." Conn. Gen. Stat. § 52-576(a).

Here, the 401(k) Plan was established in 1993. In his deposition, the plaintiff indicated that his father informed him in 1996 that a 401(k) Plan had been established by Levine Companies. The plaintiff also indicated that at that time, his father, acting on his behalf, made a claim to the Levine Companies for benefits due the plaintiff under the 401(k) Plan. The plaintiff further contended that such claim was denied at that time. <u>See</u> Ex. D at pp. 187-88.

In his Complaint dated January 23, 2003, approximately seven years after the plaintiff learned of the 401(k) Plan, and after he was denied the right to participate in such Plan, makes a claim for benefits allegedly due under the 401(k) Plan under §502(a)(1)(B). However, the statute of limitations for such claim is six years under Connecticut contract law. Since approximately seven years passed since the plaintiff was denied participation, the plaintiff's claim for benefits is untimely and, thus, barred by the statute of limitations.

**D.    Webster is entitled to summary judgment on all counts of the plaintiff's Complaint because plaintiff's claims for monetary relief**

{W1288804:2}

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

27

**is nothing more than a claim for money damages as compensation for losses and such damages are barred by ERISA.**

ERISA § 502(a)(3) permits a participant, beneficiary, or fiduciary to sue "(A) to enjoin any act or practice that violates any provision of [ERISA] or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of [ERISA] or the terms of the plan . . . ." 29 U.S.C. § 1132(a)(3).

In determining the propriety of a remedy, we must look to the real nature of the relief sought, not its label. See Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 210 (2002); Mertens v. Hewitt Assocs., 508 U.S. 248, 255 (1993). In this case, although the plaintiff characterizes its claims for monetary damages as claims for "appropriate equitable relief under ERISA §502(a)(3)," the plaintiff essentially seeks compensation for its losses.

Section 502(a)(3), however, permits monetary awards only in very limited circumstances. "Classic compensatory . . . damages are never included within 'other appropriate equitable relief.'" Gerosa v. Savasta & Co., 329 F.3d 317 (2d Cir. 2003), cert. denied 124 S. Ct. 435, 157 L. Ed. 2d 312 (2003), cert. denied 124 S. Ct. 929, 154 L. Ed. 2d 744 (2003)(citing Great-West, supra; Lee v. Burkhart, 991 F.2d 1004, 1011 (2d Cir. 1993)). As such, the plaintiff's claims for monetary damages are inappropriate under ERISA.

The Second Circuit has expressly recognized that the Supreme Court has "repeated its belief that ERISA's express remedies, as the product of long and careful study an compromise, should remain exclusive." Gerosa v. Savasta & Co., 329 F.3d

{W1288804;2}

CARMODY & TORRANCE LLP
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

28

at 322 (citing Rush Prudential HMO, Inc. v. Moran, 536 U.S. 355, 375-76, 122 S. Ct. 2151, 153 L. Ed. 2d 375 (2002); Great-West, 534 U.S. at 209). In Great-West, the Supreme Court held that a plaintiff may seek restitution in equity, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession. Great-West, 534 U.S. at 213. The Court stated that " 'Almost invariably . . . suits seeking . . . to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages', and that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." Id. (quoting Bowen v. Massachusetts, 487 U.S. 879, 918-19 (1988)(Scalia, J., dissenting). Because the funds to which Great-West claimed entitlement to were not in the defendant's possession, Great-West could not seek equitable restitution.

In Gerosa, supra, the Second Circuit acknowledged that "[t]wice in [a] . . . recent term, the [Supreme] Court has repeated its belief that ERISA's express remedies, as the product of long and careful study and compromise, should remain exclusive." Gerosa v. Savasta & Co., 329 F.3d at 322 (citing Rush Prudential, 536 U.S. at 375-76; Great-West, 534 U.S. at 209). The Second Circuit clearly stated that it saw little room in this framework for judicially-created, "interstitial" remedies, and held that there is no remedy available under ERISA to redress the grievance alleged in the plaintiff's complaint. Gerosa, 329 F.3d at 322. Here, because the plaintiff seeks to impose liability on Webster to pay money for plaintiff's losses, rather than seeking

CARMODY & TORRANCE LLP
Attorneys at Law
{W1288804;2}
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
29

compensation from the respective plans, the relief sought is legal, rather than equitable, and is, therefore, not available under ERISA §502(a)(3). Thus, Webster is entitled to summary judgment on all counts of the plaintiff's Complaint.

