# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BARRY LEVINE                                        :
                                                    :
           Plaintiff,                               :     CIVIL ACTION NO.
                                                    :     3:03CV148 (SRU)
V.                                                  :
                                                    :
WEBSTER INSURANCE                                   :
                                                    :     March 25, 2004
           Defendant.                               :

**PLAINTIFF'S RESPONSES TO DEFENDANT'S
FEBRUARY 20, 2004 REQUESTS FOR ADMISSIONS
DIRECTED TO PLAINTIFF**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff, Barry Levine, responds to the following requests to admit.

**DEFINITIONS**

1.    "Plaintiff" refers to Barry Levine or his agents, heirs, or any other person acting on his behalf.

2.    "Levine Agency" refers to Levine Financial Services, Inc. f/k/a Levine Life Associates, Inc. and/or Louis Levine Agency, Inc., and their agents, employees, affiliates, predecessors, successors and assigns.

3.    "Person" means any natural person, corporation, partnership, association, governmental body, or other entity.

without some explanation or qualification, the responding party may admit with qualification." 7 J. Moore, Federal Practice, §36.11[5][a]. "An admission may require qualification when the request is ostensibly true, but the responding party cannot in good faith admit it without some necessary contextual explanation [. . . .]" Id.

**REQUEST NO. 3:** In approximately August of 1992, while the Plaintiff was taking the leave of absence referenced in Request No. 1, he made a phone call to the offices of the Levine Agency and spoke with a female receptionist to inquire as to why he was not receiving his phone calls and/or telephone messages.

**Response:**

Admit, with the following qualification: Plaintiff admits to this Request but makes the clarification that he inquired of two female receptionists why he was not receiving his telephone calls or telephone messages. "If the responding party cannot simply admit the matter stated in the request without some explanation or qualification, the responding party may admit with qualification." 7 J. Moore, Federal Practice, §36.11[5][a]. "An admission may require qualification when the request is ostensibly true, but the responding party cannot in good faith admit it without some necessary contextual explanation [. . . .]" Id.

**REQUEST NO. 4:** In the late summer or fall of 1992, subsequent to the phone call referenced in Request No. 3, the Plaintiff learned that he was not allowed to return to the offices of the Levine Agency.

**Response:**

Admit.

**REQUEST NO. 5:** Subsequent to August of 1992, and subsequent to the telephone call referenced in Request No. 3, the Plaintiff never performed any services in the offices of the Levine Agency or on behalf of the Levine Agency.

3

**Response:**

Deny.

**REQUEST NO. 6:** The Plaintiff and the Levine Agency executed an agreement captioned "Employment Agreement" dated January 1, 1993 (Defendant's Bates #985-989). Exhibit 1 attached hereto.

**Response:**

Admit, with the following qualification: The Employment Agreement was "dated January 1, 1993" only in the sense that its opening sentence states "Agreement made effective as of January 1, 1993." However, it was not signed until February or March of 1995. "If the responding party cannot simply admit the matter stated in the request without some explanation or qualification, the responding party may admit with qualification." 7 J. Moore, Federal Practice, §36.11[5][a]. "An admission may require qualification when the request is ostensibly true, but the responding party cannot in good faith admit it without some necessary contextual explanation [. . . .]" Id.

**REQUEST NO. 7:** In or about 1990 and 1991, the Plaintiff sold to his father, Michael Levine, all of the shares of stock in LLIA, Inc. which the Plaintiff owned.

**Response:**

Admit.

**REQUEST NO. 8:** Subsequent to the transaction(s) referenced in Request No. 7, the Plaintiff's father transferred the stock in LLIA, Inc. that he bought in such transaction(s) to a trust.

**Response:**

Admit.

**REQUEST NO. 9:** The stock referenced in Request No. 7 served as some of the consideration for the agreement referenced in Request No. 6.

**Response:**

Plaintiff can neither admit nor deny the statement contained in this Request due to the ambiguous nature of the phrase "some of the consideration for [ .]" "Parties are not required to admit or deny requests that consist of statements that are vague or ambiguous." 7 J. Moore, Federal Practice, §36.10[6]. See Dubin v. E.F. Hutton, 125, F.R.D. 372, 376 (S.D.N.Y. 1989)(certain requests contained vague and ambiguous wording which did not allow defendant to fairly admit or deny them).

**REQUEST NO. 10:** Subsequent to the purchase of the stock referenced in Request No. 7 by the Plaintiff's father, and subsequent to the stock being transferred to a trust as referenced in Request No. 7, such stock was transferred to LLIA, Inc.

