# EXHIBIT H

12-19-03c

1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BARRY LEVINE

VS                                          CV 3:03CV148(SRU)

WEBSTER INSURANCE


Deposition of DANIEL CARTER taken in accordance with the Connecticut Practice Book at the Law Offices of Carmody & Torrance LLP, 195 Church Street, New Haven, Connecticut, before Deborah Gentile, LSR, a Licensed Shorthand Reporter and Notary Public, in and for the State of Connecticut on December 19, 2003, at 1:32 p.m.


DEBORAH GENTILE, LSR
LSR NO. 419


DEL VECCHIO REPORTING SERVICES, LLC
PROFESSIONAL SHORTHAND REPORTERS
117 RANDI DRIVE                 100 PEARL STREET, 14th FLOOR
MADISON, CT 06443               HARTFORD, CT 06103-4506
203 245-9583                    800 839-6867


Hartford        Del Vecchio Reporting        Stamford
                   (203) 245-9583

2

Page 1

12-19-03c

A P P E A R A N C E S:

ON BEHALF OF THE PLAINTIFF:

THOMAS MOUKAWSHER, ESQUIRE
MOUKAWSHER & WALSH, L.L.C.
328 MITCHELL STREET, BOX 966
GROTON, CONNECTICUT  06340
860-445-1809

ION O. SMITH, ESQUIRE
MOUKAWSHER & WALSH, L.L.C.
328 MITCHELL STREET, BOX 966
GROTON, CONNECTICUT  06340
860-445-1809

ON BEHALF OF THE DEFENDANT:

CHARLES F. CORCORAN, III, ESQUIRE
CARMODY & TORRANCE LLP
POST OFFICE BOX 1110
50 LEAVENWORTH STREET
WATERBURY, CONNECTICUT  06721
203-575-2622

KRISTI D. AALBERG, ESQUIRE
CARMODY & TORRANCE LLP
POST OFFICE BOX 1110
50 LEAVENWORTH STREET
WATERBURY, CONNECTICUT  06721
203-575-2622

ALSO PRESENT:  GERALD LEVINE
               BARRY LEVINE

Hartford          Del Vecchio Reporting          Stamford
                     (203) 245-9583

3

1                    S T I P U L A T I O N S

2            IT IS HEREBY STIPULATED AND AGREED by and

3    between counsel representing the parties that each party

4    reserves the right to make specific objections at the

Page 2

12-19-03c

11  what's been marked as Exhibit 7 and direct your attention,
12  if you would, please, to Interrogatory Number 6. I'll ask
13  you to read the question and the answer in Interrogatory 6
14  and let me know when you're finished.
15      A   I'm done.
16      Q   Is the answer given there to the best of your
17  knowledge and belief correct?
18      A   Yes.
19      Q   Is it your testimony that in 1980 Barry Levine
20  told you that he was experiencing personal financial
21  hardship and therefore he wanted to receive an extra cash
22  in lieu of his right to contributions?
23      A   No.
24      Q   So in 1980 Barry Levine did not tell you that he
25  was experiencing personal financial hardship and wanted to

48

1   receive extra cash in lieu of this contributions, correct?
2       A   He may have; I have no recollection.
3       Q   You don't recall whether he said that to you or
4   not?
5       A   I do not recall.
6       Q   Do you recall with respect to the year 1980
7   whether Barry Levine discussed with you his desire to
8   waive contributions to the profit sharing plan in exchange
9   for cash bonus payments?
10      A   I do not recall.
11      Q   What about 1981, do you recall for that year?
12      A   I was strictly taking orders from Barry Levine's
13  father, Michael Levine.

