# EXHIBIT I

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BARRY LEVINE                           :
                                       :
        Plaintiff,                     :
                                       :   CIVIL ACTION NO.
                                       :   3:03CV148 (SRU)
V.                                     :
                                       :
WEBSTER INSURANCE                      :
                                       :   MAY 12, 2004
        Defendant.                     :

## PLAINTIFF'S RESPONSES TO DEFENDANT'S MODIFIED AND SUPPLEMENTAL REQUESTS FOR ADMISSIONS DIRECTED TO PLAINTIFF

**REVISED REQUEST NO. 9:** Pursuant to the agreement referenced in Request No. 6, the Plaintiff received a gross weekly payment in the amount of $880.00.

**Response:**
Admit.


**REQUEST NO. 9A:** Pursuant to the agreement referenced in Request No. 6, $543.00 of the gross amount of $880.00 was designated as Plaintiff's wages and the remaining portion of $337.00 was designated as payment for the stock referenced in Request No. 7.

**Response:**
Admit.

**REQUEST NO. 13:** In July of 1994, the Plaintiff applied to the State of Connecticut Unemployment Compensation Commission for unemployment compensation.

**Plaintiff's Revised Response:**
Admit.

**REVISED REQUEST NO. 18:** From time to time, between February 5, 1981 and December 23, 1981, the Plaintiff accessed, opened, looked at, read, reviewed, analyzed, conducted calculations and/or made handwritten entries or notations in the 1981 payroll records for the Levine Agency.

**Response:**
Admit.

**REQUEST NO. 18A:** From time to time, between January 1, 1982 and December 31, 1982 the Plaintiff accessed, opened, looked at, read, reviewed, analyzed, conducted calculations and/or made handwritten entries or notations in the 1982 payroll records for the Levine Agency.

**Response:**
Admit.

**REQUEST NO. 18B:** From time to time, between January 1, 1983 and December 31, 1983 the Plaintiff accessed, opened, looked at, read, reviewed, analyzed, conducted calculations and/or made handwritten entries or notations in the 1983 payroll records for the Levine Agency.

**Response:**
Admit, with the following qualification: During the time that plaintiff's duties at the Levine Agency included making handwritten entries or notations in the payroll records, he did access, open, look at, read, review, analyze, conduct calculations and/or make handwritten entries or notations in such records. However, as soon as such duties ceased (which appear, based on the handwritten records to be sometime in 1983 or 1984), plaintiff would no longer have accessed, opened, looked at, read, reviewed, analyzed, conducted calculations and/or made handwritten entries or notations in the 1983 payroll records for the Levine Agency. "An admission may require qualification when the request is ostensibly true, but the responding party cannot in good faith admit it without some necessary contextual explanation." 7 J. Moore, Federal Practice, §36.11[5][b].

**REQUEST NO. 18C:** From time to time, between January 1, 1984 and December 31, 1984 the Plaintiff accessed, opened, looked at, read, reviewed, analyzed, conducted calculations and/or made handwritten entries or notations in the 1984 payroll records for the Levine Agency.

**Response:**
Admit, with the following qualification: During the time that plaintiff's duties at the Levine Agency included making handwritten entries or notations in the payroll records, he did access, open, look at, read, review, analyze, conduct calculations and/or make handwritten entries or notations in such records. However, as soon as such duties ceased (which appear, based on the handwritten records to be sometime in 1983 or 1984), plaintiff would no longer have accessed, opened, looked at, read, reviewed, analyzed, conducted calculations and/or made handwritten entries or notations in the 1984 payroll records for the Levine Agency. "An admission may

require qualification when the request is ostensibly true, but the responding party cannot in good faith admit it without some necessary contextual explanation." 7 J. Moore, Federal Practice, §36.11[5][b].

