# EXHIBIT 5

Jun-24-2003 15:40   From-CARMODY & TORRANCE         +12035752600            T-339  P.009/016  F-195

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BARRY LEVINE                           :      CIVIL ACTION NO.
                                       :      3:03 CV 148 (SRU)
                Plaintiff,             :
                                       :
        V.                             :
                                       :
WEBSTER INSURANCE                      :      JUNE 24, 2003
                                       :
                Defendant              :

### DEFENDANT'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND PRODUCTION REQUESTS TO DEFENDANT WEBSTER INSURANCE

The plaintiff in the above captioned matter hereby requests that the defendant Webster Insurance respond within thirty (30) days to the following interrogatories and requests for production.

### DEFINITIONS

A.    As used herein, the term "DOCUMENT" or "DOCUMENTS" includes, without limitation, the original or any copies, regardless of origin or location, of any correspondence, book, pamphlet, periodical, letter calendar or diary entry, memorandum, message, telegram, cable, report, record, study, stenographic or handwritten note, working paper or draft, invoice, voucher, check, statement, chart, graph, map, diagram, blueprint, table, index, picture, voice recording, tape, microfilm, data sheet or data processing card or disk or any other written, typed, printed, recorded, transcribed, punched, taped, filmed, photographed or graphic matter, however produced or reproduced, to which you have or have had access, and copies of reproductions of any of the above that differ in any respect from the original, such as copies containing marginal notations or other variations, and all

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

other records or writings, however produced or reproduced, to which you have or have had access. Designated documents are to be interpreted as including all attachments, exhibits, enclosures, appendices and other documents that relate to or refer to such designated documents. The enumeration of various specific items as included within the definition of the word "documents" shall not be taken to limit the generality of this word and the requests herein are directed and intended to obtain all "documents" in the broadest and most comprehensive sense and meaning of this word.

B. The terms "RELATED TO" or "RELATED" mean concerning, referring to, describing, evidencing, or constructing.

C. The term "PROFIT SHARING PLAN" or "PLAN" shall mean the Levine Company Profit Sharing Plan & Trust.

D. The term "the 401k Plan" shall mean the Levine Company Salary Savings Plan.

E. The terms "AND" and "OR" shall be construed disjunctively and conjunctively, the singular shall be deemed to include the plural, all as necessary to make the request inclusive rather than exclusive.

F. The terms "YOU" or "YOUR" shall refer to the Levine Agency.

G. The term "LEVINE AGENCY" shall refer to the Louis Levine Agency, Inc., and/or its agents, employees, affiliates, predecessors, successors and assigns.

H. The term "IDENTIFY" with respect to a person means to provide such person's name; last-known address and telephone number; last-known employer; last known business address and telephone number; and the relationship of said person to you.

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

2

**OBJECTION:** Defendant hereby objects to the relevancy of the information required by this definition, and this definition creates a heavy and pointless burden on defendant. There has been no showing—nor can there be—of any relevance to the issues raised by the plaintiff's complaint to justify requiring the defendant to go to the time and expense of listing home and business addresses and present and last known places of employment for each and every natural person or corporate entity which may be referenced in defendant's compliance with these Interrogatories and Requests for Production.

I. The term "IDENTIFY" with respect to a DOCUMENT means to provide such document's date of origination; the person originating it; its current location; the person in whose possession or under whose control the document is; and the relationship of said person to you.

J. The term "FIDUCIARY" shall have the meaning given to it under ERISA Section 3 (21)(A).

K. The term "ADMINISTRATOR" shall have the meaning given to it under ERISA Section 3 (16)(A).

L. The term "PARTICIPANT" shall have the meaning given to it under ERISA Section 3 (7).

M. The term "PERSON" (use in the plural or singular) shall have the meaning given to it under ERISA Section 3 (9).

N. The terms "WEBSTER INSURANCE" and "WEBSTER INSURANCE, INC." shall mean Webster Insurance, Inc. or any of its parents, subsidiaries, or predecessors, including but not limited to Webster Financial Corporation and Damman Associates, Inc.

