# EXHIBIT 8

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BARRY LEVINE : CIVIL ACTION NO.
: 3:03 CV 148 (SRU)
Plaintiff, :
:
V. :
:
:
WEBSTER INSURANCE : OCTOBER 3, 2003
:
Defendant :

## DEFENDANT'S SUPPLEMENTAL ANSWER TO PLAINTIFF'S INTERROGATORY 14

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Defendant, Webster Insurance, provides the following supplemental answer to Plaintiff's Interrogatory 14 set forth below:

13. Between 1980 and 1992 do you claim that Barry Levine received additional compensation in lieu of contributions to the Profit Sharing Plan?

**ANSWER:** Yes. [Previously Answered on June 24, 2003]

14. If the answer to the preceding interrogatory is "yes" state for each year between 1980 and 1992 what additional compensation you claim Barry Levine received in lieu of contributions to the Profit Sharing Plan and how such additional compensation was computed.

**ANSWER:** To the best of Defendant's knowledge, based on salary calculations derived from amounts recorded in existing payroll records, to which the Profit Sharing Plan contribution formula used in those years was applied, the amounts listed in the chart below represent the **approximate** amounts allocated as Barry Levine's Profit Sharing Plan contribution for each year between 1980 and 1992. Between 1980 and 1992, Mr. Levine received a cash payment in lieu of his contribution, which was taken as an "additional" taxable bonus, in years 1980-85 and 1988-89. Payroll records reflecting Barry Levine's weekly payments, including checks issued for bonus payments, indicate that Mr. Levine did, in fact, receive an additional bonus, typically made in December each year for which he elected to waive his contribution and receive such cash. The typical practice of the Levine Agency was to "round" the calculated contribution amount up, so any amounts of cash that Mr. Levine received in lieu of a contribution may be reflected in his payroll records in a higher amount than the actual calculated amount of such contribution.

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
W1270459}1

| Year | Annual Compensation (less cash rec'd in lieu of contribution) | Integration Level (used for calculation) | Formula | Computed Allocation | Contribution to Account (or cash) |
|---|---|---|---|---|---|
| 1980 | $32,750.00 | $13,200.00 | 7% of integ.; 9.827046% of all comp. | $4,586.86 | Cash |
| 1981 | $47,810.50 | $13,200.00 | 7% of integ.; 9.5518006% of all comp. | $6,989.50 | Cash |
| 1982 | $65,300.00 | $25,900.00 | 7% of integ.; 10.89407469% of all comp. | $9,871.83 | Cash |
| 1983 | $135,527.27 | -- | 10%-all comp. | $13,552.73 | Cash |
| 1984 | $188,927.27 | -- | 10%-all comp. | $18,892.73 | Cash |
| 1985 | $200,000.00* | -- | 10%-all comp. | $20,000.00 | Cash |
| 1986 | $200,000.00 | -- | 10%-all comp. | $20,000.00 | $20,000.00 |
| 1987 | $200,000.00 | -- | 10.03138% - all comp. | $20,062.76 | Cash |
| 1988 | $200,000.00 | -- | 10%-all comp. | $20,000.00 | Cash |
| 1989 | $178,778.65 | -- | 2% - all comp. | $3,575.57 | $3,575 |
| 1990 | $146,538.51 | -- | -- | ** | N/A |
| 1991 | $109,499.75 | -- | -- | ** | N/A |
| 1992 | $86,444.68 | -- | -- | ** | N/A |

*In 1985, Barry Levine's salary totaled approximately $235,220.00, in 1986 it totaled approximately $225,360.00, in 1987 it totaled approximately $298,170.20, and in 1988 it totaled approximately $418,160.60. However, by law, and as reflected above, the Levine Agency was only allowed to use a maximum salary of $200,000.00 to calculate a participant's annual profit sharing plan account contribution.

** No corporate contribution was made to the profit sharing plan for any plan participant, therefore Barry Levine was not entitled to a contribution or cash in lieu thereof.

Although payroll records pertaining solely to Mr. Levine have been available for his inspection, his counsel indicated that they would await the Court's approval of the Stipulation and Protective Order dated September 30, 2003, in order to avoid a "double" production of a substantial amount of documents. Upon the Court's approval of such protective order, relevant payroll records which shall show that Mr. Levine did in fact receive additional bonuses in lieu of a contribution to his Profit Sharing Plan account, shall be produced to the Plaintiff and his counsel.

THE DEFENDANT,

By: _____Kristi D. Aalberg_____
Kristi D. Aalberg, Esq.
For: Carmody & Torrance LLP
50 Leavenworth St., P.O. Box 1110
Waterbury, CT 06721-1110
(203) 575-2622
Federal Bar No. ct23970
Its Attorneys

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street W(270450)2
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was sent via Federal Express, as well as by facsimile on the 3rd day of October, 2003, to:

Thomas G. Moukawsher, Esq.
Moukawsher & Walsh, L.L.C.
328 Mitchell Street
P.O. Box 966
Groton, CT 06340

Charles F. Corcoran, III
Carmody & Torrance LLP
195 Church Street, P.O. Box 1950
New Haven, CT 06509-1950
(203) 777-5501

Ian O. Smith, Esq.
Moukawsher & Walsh, L.L.C.
21 Oak Street
Suite 209
Hartford, CT 06106
(860) 278-7005

*Kristi D. Aalberg*
Kristi D. Aalberg, Esq.

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street {W1270459} 3
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

## DEFENDANT'S VERIFICATION

I, John Queirolo, President and Chief Executive Officer of Webster Insurance, Inc., do hereby certify that I have reviewed the above Interrogatories and Requests for Production and responses thereto, and that it is true and accurate to the best of my knowledge and belief.

John Queirolo
President and Chief Executive Officer
Webster Insurance, Inc.

Subscribed and sworn to before me this ___ day of October, 2003.

Notary Public
My Commission Expires: 11/30/2004

{W1270450}4