# EXHIBIT 13

# CARMODY & TORRANCE LLP
Attorneys at Law

195 Church Street
Post Office Box 1950
New Haven, Connecticut
06509-1950

Telephone: 203 777-5501
Facsimile: 203 784-3199

Charles F. Corcoran, III

Direct Dial: 203 784-3115
ccorcoran@carmodylaw.com

November 8, 2002

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Thomas G. Moukawsher, Esq.
Moukawsher & Walsh, L.L.C.
328 Mitchell Street
P.O. Box 966
Groton, CT 06340

Re: Hearing of October 22 re Claim of Barry Levine

Dear Mr. Moukawsher:

We write to you on behalf of Mr. Daniel Carter, Administrator of the Louis Levine Agency, Inc. (hereinafter, "Agency") Profit Sharing Plan & Trust and the Levine Companies Salary Savings Plan (hereinafter, "Plans") and Webster Insurance, Inc. By letter dated June 3, 2002 you set forth certain claims of your client Barry Levine for benefits under the Louis Levine Agency, Inc. Profit Sharing Plan & Trust and the Levine Companies Salary Savings Plan. Mr. Levine's claims were denied by letter dated August 21, 2002.

We have previously forwarded to you for Mr. Levine copies of all relevant evidence in our possession which relates to his claims. In correspondence of September 26, 2002 we provided you with photocopies of the materials which we reviewed and on which we relied in denying Mr. Levine's claims, and also indicated what we believe each of those documents establishes. In correspondence of October 4, 2002 we directed your attention to certain evidence forwarded to you which refutes Mr. Levine's claims and which negatively impacts his credibility. For example, we drew your attention to a detailed description in the contemporaneous records of the Agency of the termination of Mr. Levine's employment and the reasons therefor; we also pointed to evidence that Mr. Levine applied for and actually received unemployment compensation during the precise period when he now claims to have been employed by the Agency.

To enable Mr. Levine to submit further written and oral evidence for reconsideration of his claim, Webster granted Mr. Levine a hearing on October 22, 2002. Prior to the hearing, Mr. Levine was invited in writing to produce at the hearing for review and consideration by the Administrator any evidence in his possession to refute the Administrator's previous conclusions that his claim must be denied. Mr. Levine was

{N0694662}

CARMODY & TORRANCE LLP

Thomas G. Moukawsher, Esq.
November 8, 2002
Page 2

specifically asked to bring to the hearing any statement, recording or memorandum of any kind which he contends evidences that during the period at issue he was in fact an employee eligible to participate in the Plans; Mr. Levine was also asked to bring any evidence in his possession which he claims would show that the alleged misrepresentations were in fact made to him.

At the hearing the Administrator heard and considered the various arguments you made on Mr. Levine's behalf. However, you offered on that occasion no further evidence of any kind, and made only one argument in addition to those which you had previously advanced in writing: that, according to an unidentified document allegedly produced by Webster, at one point the Agency dropped Mr. Levine from coverage under its disability insurance and was later "forced to" reinstate him. You claimed at the hearing that this new argument establishes that during the period in question Mr. Levine was in fact an Agency employee (See, Transcript of October 22, 2002, "Claim of Barry Levine – Webster Insurance, Inc., Hearing taken at the offices of Carmody & Torrance..." [hereinafter, "Transcript"] p. 38.) The Administrator disagrees.

### A.     Profit Sharing Plan

You have claimed that during his employment at the Levine Agency Mr. Levine was a participant in the Company's Profit Sharing Plan and that he "became the victim of fraudulent conduct by the Plan administrators" with respect to contributions which you allege were required to be made to his account between 1982 and 1992 under the terms of the Plan, but were not. (Note that Plan documents reveal that Barry Levine's father Michael Levine was a Trustee of this Plan.) The Profit Sharing Plan provides that an employee may, subject to the approval of the Employer, elect not to participate in the Profit Sharing Plan. As Webster has previously indicated to you, records show that Barry Levine waived participation in the Profit Sharing Plan in the form of numerous executed waiver forms for the years in question. Barry Levine also signed blanket waiver forms relating to such participation. Barry Levine also executed releases and indemnifications in connection with his waiver of Profit Sharing Plan contributions.

