**EXHIBIT B-1 TO DEFENDANT'S REPLY BRIEF**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

BARRY LEVINE

                      Plaintiff,

V.

WEBSTER INSURANCE

                      Defendant

Civil Action No.
3:03 CV 148 (SRU)

JULY 3, 2003

## PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Barry Levine provides the following answers and objections to Defendant's Interrogatories set forth below:

## BY WAY OF INTERROGATORIES:

### Definitions and Instructions

As used in these Interrogatories, the terms listed below are defined as follows:

1.      **"You"**, **"yourself"** or **"your"** means, even in the context of these definitions, the person answering these Interrogatories and any person on behalf of which such person is answering these Interrogatories.

2.      **"Document"** means any written, recorded or graphic matter however produced or reproduced including, but not limited to, correspondence, telegrams, memoranda, minutes of any meetings, reports, notes, schedules, tabulations, productions, checks, statements, returns,

receipts, work papers, financial calculations and representations, account and diary entries, invoices, inventory sheets, ledgers, journals, trial balances, contracts, agreements, offers, notations of any sort of conversations, analyses, calendars, tape recordings, bulletins, printed matter, computer printouts, electronic mail, teletypes, telefax, photographs and all other writings and recordings, whether or not claimed to be privileged, in your possession, custody or control, or the possession, custody or control of your present or former counsel, agents, and employees and all persons acting on their behalf. **"Document"** includes the original and all drafts and copies which differ in any respect from the original, including but not limited to marginal notations.

3.    **"Information"** shall include all knowledge which you or your present or former attorneys have on the subject of the Interrogatories; all information which they have on such subject; and all facts, reasons, expert opinions, assumptions and bases upon which they rely for the answers to the questions asked by the Interrogatories.

4.    **"Person"** means, even in the context of these definitions, any natural person, corporation, partnership, proprietorship, association, firm, trust, joint venture, team or group of natural persons, or any other entity or organization.

5.    **"Identify"** or **"identity"**, when used with reference to a natural person, means to state to the fullest extent possible his or her full name, present or last known business and residence addresses, current business affiliation and position of employment at the time to which the interrogatory refers.

6.    **"Identify"** or **"identity"**, when used with reference to any person other than a natural person means to state, to the fullest extent possible, the full name and present or last known address of the principal place of business of the corporation, partnership, proprietorship,

association, or other organization to be identified, the legal organization of the person (i.e.
corporation, partnership, etc.) and the law which created the person.

7.      "**Identify**" or "**identity**", when used with reference to a place or location, means
to state to the fullest extent possible the street address, city and state in which it is situated, or if
such identification is not possible, otherwise to describe its location.

8.      "**Identify**" or "**identity**", when used with reference to a document, means (a) to
set forth, as applicable, the date, author and type of document (e.g., letter, memorandum,
telegram, chart, etc.), title and subject matter of the document, or to provide some other means of
identifying it, and to disclose its present location and custodian and to state the names and
addresses of all persons to whom a copy of such a documents was sent; or (b) to set forth the
information that is required by the preceding subparagraph but does not appear on the face of the
document, and to deliver a legible copy of the document to the law offices of Carmody &
Torrance at the time that the answer to the Interrogatory is served and to identify the document in
the answer in a manner that will distinguish it from all other copies of documents delivered at the
same time.

9.      "**Identify**" or "**identity**", when used with respect to a communication, means (a)
to set forth the date and place of such communication; (b) to identify each person who was present
at, involved in, connected with or who participated in such communication; (c) to identify the type
of communication (e.g., telegram, conference, letter, telephone conversation); and (d) to identify
each document reflecting or comprising such communication.

10.     Except when express reference is made to another paragraph, each paragraph
herein shall be construed independently and shall not reference to any other paragraph herein for
purposes of limitation.

11.    To the extent that information sought by any interrogatory can be furnished by reference to the answer furnished to another interrogatory, such practice will be acceptable. However, separate answers should be accorded in all cases, and Interrogatories shall not be joined together and accorded a common answer.

12.    The singular and masculine form of any noun or pronoun shall include, and be read and applied as including, even in the context of these definitions, the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

13.    "**Dates**", "**period**", "**amount**", "**quantity**", "**number**", "**location**", "**place**" and "**value**" mean the approximate date, amount quantity, number, location, place and value if the person answering states he does not know the exact date, period, amount, quantity, number, location, place or value.

