UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BARRY LEVINE | : | CIVIL ACTION NO. |
| | : | 3:03CV148 (SRU) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| WEBSTER INSURANCE, INC. | : | JANUARY 28, 2005 |
| | : | |
| Defendant. | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a), the defendant, Webster Insurance, Inc. ("Webster"), hereby objects to the January 19, 2005 Amended Complaint filed by the plaintiff **without** permission of the Court.

**I.    FACTUAL BACKGROUND**

By way of a Complaint dated January 20, 2002, the plaintiff brought a two-count action against Webster alleging that, for a time period ending more than 10 years prior to the plaintiff's Complaint, an alleged agent of the Louis Levine Agency, Inc. ("Levine Agency") Profit Sharing Plan fraudulently induced the plaintiff into waiving his right to his profit sharing plan contribution. The plaintiff further alleged that in 1996, approximately 6 years before plaintiff filed the Complaint in this action, he learned that the alleged agent for the Levine Agency 401(k) plan breached his fiduciary duties by wrongfully denying the plaintiff participation in that plan. The suit was brought against Webster as successor in interest to the Louis Levine Agency, Inc.

{W1344953}
CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

Webster filed an Answer to the plaintiff's Complaint on March 28, 2003. Now, two years later, after the conclusion of a lengthy discovery period and Webster's filing of a Motion for Summary Judgment, the plaintiff attempts to amend his Complaint to add an entirely new defendant. In fact, in obvious disregard of the rules of the Court, the plaintiff simply went ahead and filed such an amendment, **absent any leave** from the Court and **absent any consent** by Webster. Webster, therefore, objects to the plaintiff's Amended Complaint.

## II.     LAW AND ARGUMENT

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings, and states that if a pleading has been answered, as is the case here, "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party." The plaintiff here has obtained neither leave of the Court to file the Amended Complaint, nor Webster's consent. The plaintiff's blatant disregard for the rules of this Court should not be tolerated, and, thus, Webster urges the Court to sustain its objection.

Webster further objects to the Amended Complaint because it is untimely and unduly prejudicial to Webster. A district court may deny an amendment to a plaintiff's complaint where "the defendant demonstrates undue delay in filing the amended complaint, undue prejudice if the amended complaint is permitted, or the futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). In this case, the parties have already concluded the discovery phase, having spent approximately two years conducting both written discovery and multiple depositions. In addition, upon

{W1344953} CARMODY & TORRANCE LLP  
Attorneys at Law  
50 Leavenworth Street  
Post Office Box 1110  
Waterbury, CT 06721-1110  
Telephone: 203 573-1200

the conclusion of the discovery period, Webster filed a Motion for Summary Judgment, which is currently pending before the Court. Yet, for no known reason, the plaintiff waited until all such time had passed before attempting to amend his Complaint to add an entirely new defendant. That change is, by no means, minor. Requiring Webster (as well as the new defendant) to respond to a new complaint (and potentially conduct additional discovery), in a situation where the plaintiff failed to comply with the Federal Rules of Civil Procedure, is patently unfair to Webster at this late stage of the litigation. Thus, the Amended Complaint filed by the plaintiff is improper and should be rejected by this Court.

Furthermore, Webster requests that this Court order the plaintiff to pay Webster for all of its fees and costs, including attorneys fees, associated with the filing of this objection given that the plaintiff filed such Amended Complaint in blatant violation of the rules of the Court.

WHEREFORE, Webster respectfully objects to the plaintiff's Amended Complaint.

>Respectfully Submitted,
>
>THE DEFENDANT,
>WEBSTER INSURANCE, INC.
>
>BY: /s/ Kristi D. Aalberg
>Charles F. Corcoran, Esq. (ct02499)
>Kristi D. Aalberg, Esq.(ct23970)
>Carmody & Torrance LLP
>P.O. Box 1110
>Waterbury, CT 06721-1110
>Telephone: (203) 575-2622
>Facsimile: (203) 575-2600

{W1344953}
CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

## CERTIFICATION

This is to certify that a copy of the foregoing was filed electronically on the above-captioned date. Notice of the filing will be sent to each party of record electronically by operation of the Court's electronic filing system.

Thomas G. Moukawsher, Esq.
Moukawsher & Walsh, L.L.C.
328 Mitchell Street
P.O. Box 966
Groton, CT  06340

Ian O. Smith, Esq.
Moukawsher & Walsh, L.L.C.
21 Oak Street
Suite 209
Hartford, CT 06106

_____
Kristi D. Aalberg, Esq.

{W1344953}
CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200