UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BARRY LEVINE | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:03CV148 (SRU) |
| V. | : | |
| | : | |
| LOUIS LEVINE AGENCY, INC. and | : | |
| WEBSTER INSURANCE, INC. | : | |
| | : | |
| Defendants. | : | MARCH 15, 2005 |

## ANSWER TO AMENDED COMPLAINT

**I.   NATURE OF AMENDED COMPLAINT:**

1. As to plaintiff's allegations in the first paragraph of this section: "The plaintiff, Barry Levine ('Levine'), claims relief for breach of fiduciary duty and wrongful denial benefits due under the Louis Levine Agency, Inc. Profit Sharing Plan & Trust ('the Profit Sharing Plan') and the Levine Company Salary Savings Plan ('the 401(k) Plan') (or collectively 'the Levine Plans'). This claim is being brought against the Louis Levine Agency, Inc., ("Levine Agency") and its capacity as a fiduciary of the Levine Plans and Webster Insurance, Inc. ('Webster') as successor in interest to the Levine Agency, the defendants have insufficient knowledge upon which to form a belief as to the truth or falsity thereof and, therefore, leave the plaintiff to his proof.

2. Defendants deny plaintiff's allegations in the second paragraph of this section that during Levine's employment at the Levine Agency Levine became the

{W1353238}

victim of fraudulent conduct by agents of the administrator of the Profit Sharing Plan with respect to contributions required to be made to his Profit Sharing Plan account.

3. Defendants deny plaintiff's allegations in the second paragraph of this section that for a ten year period agents of the Profit Sharing Plan administrator failed to make contributions to Levine's Profit Sharing Plan account which were required under the terms of the Plan.

4. Defendants deny plaintiff's allegations in the second paragraph of this section that to convince Levine this was acceptable and correct, Levine Agency's retirement agent, Daniel M. Carter, led Levine to believe that he and all other similarly situated Agency owners were being asked to 'waive off' required contributions, and that all other similarly situated Profit Sharing Plan participants both agreed to the 'waive off' and were not having contributions made to their accounts.

5. As to plaintiff's allegations in the second paragraph of this section that in February of 2002, Levine learned that these representations were false, and that, in fact he was the only person not receiving the required contributions, defendants have insufficient knowledge upon which to form a belief as to the truth or falsity and, therefore, leave the plaintiff to his proof.

6. As to plaintiff's allegations in the second paragraph of this section that the lack of these contributions caused Levine to lose approximately $230,000.00 in contributions to his Profit Sharing Plan account, together with the earnings that he would have accrued thereon to date", defendants have insufficient knowledge upon

{W1353238}

CARMODY & TORRANCE LLP  50 Leavenworth Street
Attorneys at Law          Post Office Box 1110
                          Waterbury, CT 06721-1110
                          Telephone: 203 573-1200

which to form a belief as to the truth or falsity of this allegation and, therefore, leave the plaintiff to his proof.

7. Defendants deny plaintiff's allegations in the third paragraph of this section that, when in approximately August of 1996, the 401(k) Plan was established, Levine was eligible to participate, but was never apprised of his eligibility and was wrongfully excluded from participation.

8. Defendants deny plaintiff's allegations in the third paragraph of this section that this "deprived Levine of the opportunity to make roughly three years of tax deferred contributions to the 401(k) Plan and lost him the matching amounts that would have had to be paid to his 401(k) account under the terms of the Plan."

9. As to plaintiff's allegations in the first sentence of the fourth paragraph of this section that "By fraudulently inducing Levine to waive contributions to the Profit Sharing Plan, and by barring him from participating in the 401(k) Plan, the Levine Agency breached the fiduciary duty of absolute loyalty it owed to Levine under federal law and deprived him of benefits due under the terms of the 401(k) Plan," defendants deny all allegations alleging fraudulent inducement and deprivation of benefits.

10. Defendants have insufficient knowledge upon which to form a belief as to the truth or falsity of the remaining allegations set forth in the fourth paragraph of this section, and therefore leave the plaintiff to his proof.

{W1353238}

CARMODY & TORRANCE LLP   50 Leavenworth Street
Attorneys at Law   Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

## II. JURISDICTION, VENUE and SERVICE OF PROCESS:

1. Defendants have insufficient knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of Section II of plaintiff's amended complaint and, therefore, leave the plaintiff to his proof.