## V. CONCLUSION

As a matter of law, Webster is entitled to summary judgment because based on the entire record of undisputed facts: (1) it cannot be held liable for the actions and obligations of its legally separate and distinct subsidiaries; (2) the plaintiff's claims are untimely, and, thus, are barred by the applicable statute of limitations; (3) at no point during the relevant time period of the plaintiff's claim was Daniel Carter, a similarly situated owner and employee of the Levine Companies along with the plaintiff, in a fiduciary position, nor do the statements allegedly made by Daniel Carter constitute a misrepresentation of a material fact rising to the level of fraud; (4) the plaintiff was not an employee of Webster, or of any subsidiary of Webster, at any time subsequent to the termination of his employment in the fall of 1992 and was never an eligible participant under the 401(k) plan, and therefore, neither the defendant, nor any of its subsidiaries are liable to the plaintiff for any benefits under the 401(k) plan; and (5) the plaintiff's claim for money damages is not equitable in nature and, thus, is not authorized by ERISA.

For all of the foregoing reasons, Webster is entitled to summary judgment as a matter of law on all counts of plaintiff's Complaint.

THE DEFENDANT,
WEBSTER INSURANCE, INC.

BY: ___/s/ Kristi Aalberg___
Charles F. Corcoran, Esq. (ct02499)
Kristi D. Aalberg, Esq.(ct23970)
Carmody & Torrance LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509
Telephone: (203) 777-5501
Facsimile: (203) 784-3199

{W1288804;2}
CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
31

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on the above date, to:

Thomas G. Moukawsher, Esq.
Moukawsher & Walsh, L.L.C.
328 Mitchell Street
P.O. Box 966
Groton, CT 06340

Ian O. Smith, Esq.
Moukawsher & Walsh, L.L.C.
21 Oak Street
Suite 209
Hartford, CT 06106

Kristi D. Aalberg, Esq.

{W1288804;2}

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

32

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BARRY B. LEVINE | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:03cv148(SRU) |
| v. | : | |
| WEBSTER INSURANCE, INC., | : | |
| Defendants. | : | JANUARY 20, 2003 |

## COMPLAINT

### I. Nature of the Complaint.

The plaintiff, Barry Levine ("Levine"), claims relief for breach of fiduciary duty and wrongful denial of benefits due under the Louis Levine Agency, Inc. Profit Sharing Plan & Trust ("the Profit Sharing Plan") and the Levine Company Salary Savings Plan ("the 401(k) Plan")(or collectively "the Levine Plans"). This claim is being brought against Webster Insurance, Inc. ("Webster") as successor in interest to the Louis Levine Agency, Inc. (the "Levine Agency") in its capacity as a fiduciary of the Levine Plans.

During Levine's employment at the Levine Agency, Levine became the victim of fraudulent conduct by agents of the administrator of the Profit Sharing Plan with respect to contributions required to be made to his Profit Sharing Plan account. For a ten year period, agents of the Profit Sharing Plan administrator failed to make contributions to Levine's Profit Sharing Plan account required under the terms of the Plan. To convince Levine this was acceptable and correct, Levine Agency's retirement agent, Daniel M. Carter ("Carter"), led Levine to believe that he and all other similarly

situated Agency owner were being asked to "waive off" required contributions, and that all other similarly situated Profit Sharing Plan participants both agreed to the "waive off" and were not having contributions made to their accounts. In February of 2002, Levine learned that these representations were false, and that, in fact, he was the only person not receiving the required contributions. The lack of these contributions caused Levine to lose approximately $230,000.00 in contributions to his Profit Sharing Plan account, together with the earnings that he would have accrued thereon to date.

In addition, when in approximately August of 1996, the 401(k) Plan was established, Levine was eligible to participate, but was never apprised of his eligibility and was wrongfully excluded from participation. This deprived Levine of the opportunity to make roughly three years of tax deferred contributions to the 401(k) Plan and lost him the matching amounts that would have had to be paid to his 401(k) account under the terms of the Plan.