**Response:**

Admit, with the following qualification: Plaintiff admits to the Request above, under the condition that the phrase "such stock was transferred" be changed to "such stock was sold."

Life Associates, Inc. (Defendant's Bates # 8967 – 8978). Exhibit 2 attached hereto.

**Response:**

Admit.

**REQUEST NO. 23:** The Levine Life Associates, Inc. handwritten payroll records for 1983 (Defendant's Bates # 8995 - 9016) reflect a handwritten entry dated December 28, 1983 for "Barry Levine" for check number 1548 in the amount of $1,740, which represented a gross amount of $3,480 less $1,740 of withholdings and such entry lists the words "Pension Moneys" directly to the right of the name "Barry Levine." Exhibit 3 attached hereto.

**Response:**

Admit, with the following qualification: Plaintiff admits to Defendant's Request No. 23 to the extent that the numbers recited in such Request are as they appear on the photocopied ledger sheet referred to (Defendant's Bates #009016). However, Plaintiff cannot admit to such figures as they might appear in the original document because the "3480" figure is written over what appears to be an alteration to the original (or an earlier "generation" photocopy) made with correction fluid at some point. "If the responding party cannot simply admit the matter stated in the request without some explanation or qualification, the responding party may admit with qualification." 7 J. Moore, Federal Practice, §36.11[5][a]. "An admission may require qualification when the request is ostensibly true, but the responding party cannot in good faith admit it without some necessary contextual explanation [. . . .]" Id.

**REQUEST NO. 24:** The Plaintiff executed a waiver dated December 15, 1980, in which the Plaintiff waived his participation in the Profit Sharing Plan for the 1980 plan year (Defendant's Bates # 835). Exhibit 4 attached hereto.

**Response:**

10

Employer, until such time as I specifically revoke it by delivering such revocation in writing to the Employer before January 1st of the year of revocation." (Defendant's Bates # 842).  Exhibit 8 attached hereto.

**Response:**

Admit.

**REQUEST NO. 29:**  The Plaintiff executed a waiver dated December 28, 1987 in which the Plaintiff waived his participation in the Profit Sharing Plan for the 1987 plan year (Defendant's Bates # 954).  Exhibit 9 attached hereto.

**Response:**

Admit.

**REQUEST NO. 30:**  The Plaintiff received taxable income in lieu of a contribution in 1980, 1981, 1982, 1983, 1984, 1985, 1987, and 1988.

**Response:**

Deny, partially.  Plaintiff denies receiving taxable income for the years 1980, 1981, 1982, 1983, 1984, 1985, and 1988.  Plaintiff cannot recall whether he received taxable income in lieu of a contribution for the year 1987, and therefore can neither admit nor deny Request No. 30 with respect to 1987.  'A responding party may choose not to deny the request completely, but to deny only part of the request." 7 J. Moore, Federal Practice, §36.11[5][b].

**REQUEST NO. 31:**  The Plaintiff received a $20,000 contribution to his profit sharing plan account for the 1986 plan year and a $3,575.57 contribution to his profit sharing plan account for the 1989 plan year (Defendant's Bates # 960 & 963).  Exhibit 10 attached

12

hereto.

**Response:**

Admit.

**REQUEST NO. 32:** At all relevant times between 1980 and 1992, Michael Levine determined how much the Plaintiff, and all other agency owners, received in salary and bonuses.

**Response:**

Admit.

**REQUEST NO. 33:** The Plaintiff, in his own handwriting, calculated each agency owner's contribution allocation to the Profit Sharing Plan for the 1982 plan year (Defendant's Bates # 924). Exhibit 11 attached hereto.

**Response:**

Deny.

**REQUEST NO. 34:** In the handwritten calculations referenced in Request No. 33, the Plaintiff handwrote the word "Waived" next to his name, as well as by the name of Andrew Levine, but did not handwrite the word "Waived" near any other individual named in such calculations.

**Response:**

Admit, with the following qualification: Plaintiff wrote the word "Waived" next to his

13

THE PLAINTIFF,
BARRY LEVINE

BY: /s/ Ian O. Smith
Thomas G. Moukawsher (ct08940)
Ian O. Smith (ct24135)
Moukawsher & Walsh, LLC
21 Oak Street, Suite 209
Hartford, CT 06106
(860) 278-7000

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid, this 25th day of March, 2004 to:

Kristi D. Aalberg
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110

_Ian O. Smith_
Ian O. Smith
Attorney for Barry Levine

19