12-19-03c

14    Q    So with respect to 1981, you have no
15  recollection of having a conversation with Barry Levine in
16  which he indicated that he wanted to waive off the profit
17  sharing plan contribution in exchange for a cash payment,
18  correct?
19    A    I have no recollection.
20    Q    Do you have a recollection for any of the years
21  1980 to 1992 of Barry Levine having a conversation with
22  you in which he said that he wished to waive off his
23  profit sharing plan contributions in exchange for a cash
24  bonus?
25    A    I was taking orders from Barry Levine's father,

Hartford        Del Vecchio Reporting        Stamford
                  (203) 245-9583

49

1  Michael Levine. I have no direct recollection of that.
2    Q    So your answer to my question is you don't have
3  a recollection of having a conversation with Barry Levine
4  to that effect for any of the years between '80 and '92,
5  correct?
6    A    I have no recollection.
7    Q    Okay. And I take it it's your testimony that --
8  withdrawn.
9        You said you were taking orders from Michael
10  Levine; is that your testimony?
11    A    Yes.
12    Q    What orders do you claim you received from
13  Michael Levine about Barry Levine's profit sharing
14  contributions from '80 to '92?
15    A    The order was generally waive him off.
16    Q    And did this happen in a conversation with

Page 44

12-19-03c

17  Michael Levine each year?
18      A    I don't recall directly.
19      Q    So what can you tell me about these discussions
20  other than generally you were told to waive him off?  What
21  else could you tell me about these discussions?
22      A    Nothing.
23      Q    So we completely exhausted your recollection.
24  All you recall is that you're saying that Michael Levine
25  told you to waive him off and you don't recall anything

                                                              50
1   else, right?
2       A    That's correct.
3       Q    And can you point me to any documents that would
4   be evidence of these instructions from Michael Levine to
5   you?
6       A    No.
7       Q    Mr. Carter, can you -- withdrawn.
8            With the exception of Michael Levine --
9   withdrawn.
10           Is there any person you are aware of who has
11  personal knowledge that the statement in paragraph 6, the
12  answer in paragraph -- withdrawn.
13           Is there any person you could direct me to who
14  would have knowledge concerning the substance of the
15  answer to Interrogatory Number 6 on this exhibit other
16  than Michael Levine?
17      A    Most of the people enumerated in the answer to
18  Question 7.
19      Q    Is it your testimony that, for instance, Gerald

12-19-03c

20  Levine would be able to testify from his personal
21  knowledge that he was aware in 1980 that Barry Levine was
22  experiencing personal financial hardship?
23      A    I can't speak for him, but it's my belief that
24  he would be able to do that.
25      Q    He would be able to testify that he has personal

51
1  knowledge from 1980 that Barry Levine was experiencing
2  personal financial hardship during the year 1980; is that
3  your testimony?
4      A    No.
5      Q    What is your testimony?
6      A    I can't be specific to the year.  I can't
7  testify for him.
8      Q    So should I take it from you that while you're
9  suggesting to me that generally Gerald Levine might have
10 some information on this topic you don't have any personal
11 knowledge as to specific information that he has, do you?
12     A    Other than the fact of discussions between us
13 and the other people on this list.
14     Q    What discussions would he have knowledge about?
15     A    Waiving Barry's participation.
16     Q    In 1980 is it your testimony that you had a
17 discussion with Gerald Levine about Barry Levine's waiver
18 from the -- of the profit sharing plan?
19     A    No.
20     Q    How about for any of the other years, do you
21 have a specific recollection of having conversations with
22 Gerald Levine about any other specific year about Barry

77

JURAT

I have read the foregoing 76 pages and hereby acknowledge the same to be a true and correct record of the testimony.

*Daniel Carter*

DANIEL CARTER

Subscribed and sworn to _Nancy M. Dragoli_.
Before me this _17th_ day of _February_, 2004.

_Nancy M. Dragoli_
Notary Public

My Commission Expires:

Nancy M. Dragoli
Notary Public, State of CT
My Commission Expires May 31, 20_04_

Hartford         Del Vecchio Reporting         Stamford
                   (203) 245-9583

CORRECT PAGE

NAME OF CASE: BARRY LEVINE VS WEBSTER INSURANCE

NAME OF WITNESS: DANIEL CARTER

PAGE LINE          NOW READS                    SHOULD READ

Del Vecchio Reporting
(203) 245-9583