**REQUEST NO. 18D:** From time to time, between January 1, 1985 and December 31, 1985 the Plaintiff accessed, opened, looked at, read, reviewed, analyzed, conducted calculations and/or made handwritten entries or notations in the 1985 payroll records for the Levine Agency.

**Response:**
Deny.

**REVISED REQUEST NO. 19:** From time to time, between January 1, 1986 and December 31, 1986, the Plaintiff accessed, opened, looked at, read, reviewed, analyzed and/or made notations in the 1986 computer generated payroll records of the Levine Agency.

**Response:**
Deny.

**REQUEST NO. 19A:** From time to time, between January 1, 1987 and December 31, 1987, the Plaintiff accessed, opened, looked at, read, reviewed, analyzed and/or made notations in the 1987 computer generated payroll records of the Levine Agency.

**Response:**
Deny.

**REQUEST NO. 23** The Levine Life Associates, Inc. handwritten payroll records for 1983 (Defendant's Bates # 8995 - 9016) reflect a handwritten entry dated December 28, 1983 for "Barry Levine" for check number 1548 in the amount of $1,740, which represented a gross amount of $3,480 less $1,740 of withholdings and such entry lists the words "Pension Moneys" directly to the right of the name "Barry Levine." Exhibit 3 attached hereto.

**Plaintiff's Revised Response:**
Admit, with the following qualification: Because of the presence of what appears to be photocopied correction fluid under the entry "3480", Plaintiff admits only that the photocopies of the handwritten payroll records for 1983 supplied to him in connection with his action (Defendant's Bates # 8995 – 9016) (not necessarily the originals or earlier "generation" copies) reflect all handwritten information indicated in Request No. 23 above. "An admission may require qualification when the request is ostensibly true, but the responding party cannot in good faith admit it without some necessary contextual explanation." 7 J. Moore, Federal Practice, §36.11[5][b].

**REVISED REQUEST NO. 30:** The Plaintiff received taxable income in lieu of a contribution to his Profit Sharing Plan account for the 1980 plan year.

**Response:**
Deny.

**REQUEST NO. 30A:** The Plaintiff received taxable income in lieu of a contribution to his Profit Sharing Plan account for the 1981 plan year.

**Response:**
Deny.

**REQUEST NO. 30F:** The Plaintiff received taxable income in lieu of a contribution to his Profit Sharing Plan account for the 1987 plan year.

**Response:**
Plaintiff cannot recall or reasonably ascertain whether he received taxable income in lieu of a contribution to his Profit Sharing Plan account for the year 1987, and therefore can neither admit nor deny Request No. 30F with respect to the 1987 plan year. "The response [to a request for admission] may consist of [a . . . .] Statement of reasons why responding party cannot admit or deny." 7 J. Moore, Federal Practice, §36.11[4].

**REQUEST NO. 30G:** The Plaintiff received taxable income in lieu of a contribution to his Profit Sharing Plan account for the 1988 plan year.

**Response:**
Deny.

**REVISED REQUEST NO. 33:** The Plaintiff, in his own handwriting, wrote a number representing each agency owner's contribution allocation to the Profit Sharing Plan for the 1982 plan year (Defendant's Bates # 924) as shown on the sheet previously attached as Exhibit 11 to Defendant's Requests for Admissions Directed to the Plaintiff dated February 20, 2004.

**Response:**
Admit.

12

**REVISED REQUEST NO. 34:** On the sheet referenced in Request No. 33, the Plaintiff handwrote the word "Waived" next to his name, as well as by the name of Andrew Levine, but did not handwrite the word "Waived" near any other individual named in such sheet.

**Response:**
Admit.

                                                        THE PLAINTIFF,
                                                        BARRY LEVINE

BY:     */s/ Ian O. Smith*
                                                        Ian O. Smith (ct24135)
                                                        Moukawsher & Walsh, LLC
                                                        21 Oak Street, Suite 209
                                                        Hartford, CT 06106
                                                        (860)278-7005
                                                        ismith@mwlawgroup.com