O. The term "PERSONNEL FILE" shall have the meaning given to it under Conn. Gen. Stat. Section 31-128a (3).

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

3

## INTERROGATORIES

1.  Please identify all persons with information related to your defense of this action.

**OBJECTION:** Notwithstanding Defendant's objection to Definition H above, the Defendant responds as follows:

a.  Daniel M. Carter       Business:   914 Hartford Turnpike
    Senior Vice President              P.O. Box 6003
    Webster Insurance                  Waterford, CT 06385
                                       (860) 444-3930

    Daniel Carter is a former trustee of the Profit Sharing and 401(k) plans. He is a former owner of the Levine Agency, as well as a former owner of Retirement Planning Associates, Inc., which was the third party administrator of the Profit Sharing Plan.

b.  Gerald U. Levine        Business:   914 Hartford Turnpike
    Executive Vice President             P.O. Box 6003
    Webster Insurance                    Waterford, CT 06385
                                         (860) 444-3902

    Gerald Levine is a former trustee of the Profit Sharing and 401(k) plans. He is a former owner of the Levine Agency.

c.  Michael T. Levine       Business:   Michael Levine Agency
                                        New London, CT

    Michael Levine, who is the plaintiff's father, is a former owner of the Levine Agency, as well as a former owner of Retirement Planning Associates, Inc. He is also a former trustee of the Profit Sharing Plan.

d.  Andrew Levine           Business:   Hedden Insurance
                                        65 Boston Post Road
                                        Waterford, CT 06385
                                        (860) 447-3111

    Andrew Levine is the plaintiff's cousin and is not employed by Webster Insurance.

e.  Celeste Calabria          Business:  914 Hartford Turnpike
    Account Manager                      P.O. Box 6003
    Webster Insurance                    Waterford, CT 06385
                                         (860) 444-3900

Celeste Calabria is currently employed by Webster Insurance and is a former employee of Retirement Planning Associates, Inc., where she was responsible for the administration of the Profit Sharing and 401(k) Plans in the technical and clerical sense. She worked under the supervision of Daniel Carter.

f.  Joseph Cushner            Business:  Unknown

Joseph Cushner was a former Comptroller of the Levine Agency during the relevant period of time.

g.  David Pugliese            Business:  914 Hartford Turnpike
                                         P.O. Box 6003
                                         Waterford, CT 06385
                                         (860) 444-3904

David Pugliese is currently employed by Webster Insurance and was formerly employed by Levine Agency, where he was responsible for general business and employment decisions.

h.  Anthony Martone           Business:  112 South Turnpike Road
                                         Wallingford, CT 06492
                                         (203) 741-3515

Anthony Martone is currently employed by Webster Insurance and was formerly employed by the Levine Agency as its Comptroller from 1985 - 2000.

i.  John Crown                Business:  Unknown

2. Please identify all persons who were fiduciaries of the Profit Sharing Plan between 1980 and 1992.

**ANSWER:** Michael T. Levine
Herbert Levine
Daniel M. Carter
Gerald U. Levine

3. Please identify all persons who were Administrators of the Profit Sharing Plan between 1980 and 1992.

ANSWER: The Administrator of the Profit Sharing Plan from 1980-1992 was Louis Levine Agency, Inc. The technical administration was handled by Retirement Planning Associates, Inc., which was a third party administrator. Retirement Planning Associates, Inc. was owned by three of the six owners of the Louis Levine Agency, Inc. Specifically, Celeste Calabria, who is currently a Webster Insurance employee, administered the plan in the technical and clerical sense of the word "Administrator". She worked under the supervision of Daniel Carter.

4. Please describe in detail the services, if any, performed by Daniel M. Carter with respect to the Profit Sharing Plan between 1980 and 1992.

ANSWER: Daniel Carter was co-owner of Retirement Planning Associates, Inc., along with Michael Levine and Herbert Levine. Daniel Carter became President of Retirement Planning Associates, Inc. around 1990, when Michael Levine retired. As stated above, Retirement Planning Associates, Inc. was the third party administrator of the Profit Sharing Plan. Daniel Carter, as owner, was responsible for delegating the technical and clerical administration of the Profit Sharing Plan to Celeste Calabria. Specifically, such delegated duties included the determination of eligibility for participation in the Plan, determination of contribution allocations, filing of Forms 5500 and 1099 Rs, as well as drafting summary annual reports.