However, you have claimed that to convince Barry Levine that it was "acceptable and correct" to refrain from making certain contributions to his account, Barry Levine was falsely led to believe that all other similarly situated agency owners were also being asked to "waive off" required contributions, that all of them did so, and that contributions were therefore not made to their accounts, either. More specifically, at the hearing you stated that your client

{N0694662}

CARMODY & TORRANCE LLP

Thomas G. Moukawsher, Esq.
November 8, 2002
Page 3

> "...waived off these contributions because of representations made to him by *Daniel Carter* of [the Levine Agency] that stated that the similarly situated agency owners at... Levine & Company [sic] were waiving off of their contributions and that Mr. Levine should do so, too." (Transcript, 20-21, emphasis supplied)

You further allege that in February of 2002 Barry Levine came to believe that Mr. Carter's alleged representations were false, and that at that same time he concluded that he was the only person in the Agency on whose behalf such contributions were not being made. You claim that Barry Levine has lost approximately $230,000.00 in contributions to his Profit Sharing Plan account, together with earnings which would have accrued thereon.

Mr. Carter, as you know, was present at the proceedings on October 22 and heard your oral claim that he personally had fraudulently advised Mr. Levine that similarly situated Agency owners were waiving their contributions and that Mr. Levine should do so, too. Mr. Carter denies ever having made to Mr. Levine the statement which you attributed to him at the October 22, 2002 hearing, or any similar statement.

The Administrator Daniel Carter finds no evidence of any fraud or misrepresentations to Barry Levine as he has claimed. The Administrator specifically denies that he misled Barry Levine regarding the Plans; and also denies that he told Barry Levine that he and all other similarly situated Agency owners were being asked to "waive off" required contributions; and also denies that Barry Levine was the sole participant waiving such contributions. Further, Barry Levine's claims with respect to the Profit Sharing Plan are unreasonably late and untimely, and the statute of limitations has run on all of Barry Levine's claims respecting the Profit Sharing Plan.

### B.    401(k) Salary Savings Plan

You have also claimed that Plan Administrators "misrepresented to Levine that he was ineligible to participate in the 401k Plan" and thereby deprived Barry Levine of the opportunity to make approximately three years of tax deferred contributions to the 401(k) Salary Savings Plan and lost him the matching amounts that would have had to be paid to his 401(k) Salary Savings account under the terms of that Plan. It is your claim that "because of his status as an employee" Barry Levine was eligible to participate in that Plan.

{N0694662}

CARMODY & TORRANCE LLP

Thomas G. Moukawsher, Esq.
November 8, 2002
Page 4

    Under Article III of the Plan, a copy of which has previously been provided to you, an individual must meet certain eligibility and participation requirements before becoming a member or a participant in the Levine Companies' 401(k) Salary Savings Plan. Barry Levine did not meet those requirements: during the period at issue he was not an "employee" of the Company and he failed to meet the Eligibility Requirements set forth in Article III Sections 1 and 2 and the "Service Rules" set forth in Article VI.

    Further, the Administrator Daniel Carter specifically denies that he misled Barry Levine regarding the Plans, and has found no evidence that any other responsible Plan official did so. Moreover, Barry Levine's claims with respect to the 401(k) Salary Savings Plan are unreasonably late and untimely, and the statute of limitations has run on all of Barry Levine's claims respecting the 401(k) Salary Savings Plan.

    For the foregoing reasons, the Administrator hereby reaffirms his denial of all claims of Barry Levine for benefits, as set forth in your letter of June 3, 2002.

Very truly yours,

Charles F. Corcoran, III

cc:   Mr. Daniel Carter

{N0694662}

```
*************************************************************************
*                           TRANSACTION REPORT                          *
*                                             NOV-14-2002 THU 10:51 AM  *
*                                                                       *
*           FOR:  MOUKAWSHER&WALSH         860 446 8161                 *
*-----------------------------------------------------------------------*
*   RECEIVE                                                             *
*                                                                       *
*   DATE      START      SENDER              PAGES   TIME   NOTE    M#  *
*-----------------------------------------------------------------------*
*   NOV-14   10:49 AM   203 784 3199           5    2'13"   OK         *
*-----------------------------------------------------------------------*
*************************************************************************
```