14.    When used herein, a request for the "**source**" of information includes all sources of information (whether written or otherwise) and requires:

(a)    In the case of any written source, an identification both of the documents and of the exact portion of the text thereof (which is to be either quoted or identified by each page and line(s) which is alleged to constitute the source of the information); and

(b)    In the case of an oral source, an identification of the speaker and (where known) his address and specification of the circumstances under which the information was communicated.

15.    In the case of Interrogatories having separate parts or subdivisions, each such part or subdivision is to be answered separately and individually.

16.     "**Each**" includes the word "**every**" and "**every**" includes the word "**each**".  "**Any**" includes the word "**all**" and "**all**" includes the word "**any**".  "**Any**" includes the word "**or**" and "**or**" includes the word "**and**".

17.     "**Support**" means to provide a basis for, to tend to support, and/or to be believed to support.

18.     "**Relating to**" or "**relate to**" means directly or indirectly connected with, arising out of, and/or causing or arising as a result of.

19.     **Levine Agency** shall refer to the Louis Levine Agency, Inc. and/or its agents, employees, affiliates, predecessors, successors and assigns.

20.     **Profit Sharing Plan** shall refer to the Louis Levine Agency, Inc. Profit Sharing Plan & Trust or the Levine Life Associates, Inc. Profit Sharing Trust.

21.     **401(k) Plan** shall refer to the Levine Companies Salary Savings Plan.

### Interrogatories

1.     Please identify each person whom the Plaintiff intends to call as a fact witness at the hearings in this matter, and for each such person state:

(a)     the subject matter on which such person is expected to testify;

(b)     the substance of the facts to which such person is expected to testify; and

(c)     identify each document which relates or refers to the subject matter or to any of the facts to which such person is expected to testify.

**ANSWER:**

Objection.  Deadlines for identification of fact witnesses to be called at trial are set forth in the Court's scheduling order.  Neither identification of fact witnesses, the subject matter and substance of their testimony, nor related documents need be stated or identified in response to interrogatories.

2.    Please identify each person whom the Plaintiff intends to call as an expert witness at the hearings in this matter, and for each such person state:

(a)    the subject matter on which such person is expected to testify;

(b)    the substance of the facts to which such person is expected to testify; and

(c)    identify each document which relates or refers to the subject matter or to any of the facts to which such person is expected to testify.

**ANSWER:**

Objection. Deadlines for disclosure of expert witnesses and reports are set forth in the Court's scheduling order. Neither identification of expert witnesses, the subject matter and substance of their testimony, nor related documents need be stated or identified in response to interrogatories.

3.    Please set forth the Plaintiff's entire claim for money damages in the above-captioned action, together with a full exposition of all calculations made in order to arrive at that sum, all assumptions underlying those calculations, and identification of all documents which support or otherwise relate to those assumptions.

**ANSWER:**

Objection. Plaintiff's claim for money damages can be calculated only after analyzing documents recently received, and not yet received, from defendants, and thus cannot be set forth at this time. Furthermore, parties have previously agreed to a deadline for supplying damages analyses, as set forth in parties' March 26, 2003 "Form 26(F) Report of Parties Planning Meeting."

4.     Please identify, separately as to each said alleged misrepresentation, all documents and any other evidence of which the Plaintiff is aware which he believes supports or counters any claim he has made that his reliance on all alleged misrepresentations of Defendant was reasonable.

**ANSWER:**

Objection.    This interrogatory is overbroad, unduly burdensome, vague, and ambiguous.  Countless documents created by Daniel Carter, other Levine Agency owners and employees, and Barry Levine over the course of the latter's many years at the Levine Agency could be construed as evidence which would support the reasonableness of Barry Levine's reliance on defendant's misrepresentations.  Mr. Levine has no documents or evidence which he believes counters his claim that his reliance on defendant's misrepresentations was reasonable.

5.     Please set forth each and every reason, personal, professional, financial, health, etc., which the Plaintiff claims motivated his decision to cease employment with the Levine Agency at the time when he elected to do so, and identify all documents and other evidence which relate thereto.

**ANSWER:**

Barry Levine never decided to cease employment with the Levine Agency.  He was an employee of the Levine Agency directly from college in 1975 through December 31, 1999. After Barry Levine's employment ended on December 31, 1999, pursuant to the terms of an employment agreement, he attempted to remain employed with Webster Insurance, but was not offered employment.