2. That portion of the allegation contained in paragraph 2 of Section II of plaintiff's amended complaint which alleges that the defendants may be found in this District is admitted. That portion of the allegation contained in paragraph 2 of Section II of plaintiff's amended complaint which alleges that a "breach" took place is denied. As to the remainder of the allegations contained in paragraph 2 of Section II of plaintiff's amended complaint, the defendants have insufficient knowledge upon which to form a belief as to their truth or falsity of this allegation and, therefore, leave the plaintiff to his proof.

3. Defendants have insufficient knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of Section II of plaintiff's amended complaint, and therefore leave the plaintiff to his proof.

## III. THE PARTIES:

4. Defendants deny the truth of the allegations contained in paragraph 4 of Section III of plaintiff's amended complaint.

5. Defendants deny the truth of the allegations contained in paragraph 5 of Section III of plaintiff's amended complaint.

{W1353238}

CARMODY & TORRANCE LLP   50 Leavenworth Street
Attorneys at Law          Post Office Box 1110
                          Waterbury, CT 06721-1110
                          Telephone: 203 573-1200

6. Defendants have insufficient knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of this section and, therefore, leave the plaintiff to his proof.

7. Defendants deny the truth of the allegations contained in paragraph 7 of Section III of plaintiff's amended complaint.

8. Defendants have insufficient knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of this section and, therefore, leave the plaintiff to his proof.

9. Defendants deny the allegations contained in paragraph 9 of Section III of plaintiff's amended complaint.

IV. **STATEMENT OF FACTS:**

10. Defendants deny the allegations contained in paragraph 10 of Section IV of plaintiff's amended complaint.

11. Defendants admit that during the period or periods of time when Levine worked at the Levine Agency he was paid for his services. Defendants lack sufficient knowledge upon which to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 11, and leave plaintiff to his proof.

12. Defendants deny the allegations contained in paragraph 12 of Section IV of plaintiff's amended complaint.

13. Defendants deny the allegations contained in paragraph 13 of Section IV of plaintiff's amended complaint.

{W1353238}

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law          Post Office Box 1110
                          Waterbury, CT 06721-1110
                          Telephone: 203 573-1200

14.    Defendants admit that plaintiff signed many forms waiving his contributions to the profit sharing plan; defendants deny that such actions were the result of plaintiff's reliance on any false statements. Defendants deny knowledge as to the truth or falsity of the remaining allegations contained in paragraph 14 of Section IV.

15.    Defendants deny the allegations contained in paragraph 15 of Section IV of plaintiff's amended complaint.

16.    Defendants deny the allegations contained in paragraph 16 of Section IV of plaintiff's amended complaint.

## V.    **COUNT ONE:**

17.    Defendants deny the allegations contained in paragraph 17 of Section V of plaintiff's amended complaint.

## VI.    **COUNT TWO:**

18.    Defendants deny the allegations contained in paragraph 18 of Section VI of plaintiff's amended complaint.

{W1353238}

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
    Waterbury, CT 06721-1110
    Telephone: 203 573-1200

### FIRST AFFIRMATIVE DEFENSE:

The plaintiff lacks authority to maintain claims against Levine Agency as an ERISA-plan administrator or Webster as alleged successor in interest to Levine Agency for breach of fiduciary duties because plaintiff has sued in his own interest only and not for the benefit of the plan as required by 29 U.S.C. 1104(a)(1).

### SECOND AFFIRMATIVE DEFENSE:

The plaintiff's claims are not timely brought pursuant to ERISA § 413, 29 U.S.C. §1113, and/or state limitations statute and, therefore, are barred.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's claim for relief is not equitable in nature and, thus, is barred.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff fails to state a cause of action upon which relief can be granted.

THE DEFENDANTS,

BY: /s/ Kristi D. Aalberg
CHARLES F. CORCORAN, III (ct 04299)
KRISTI D. AALBERG (ct 23970)
FOR: Carmody & Torrance LLP
195 Church Street, P.O. Box 1950
New Haven, CT 06509-1950
(203) 777-5501
Its Attorneys

{W1353238}

## CERTIFICATION

This is to certify that a copy of the foregoing was filed electronically on the above-captioned date. Notice of the filing will be sent to each party of record electronically by operation of the Court's electronic filing system.

Thomas G. Moukawsher, Esq.
Moukawsher & Walsh, L.L.C.
328 Mitchell Street
P.O. Box 966
Groton, CT 06340

Ian O. Smith, Esq.
Moukawsher & Walsh, L.L.C.
21 Oak Street
Suite 209
Hartford, CT 06106

*Kristi D. Aalberg*
Kristi D. Aalberg

{W1353238}