By fraudulently inducing Levine to waive contributions to the Profit Sharing Plan, and by barring him from participating in the 401(k) Plan, the Levine Agency breached the fiduciary duty of absolute loyalty it owed to Levine under federal law and deprived him of benefits due under the terms of the 401(k) Plan. Levine seeks lost benefits, declaratory and injunctive relief, restitution and interest thereon, together with attorney's fees and costs.

## II.    Jurisdiction, Venue, and Service of Process.

1.    Plaintiff invokes the jurisdiction of this Court pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq. ("ERISA").

2. Venue in this Court is proper under ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), in that the defendants may be found in this District and the breach took place in this District.

3. Service of process is authorized in any other district where a defendant resides or may be found. ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).

### III. The Parties.

4. At all relevant times, Levine was an employee within the meaning of 29 U.S.C. § 1002(6), and a Plan participant in the Profit Sharing Plan as the term participant is defined in ERISA Section 3 (7), 29 U.S.C. §1002(7).

5. At all relevant times, Levine was also a minority shareholder in the Levine Agency.

6. At all relevant times, the Levine Plans were employee benefit plans as defined in §3(3) of ERISA, 29 U.S.C. §1002(3).

7. At all relevant times, the Levine Agency was sponsor, administrator, and trustee of the Levine Plans.

8. The Levine Agency, acting principally through its agent, Daniel Carter, exercised discretionary authority in the administration of the Plan and was, accordingly, at all times relevant hereto, a "fiduciary" of the Plan as that word is defined in §3(21) of ERISA, 29 U.S.C. §1002(3)

9. The defendant, Webster Insurance, Inc., is the sole successor in interest to the Levine Agency by virtue of its acquisition of all Levine Agency assets and liabilities in 2001.

### IV. Statement of Facts.

3

10. Levine was an employee of the Levine Agency from April 1, 1975 to December 31, 1999.

11. Levine received a salary from the Levine Agency continuously during his years of employment there.

12. In each year between 1980 and 1992, the Levine Agency failed to make contributions to Levine's Profit Sharing Plan account required under its terms.

13. The contributions were not made because, on or about the month of December of each year (except in 1985 when it occurred in March), at the Levine Agency offices in Waterford, Connecticut, Carter, the Levine Agency's agent for retirement plan issues, knowingly, intentionally and falsely told Levine that all of the agency owners had agreed to "waive off" their contributions to the Profit Sharing Plan and that, for this reason, he should do the same.

14. In reasonable reliance on what he was told by Carter, Levine signed numerous waiver and "blanket waiver" forms, waiving off his contributions to the Profit Sharing Plan and no contributions were made to his account.

15. Levine discovered in February 2002 that Carter's representations were false when he received a copy of a Reallocation of Earnings document showing that all other similarly situated shareholders received their contributions during the time when Carter convinced him that they were all waiving participation.

16. In approximately August of 1996, when the 401(k) Plan was established, the Levine Agency wrongfully failed to include Levine as a plan participant despite the fact that he met all of the 401(k) Plan criteria for eligibility.

**V. COUNT ONE: Violation of ERISA §404, 29 U.S.C. §1104 (Breach of Fiduciary Duty).**

17. Carter's misrepresentations to Levine, as set forth above, made as an agent of the plan administrator, constituted a breach of fiduciary duty under ERISA §404, unjustly enriching the Levine Agency at Levine's expense.

**VI. COUNT TWO: Violation of ERISA §502(a)(1)(B)(Breach of Plan Terms)**

18. At all relevant times, Levine was entitled to benefits due him under the terms of the 401(k) Plan. The Levine Agency has failed to provide such benefits and, accordingly, Levine is entitled to relief, in the form of the benefits due, under ERISA §502 (a)(1)(B).

WHEREFORE, Levine prays for relief as follows:

   a. An award of benefits under ERISA §502 (a)(1)(B);

   b. Appropriate equitable relief under ERISA Section 502 (a)(3);

   c. Interest at the legal rate;

   d. Attorney's fees pursuant to ERISA Section 502 (g);

   e. Such other and further relief as the Court may deem just.

THE PLAINTIFF

BY _____
Thomas G. Moukawsher (Ct08940)
Ian O. Smith (Ct24135)
Moukawsher & Walsh, LLC
Capitol Place
21 Oak Street
Hartford, CT 06106
(860) 278-7000