5. Please state the dates you claim Barry Levine was an employee of the Levine Agency.

ANSWER: Plaintiff was employed by the Levine Agency from April 1, 1975 until January 1, 1993, when he ceased employment with the Levine Agency pursuant to the Employment Agreement dated January 1, 1993. Plaintiff was never employed by Webster Insurance.

CARMODY & TORRANCE LLP   50 Leavenworth Street   6
Attorneys at Law   Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

6.  What reason, if any, do you claim Barry Levine gave for his decision to sign waivers of participation in the Profit Sharing Plan between 1980 and 1992?

**ANSWER:** Plaintiff executed waivers of participation in the Profit Sharing Plan between 1980 and 1992 because he was experiencing personal financial hardship and desired to receive cash in lieu of a contribution to his Profit Sharing Plan account; Plaintiff's election to waive his right to contributions was made when his father, Michael Levine, knowing of his son's financial status, allowed and encouraged him to take his contribution as taxable income, instead of receiving a contribution to the Plan.

7.  Identify each person with knowledge related to your response to interrogatory number 6, above.

**ANSWER:**  Michael T. Levine
Gerald U. Levine
Daniel M. Carter
Andrew Levine
Joseph Cushner
Celeste Calabria
Stephanie Levine

8.  Do you claim Barry Levine executed waivers of participation in the Profit Sharing Plan for each year between 1980 and 1992?

**ANSWER:** Yes.

9.  If you answer to the preceding interrogatory is "no", state which years you claim he did not execute such waivers.

**ANSWER:** N/A

10. Identify each Profit Sharing Plan Participant who executed waivers of participation between 1982 and 1990.

CARMODY & TORRANCE LLP   50 Leavenworth Street   7
Attorneys at Law   Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

FROM: Moukawsher & Walsh LLC   FAX NO. : 860-548-1740   Oct. 30 2004 02:26PM P7

**OBJECTION:** This interrogatory seeks confidential information and the disclosure of the identity of any such employees would violate the Connecticut personnel files statute. Furthermore, the identity of any employee who waived participation is irrelevant to the plaintiff's claims.

11. Please state the amount and description of each item of compensation paid by the Levine Agency between 1980 and 1992 to Daniel M. Carter, Andrew Levine, Barry Levine, Gerald Levine, Herbert B. Levine, and Michael T. Levine.

**OBJECTION:** This interrogatory is vague and ambiguous, excessively broad and burdensome. It is also irrelevant, as any amount of compensation paid by the Levine Agency to Daniel M. Carter, Andrew Levine, Gerald Levine, Herbert B. Levine and Michael T. Levine has no bearing on the plaintiff's claims. Furthermore, the disclosure of such information would violate the Connecticut personnel files statute. Notwithstanding this objection, responsive documents pertaining to the plaintiff will be provided at a mutually convenient time and place.

12. Please describe in detail how between 1980 and 1992 the Levine Agency determined the annual compensation of Daniel M. Carter, Andrew Levine, Barry Levine, Gerald Levine, Herbert B. Levine, and Michael T. Levine.

**ANSWER:** The annual compensation for the above-named individuals was not determined according to any set hierarchy. Annually, Michael Levine and Herbert Levine determined their own salaries and then set Daniel Carter and Gerald Levine's salary a step lower. Andrew Levine and plaintiff's salary was then determined at some amount that was less than Daniel and Gerald's salary. The process was quite informal and there were no written agreements during years of active employment.

Once they determined the salary amounts, Michael Levine and Herbert Levine would then determine what would be allocated to the employees as contributions to the Profit Sharing Plan, and finally, would divide any remaining profit and designate such amounts as bonuses. The portion of income that was a bonus would be included in the respective employee's W-2, along with wages and any amount received as cash in lieu of a contribution to the Profit Sharing Plan.

13. Between 1980 and 1992 do you claim that Barry Levine received additional compensation in lieu of contributions to the Profit Sharing Plan?