6.     Please identify as precisely as possible the representations which the Plaintiff claims were made, whether written or oral, with regard to his execution of any and all waivers he signed in which he received cash in lieu of a contribution to his Profit Sharing Plan account, which he believes supports or counters any claim he has made that his reliance on all alleged misrepresentations of Defendant was reasonable by identifying:

(a)     the person or persons who participated therein;

(b)     all persons who witnessed the said communication;

(c)     where he was physically located at the time of said communication;

(d)     the activity in which he was engaged at the time of said communication;

(e)     the date or dates and time or times of said communication;

(f)     the specific manner and form of the communication(s), e.g., telephone call, letter, etc.;

(g)     the nature of the communication;

(h)     as precisely and in as much detail as possible, the entire substance of the communication;

(i)     whether any notes, recordings or other memorializations of the communication exist or previously existed; and

(j)     the nature of the memorialization set forth in (i) above, and the entity currently having control or custody of the same.

**ANSWER:**

At various dates and times between 1980 and 1992, Daniel M. Carter ("Carter") asked Barry Levine to waive participation in the profit sharing plan, and asked him to sign waiver forms, which he signed. On each such occasion, Carter told Barry Levine that he himself (Carter) and Barry Levine's uncle, Gerald Levine, were also waiving participation in the profit sharing plan that year. All such communications between Carter and Barry Levine took place in person at either 201-203 Boston Post Road, Waterford, CT or 914 Hartford Turnpike, Waterford, CT, while Barry Levine was at work. There were no witnesses to these communications. Barry Levine is not aware of any notes, recordings, or memorializations of these communications. Barry Levine did not receive cash in lieu of contributions to the Profit Sharing Plan.

7.    Please identify any and all circumstances or situations, including personal, professional, financial, health, etc., which had the possibility of motivating the Plaintiff's decision to elect to receive cash in lieu of a contribution to his Profit Sharing Plan account for any year in which he was employed by the Levine Agency and identify all documents and other evidence which relates thereto.

**ANSWER:**

Each year that Barry Levine waived participation in the profit sharing plan, he did so solely because he was asked to by Carter and told by Carter that Carter and Gerald Levine were also waiving participation. Barry Levine did not receive cash in lieu of contributions to the Profit Sharing Plan.

8.    Please identify as precisely as possible from which communication, whether written or oral, the Plaintiff first received actual knowledge of the existence of the 401(k) plan in which he claims that he should have participated, identifying as specifically as possible as to such communication:

    (a)    the person or persons who participated therein;

    (b)    all persons who witnessed the said communication;

    (c)    where he was physically located at the time of said communication;

    (d)    the activity in which he was engaged at the time of said communication;

    (e)    the date or dates and time or times of said communication;

    (f)    the specific manner and form of the communication(s), e.g., telephone call, letter, etc.;

    (g)    the nature of the communication;

    (h)    as precisely and in as much detail as possible, the entire substance of the communication;

(i)     whether any notes, recordings or other memorializations of the communication exist or previously existed; and

(j)     the nature of the memorialization set forth in (i) above, and the entity currently having control or custody of the same.

**ANSWER:**

Sometime in 1996, while Barry Levine was relaxing at his home, he received a telephone call from his father, Michael Levine, who was at his home. The conversation was brief and purely informative. Michael Levine told Barry Levine that the Levine Agency had started a 401(k) plan. Barry Levine thanked his father for the update and the conversation ended. There were no witnesses to this communication. Barry Levine is not aware of any notes, recordings, or memorializations of this communication.

9.     If the Plaintiff first became aware of the above through a document, please fully identify the document, the source, the author and the date.

**ANSWER:**

n/a

10.     Please identify any and all bankruptcy litigation in which the Plaintiff has been involved since the commencement of his employment with the Levine Agency to the date of his response to these interrogatories, and please identify:

(a)     the date or dates he filed for bankruptcy;

(b)     the location of the court of filing; and

(c)     the court file number of each such filing.

**ANSWER:**

Objection. Plaintiff objects to this request for production because disclosure of the information sought would violate the privacy rights of the plaintiff. Plaintiff further objects to

this request for production on the grounds that it is excessively broad, irrelevant to plaintiff's claims, and is not calculated to lead to the discovery of admissible evidence.

11.    Please identify any and all litigation to which the Plaintiff has been a party which relates to employment benefits, including but not limited to workers' compensation benefits, disability benefits, social security benefits, unemployment benefits, etc. by identifying the following:

        (a)     the date or dates of the filing of such litigation matters;

        (b)     the file name of each such matter;

        (c)     the court of filing for each such matter;

        (d)     the docket number for each such matter;

        (e)     the final determination made in each such matter; and

        (f)     any and all compensation received by this Plaintiff in each such matter.