**ANSWER:** Yes.

14. If the answer to the preceding interrogatory is "yes" state for each year between 1980 and 1992 what additional compensation you claim Barry Levine received in lieu of contributions to the Profit Sharing Plan and how such additional compensation was computed.

**ANSWER:** Responsive documents will be provided at a mutually convenient time and place.

15. What is the relationship between Webster Insurance, Inc. and the Levine Agency?

**OBJECTION:** This interrogatory is irrelevant; notwithstanding Defendant's objection to the relevancy of this interrogatory, however, the Defendant responds as follows: Levine Agency is a wholly-owned subsidiary of Webster Insurance.

16. Identify each person in possession of documents that constitute the personnel files of Levine Agency employees.

**ANSWER:** Ms. Joanne Niski
Webster Bank

17. Identify each person in possession of documents related to the administration of the employee benefit plans of the Levine Agency.

**ANSWER:** Ms. Celeste Calabria
Webster Insurance

CARMODY & TORRANCE LLP   50 Leavenworth Street   9
Attorneys at Law   Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

FROM :Moukawsher & Walsh LLC   FAX NO. :860-548-1740   Oct. 30 2004 02:28PM P2

## REQUESTS FOR PRODUCTION

1. Please produce all documents related to your defense of this action.

**OBJECTION:** This interrogatory is vague and ambiguous, and excessively broad. Notwithstanding such objections, responsive documents are either attached hereto, have previously been produced in connection with plaintiff's administrative claim for benefits, or copies are to follow under separate cover.

2. Please produce all documents related to Webster Insurance's acquisition of the Levine Agency that refer to Barry Levine.

**OBJECTION:** This interrogatory is vague and ambiguous, excessively broad and irrelevant. Notwithstanding Defendant's objections, see response to Request 9.

3. Please produce all documents related to the Profit Sharing and 401(k) plan that refer to Barry Levine.

**OBJECTION:** This interrogatory is vague, ambiguous, and excessively broad. Notwithstanding, any and all responsive documents have previously been produced in connection with plaintiff's administrative claim for benefits.

4. Please produce all documents related to the Profit Sharing Plan that reflect account balances and contributions for the years 1980-1992 for Daniel M. Carter, Andrew Levine, Barry Levine, Gerald Levine, Herbert B. Levine, and Michael T. Levine.

**OBJECTION:** This request is vague and ambiguous, excessively broad and burdensome. This request seeks confidential information and the disclosure of such information would violate the Connecticut personnel files statute. Notwithstanding such objections, responsive documents pertaining to the plaintiff will be provided at a mutually convenient time and place.

5. Please produce all documents related to your answers to interrogatories 6, 8, 9, 13 and 14 above.

**ANSWER:**
   a. As to Interrogatory 6, there are no responsive documents.
   b. As to Interrogatory 8, responsive documents have been previously produced in connection with plaintiff's administrative claim for benefits.
   c. As to Interrogatory 13, responsive documents will be provided at a mutually convenient time and place.
   d. As to Interrogatory 14, responsive documents will be provided at a mutually convenient time and place.

CARMODY & TORRANCE LLP   50 Leavenworth Street   10
Attorneys at Law         Post Office Box 1110
                         Waterbury, CT 06721-1110
                         Telephone: 203 573-1200

FROM :Moukawsher & Walsh LLC    FAX NO. :860-548-1740    Oct. 30 2004 02:28PM P3

Jun-24-2003 15:43   From-CARMODY & TORRANCE           +12035752600           T-339   P.013/016   F-155

6. Please produce all documents that constitute or contain statements from witnesses related to this case.

**OBJECTION:** This interrogatory is vague and ambiguous, excessively broad and burdensome in that it seeks confidential information protected by the attorney-client privilege or documents are attorney work product and, as such, are not discoverable. Notwithstanding such objections, defendant possesses no responsive documents.