**ANSWER:**

Objection.  Plaintiff objects to this request for production because disclosure of the information sought would violate the privacy rights of the plaintiff.  Plaintiff further objects to this request for production on the grounds that it is excessively broad, irrelevant to plaintiff's claims, and is not calculated to lead to the discovery of admissible evidence.

**BY WAY OF PRODUCTION:**

Pursuant to Federal Rule of Civil Procedure Rule 34 <u>et</u> <u>seq.</u>, the Defendant hereby requests the Plaintiff to provide counsel for the Defendant with copies of the documents identified in the following Requests for Production, or alternatively, to afford counsel for said Defendant the opportunity or, if necessary, sufficient written authorization, to inspect, copy, photograph or otherwise reproduce said documents.

**Definitions**

For the purposes of these requests, the following definition of the word "**document**" shall be:

Any letters, memoranda, telegrams, hand-written notes, secretary's notebooks, periodicals, books, pamphlets, reports, records, studies, tests, investigation, working papers, diaries, charts, papers, graphs, data sheets, data processing charts, charts, sound records, films, drawings, prints, copies, photographs or any other material of any variety stored in any form or exists or which is retrievable in any permanent or semi-permanent medium of transcription in the Plaintiff's or the Plaintiff's attorney's possession, custody or control.

The Plaintiff is hereby requested to produce the following documents for inspection and or copying at the office of Carmody & Torrance, New Haven, Connecticut:

1.    All documents identified in your responses to Interrogatory #1 herein above.

     n/a

2.    All documents identified in your responses to Interrogatory #2 hereinabove.

     n/a

3.    All documents identified in your responses to Interrogatory #3 hereinabove.

     n/a

4.    All documents identified in your responses to Interrogatory #4 hereinabove.

     n/a

5.    All documents identified in your responses to Interrogatory #5 hereinabove.

     The employment agreement referred to in plaintiff's response to Interrogatory 5 is already in defendant's possession.

6.    All documents identified in your responses to Interrogatory #6 hereinabove.

     n/a

7.    All documents identified in your responses to Interrogatory #7 hereinabove.

      Profit sharing waiver forms referred to in response to Interrogatory 7 are already in defendant's possession.

8.    All documents identified in your responses to Interrogatory #8 hereinabove.

      n/a

9.    All documents identified in your responses to Interrogatory #9 hereinabove.

      n/a

10.    All documents identified in your responses to Interrogatory #10 hereinabove.

      n/a

11.    All documents identified in the Plaintiff's responses to Interrogatory #11 hereinabove.

      n/a

12.    All federal and state income tax documentation, including but not limited to W-2s, income tax return statements and schedules filed all years in which the Plaintiff claims to have been employed by the Levine Agency.

      Objection.  Plaintiff objects to this request for production because disclosure of the information sought would violate the privacy rights of the plaintiff.  Plaintiff further objects to this request for production on the grounds that it is irrelevant to plaintiff's claims and is not calculated to lead to the discovery of admissible evidence.

13.    The documents referred to at Numbers 4, 6, 7, 10, 11, 13, 15, 16, & 18 of Section B of Plaintiff's Rule 26(a) Initial Disclosures dated February 26, 2003.

      As stated in Plaintiff's Initial Disclosures, such documents are in the possession of the defendant.

### AFFIDAVIT

This is to certify that I <u>BARRY LEVINE</u> in this action, have read the foregoing answers to the interrogatories and state that they are true and accurate to the best of my knowledge on this 3rd day of July , 2003.

<u>BARRY LEVINE</u>

STATE OF CONNECTICUT          )
                                                        )          SS. Groton
COUNTY OF NEW LONDON     )

On this 3rd day July, 2003, before me <u>BARRY LEVINE</u>, personally appeared who affirmed under oath the truth of the foregoing interrogatories and also acknowledged his execution of the above document.

MELISSA R. MARTINEAU
NOTARY PUBLIC
MY COMMISSION EXPIRES:<u>8/31/03</u>

THE PLAINTIFF,
BARRY LEVINE

By _Ian O. Smith_

Ian O. Smith
Fed. Bar. No.: ct24135
Moukawsher & Walsh, LLC
21 Oak Street, Suite 209
Hartford, CT 06106
(860) 278-7000

## CERTIFICATION

A copy of the foregoing has been mailed, postage prepaid, to the following counsel and

pro se parties of record:

Charles F. Corcoran, III
Carmody & Torrance LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950

Date: July 3, 2003

_Ian O. Smith_

Ian O. Smith