7. Please produce all Form 5500 and Form 5500-C/R forms for the Profit Sharing Plan generated from 1980 to date.

**OBJECTION:** Defendant hereby objects to this request in so far as it pertains to years after 1992, which is the year the plaintiff ceased employment with the Levine Agency. Forms for any year prior to 1980 and subsequent to 1992 are irrelevant and beyond the scope of this claim. Notwithstanding such objection, forms filed for years 1985 through 1992 are attached hereto, however, forms filed for years 1980 through 1984 will be forwarded under separate cover.

8. Please produce any documents constituting or reflecting agreements concerning the annual compensation paid by the Levine Agency to Daniel M. Carter, Andrew Levine, Barry Levine, Gerald Levine, Herbert B. Levine, and Michael T. Levine between 1980 and 1992.

**OBJECTION:** Defendant objects to this request in that it seeks confidential information, the disclosure of which would violate the Connecticut personnel files statute. Notwithstanding such objections, responsive documents pertaining to the plaintiff have previously been produced in connection with plaintiff's administrative claim for benefits.

9. Please produce the Stock Purchase Agreement dated February 1, 2000, the parties to which included Webster Insurance and the Levine Agency and any drafts of such Agreement generated prior to the version finally executed.

**ANSWER:** Defendant objects to the production of the Stock Purchase Agreement and any drafts of the same prior to the final version, as such documents are irrelevant and are not reasonably calculated to lead to the discovery of admissible evidence. Such request does not contain any information directly related to plaintiff's contributions, the waivers he executed, his employment status, or his eligibility to participate in the 401(k) plan. Notwithstanding the such objections, attached hereto

CARMODY & TORRANCE LLP   50 Leavenworth Street   11
Attorneys at Law              Post Office Box 1110
                              Waterbury, CT 06721-1110
                              Telephone: 203 573-1200

FROM: Moukawsher & Walsh LLC        FAX NO. : 860-548-1740        Oct. 30 2004 02:29PM P4

Jun-24-2003 15:43   From-CARMODY & TORRANCE   +12035752600   T-339   P.014/016   F-165

is Schedule 3.24 to such document pertaining to "Obligations to Certain Parties" and Schedule 3.11 entitled "No Material Undisclosed Liabilities," which are the only portions of such agreement that relate in any way to the plaintiff.

THE DEFENDANT,
WEBSTER INSURANCE

By: /s/ Kristi D. Aalberg
    Kristi D. Aalberg, Esq.
For: Carmody & Torrance LLP
50 Leavenworth St., P.O. Box 1110
Waterbury, CT 06721-1110
(203) 575-2622
Federal Bar No. ct23970
Its Attorneys

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
12

FROM : Moukawsher & Walsh LLC   FAX NO. : 860-548-1740   Oct. 30 2004 02:29PM P5

Jun-24-2003 15:43   From-CARMODY & TORRANCE   +12035762500   T-339  P.015/016  F-165

## CERTIFICATION

**THIS IS TO CERTIFY** that a copy of the foregoing was sent via Federal Express, as well as by facsimile on the 24th day of June, 2003, to:

Thomas G. Moukawsher, Esq.
Moukawsher & Walsh, L.L.C.
328 Mitchell Street
P.O. Box 966
Groton, CT 06340

Charles F. Corcoran, III
Carmody & Torrance LLP
195 Church Street, P.O. Box 1950
New Haven, CT 06509-1950
(203) 777-5501

/s/ Kristi D. Aalberg
Kristi D. Aalberg

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
13

FROM : Moukawsher & Walsh LLC    FAX NO. : 860-548-1740    Oct. 30 2004 02:29PM P6

Jun-24-2003 15:43 From-CARMODY & TORRANCE +12035752600 T-339 P.016/016 F-195

## DEFENDANT'S VERIFICATION

I, ~~Greg~~ Gregory S. Madar, Senior Vice President, Treasurer of Webster Insurance, Inc., do hereby certify that I have reviewed the above Interrogatories and Requests for Production and responses thereto, and that it is true and accurate to the best of my knowledge and belief.

~~Greg Madar~~ Gregory S. Madar
Senior Vice President, Treasurer
Webster Insurance, Inc.

Subscribed and sworn to before me this 24th day of June, 2003.

Notary Public
My Commission Expires: 11/30/2004

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

14