**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| BARRY LEVINE | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:03CV148 (SRU) |
| V. | : | |
| | : | |
| LOUIS : LEVINE AGENCY, INC. and | : | |
| WEBSTER INSURANCE, INC. | : | |
| | : | |
| Defendants. | : | MARCH 15, 2005 |

### SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

## I.      INTRODUCTION

The above-captioned ERISA action was originally brought against Webster Insurance, Inc. ("Webster") as alleged successor in interest to Louis Levine Agency, Inc. ("Levine Agency") by way of Complaint dated January 20, 2003. Webster answered that Complaint on March 28, 2003, denying any liability for plaintiff's claims. After a lengthy discovery period, Webster filed a Motion for Summary Judgment on September 17, 2004. Webster maintains that summary judgment must be granted in its favor because: (1) the plaintiff sued the wrong entity; (2) both counts of the plaintiff's Complaint are untimely and, thus, barred by the applicable statutes of limitations; (3) the facts alleged do not constitute fraud under ERISA; (4) the plaintiff was not a participant in the Levine Companies 401(k) plan and thus, lack standing; and (5) plaintiff's claims for relief are not equitable in nature.

The plaintiff opposed Webster's summary judgment motion by its brief dated November 5, 2004, and Webster replied to said opposition by brief dated December 7, 2004.

In order to forestall the Court from ruling against it on Webster's motion for summary judgment, the plaintiff strategically responded to Webster's pending motion, which established, *inter alia*, that Webster was not liable for the actions of its subsidiaries, by filing an Amended Complaint adding the Levine Agency as a defendant.  Interestingly, the plaintiff's counsel filed the Amended Complaint only after being reprimanded by Judge Kravitz upon a motion for reconsideration in Coan v. Kaufman, 349 F. Supp. 2d 271, FN 9 (D. Conn. 2004) (copy attached)("plaintiff's counsel suggested for the first time that . . . he was considering requesting an opportunity to amend plaintiff's complaint to . . . join all other plan participants; . . . suffice it to say that counsel's suggestion . . . comes far too late in the day).  The Coan case is a very similar ERISA case that plaintiff's counsel just informed the undersigned that they are handling, and in which counsel recently received an adverse ruling on an exact issue pending before the Court in this case: equitable relief under § 502(a)(3).  See Coan v. Kaufman, 333 F. Supp. 2d 14 (D. Conn. 2004)(copy attached).

Although Webster objected to the filing of such Amended Complaint, the Court in this case approved the Amended Complaint adding Levine Agency as an additional defendant.  The undersigned filed appearances on behalf of Levine Agency on March 9th and 10th, and Webster and Levine Agency have filed an Answer to said Amended Complaint of even date herewith.

Pursuant to the Court's February 24, 2005 order, Levine Agency hereby moves to join the pending motion for summary judgment filed by Webster on September 17, 2004, and in light of recent the Coan case, which plaintiff's counsel brought to defendants' counsel's attention about a week and a half ago, defendants submit this Supplemental Memorandum of Law in Support of Motion for Summary Judgment.

## II.    **NATURE OF PROCEEDINGS**

The plaintiff in this matter brought suit against Webster as the alleged successor in interest to Levine Agency, claiming, *inter alia*, relief under ERISA § 502(a)(3) for a breach of fiduciary duty by a distant subsidiary of Webster based on events allegedly taking place decades before Webster became a parent of said subsidiary; and a claim for benefits due under the terms of the 401(k) plan established and maintained by a distant subsidiary of Webster in the years prior to Webster's involvement with said subsidiary.

Specifically, the plaintiff claims that while he was an employee of Levine Agency between the years of 1980 and 1992, an alleged agent of the Louis Levine Agency, Inc. Profit Sharing Plan & Trust ("Profit Sharing Plan") led the plaintiff to believe that the agent and all other similarly situated plan participants were being asked to waive their rights to required Profit Sharing Plan contributions, and that all such similarly situated participants were waiving such rights and not receiving contributions to their Profit Sharing Plan accounts. The plaintiff also claims that the Levine Agency established a 401(k) Plan in 1996 and that the plaintiff was eligible to participate, but was wrongfully excluded from participation.

Webster answered the plaintiff's Complaint, denying any and all liability for the plaintiff's claims, and following a discovery period, moved for summary judgment in its favor.

The plaintiff opposed the pending motion for summary judgment on November 5, 2004. Interestingly, plaintiff's opposition brief contained a four page objection to Webster's claim that the plaintiff's claims for relief were not equitable in nature and, thus, inappropriate under ERISA § 502(a)(3), yet the plaintiff's counsel included nothing – not a single footnote – regarding Judge Kravitz's decision in the <u>Coan</u> case on that very issue, yet plaintiff's counsel

was most certainly aware of such ruling in September of 2004. For six months, in blatant disregard of the Rules of Professional Conduct, plaintiff's counsel failed to bring that decision to the Court's attention. Even more egregious and offensive to the Court and the undersigned is the fact that the <u>Coan</u> decision **directly impacts a pending motion.**

Furthermore, in order to avert a summary judgment in Webster's favor on grounds that Webster is not liable for actions of its separate and distinct subsidiaries, and scraping at any chance to hold someone liable in the aftermath of the ruling plaintiff's counsel received in December on its motion for reconsideration in <u>Coan v. Kaufman</u>, plaintiff's counsel filed an Amended Complaint with the Court to add Levine Agency as an additional defendant.

Despite Webster's opposition, the Court accepted the plaintiff's Amended Complaint as the operative complaint in this matter, and ordered the inclusion of Levine Agency as a defendant. Pursuant to that order, the Court granted Levine Agency the opportunity to join Webster's pending summary judgment motion; and Levine Agency now seeks to join. In addition, Levine Agency, together with Webster, filed an Answer to plaintiff's Amended Complaint on this date, denying any and all liability for plaintiff's claims.

In accordance with the Court's February 24, 2005 order allowing plaintiff's Amended Complaint, Levine Agency and Webster herein supplement the pending Motion for Summary Judgment as follows.

### III.   LIKE WEBSTER, LEVINE AGENCY IS ENTITLED TO SUMMARY JUDGMENT AS TO COUNT ONE OF THE PLAINTIFF'S AMENDED COMPLAINT, WHICH ALLEGES BREACH OF FIDUCIARY DUTY.

As fully set forth in the memoranda of law supporting the pending motion for summary judgment, the plaintiff's claim in Count One of his Amended Complaint stems from alleged

representations made to him between 1980 and 1992. If taken as true, such allegations, as well as the plaintiff's deposition testimony in this matter (attached as Exhibit D to Webster's previously filed local rule 56(a) statement of facts), indicate that the alleged representations were made more than a decade or two prior to the date of this action. Moreover, the undisputed facts show that the plaintiff knew of the falsity of the alleged representations very early in the 1980s. Like Webster, Levine Agency is entitled to summary judgment on the breach of fiduciary duty claim of Count One because (1) the plaintiff's claim is untimely and, thus, barred by the statute of limitations; (2) Daniel Carter, who the plaintiff claims to be an agent of Levine Companies had no discretion as required by ERISA to make him a fiduciary for purposes of plaintiff's claim; and (3) even if Daniel Carter is held to be a fiduciary under ERISA, the alleged representations made to the plaintiff are not representations of "material" information sufficient to constitute fraud.

Based upon the law outlined in the memoranda of law supporting the pending motion for summary judgment previously filed by the undersigned, Levine Agency joins Webster in respectfully requesting the Court to grant summary judgment in their favor for the foregoing reasons.

## IV.   LEVINE AGENCY IS ALSO ENTITLED TO SUMMARY JUDGMENT AS TO COUNT TWO OF PLAINTIFF'S AMENDED COMPLAINT, WHICH STATES A CLAIM FOR BENEFITS DUE UNDER THE LEVINE COMPANIES 401(K) PLAN.

Like Webster, Levine Agency is also entitled to summary judgment on Count Two of the plaintiff's Amended Complaint, which sets forth a claim for benefits under the 401(k) Plan that was established approximately three years after the plaintiff was fired from the Levine Companies. Based upon the undisputed facts set forth in the pending motion for summary

judgment and statement of facts, Levine Agency concurs in Webster's assertion that the plaintiff was not an employee of the Levine Companies at any time during the existence of the 401(k) Plan, and therefore, was not a plan participant eligible to receive benefits thereunder. Moreover, the plaintiff's claim for benefits due under the 401(k) Plan is untimely under the six-year statute of limitations applicable to this claim.

Therefore, based on the law and argument laid out in the memoranda previously filed by the undersigned in support of the motion for summary judgment, Levine Agency joins Webster in urging the Court to grant summary judgment in its favor on Count Two of the plaintiff's Amended Complaint.

**V.      BOTH WEBSTER AND LEVINE AGENCY ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE THE PLAINTIFF'S CLAIMS FOR MONETARY RELIEF ARE CLAIMS FOR EQUITABLE RELIEF.**

**A. ERISA § 502(a)(3) does not allow for money damages.**

As fully described for the Court in Webster's previous memoranda of law, ERISA § 502(a)(3) permits a participant, beneficiary, or fiduciary to sue "(A) to enjoin any act or practice that violates any provision of [ERISA] or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of [ERISA] or the terms of the plan . . . ." 29 U.S.C. §1132(a)(3). However, monetary rewards are permitted <u>only</u> in very limited circumstances; and, based on the relevant case law, are <u>not</u> permitted in this case.

In the pending motion for summary judgment, Webster set forth the legal standard applicable to this issue and applied such law to the case at hand. Webster relied on, and Levine Agency now joins Webster in continued reliance on, <u>Great-West Life & Annuity Ins. Co. v.</u>

Knudson, 534 U.S. 204 (2002), and Gerosa v. Savasta & Co., 329 F. 3d 317 (2nd Cir. 2003), which held that "[c]lassic compensatory damages are never included in 'other appropriate equitable relief.'" The U.S. Supreme Court in Great-West stated that "[a]lmost invariably . . . suits seeking . . . to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages', and that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from defendant's breach of legal duty." Great-West, 534 U.S. at 213.

In this case, the plaintiff responded to the defendants' motion for summary judgment claiming that reliance on Great-West was misplaced because (1) "[Levine] can seek an injunction ordering plan reinstatement and the payment of additional benefits lost through a breach of fiduciary duty, like the plaintiff in Varity Corp. v. Howe, 516 U.S. 489 (1996) and (2) this case is distinguishable from Great-West since the plaintiff there sought enforcement of a contractual provision, and here the claims here are not grounded in contract. **This is the exact argument that plaintiff's counsel made and lost last fall in the case of Coan v. Kaufman, 333 F. Supp. 2d at 18-22.**

Like Ms. Coan, the plaintiff in this case, aside from his claim for benefits under the 401(k) Plan, seeks relief under ERISA § 502(a)(3), which is ERISA's "catch all" remedial section. As laid out in Coan, it is well settled that § 502(a)(3) does not authorize recovery for damages – a form of legal relief – but only relief that is traditionally equitable. Id. at 18. In his decision in that case, Judge Kravitz relies on the Great-West holding, stating that "the Supreme Court made it clear that an individual cannot evade this restriction on damage claims by characterizing one's request for monetary relief as "restitution." Great-West, 534 at 214. For

CARMODY & TORRANCE LLP
Attorneys at Law

50 Leavenworth Street    {W1353170}9
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

"restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant[s], but to restore to the plaintiff particular funds or property in the defendant[s]' possession." Id.

In Coan, the plaintiff, through the very same counsel representing the plaintiff in this case, attempted to argue that "regardless of whether she is able to seek a traditional form of restitution, she can seek an injunction ordering the plan reinstated and the payment of additional benefits lost through the breach of fiduciary duty." Coan at 18. The plaintiff in this case makes that exact argument on page 25 of its opposition brief. In Coan, Judge Kravitz specifically rejected Ms. Coan's claim, however, stating "an order resurrecting the long-since terminated Profit-Sharing and Rollover Funds and requiring those funds to be augmented by cash to be supplied from the pockets of the defendants for the sole purpose of then distributing that additional money to [the plaintiff] – **is [not] equitable in nature.**" Id.

As in Coan, the plaintiff here also relies heavily on the holding in Variety Corp. v. Howe, supra, claiming that he is entitled to the same relief awarded in that case. See Pl's Opposition Brief at pp. 25-26. On that issue, Judge Kravitz clearly distinguished the facts of Variety Corp from those of Coan, stating: "in contrast to [Coan], the plan into which the plaintiffs in [Varity Corp] sought reinstatement was extant when plaintiffs filed there suit, as was the employer who administered the plan." In this case, the plaintiff is essentially asking the Court to do exactly what Ms. Coan asked – to reinstate a defunct plan for the purpose of compensating the plaintiff – and only the plaintiff – for his losses; to which Judge Kravitz says no.

Like Ms. Coan, it is abundantly clear here that the plaintiff in this case is simply seeking to accomplish what <u>Great-West</u> prevents him from obtaining. The plaintiff here seeks money damages from the defendants for losses he claims to have sustained due to an alleged breach of fiduciary duty. Nothing more, nothing less. As such, both Webster and Levine Agency urge this Court to enter summary judgment in their favor since the plaintiff is not entitled to any relief sought under § 502(a)(3) of ERISA.

**B.     Plaintiff's counsel should have alerted this Court to the <u>Coan</u> decision.**

The plaintiff should have alerted this Court of Judge Kravitz's highly relevant ruling in <u>Coan</u> long before now. The decision in that case will directly impact this Court's ruling on this issue since (1) Judge Kravitz's decision has direct legal authority over the decisions of this Court; (2) such decision is directly adverse to plaintiff's position in this case and directly in favor of summary judgment in favor of the defendant.

Rule 3.3 of the Rules of Professional Conduct requires not that an adverse decision be *controlling*, which in this case it is, for it to be required to be disclosed, but simply that it consist of "legal authority in the *controlling* jurisdiction" (emphasis supplied). That Judge Kravitz's decision in <u>Coan</u> can fairly be characterized as "legal authority"; that it was rendered in the District of Connecticut; and that it was mailed in August of 2004 to counsel for the plaintiff in <u>this</u> case, who represented the plaintiff <u>Coan</u> in <u>that</u> case, are all beyond dispute.

With respect to the timing of the Kravitz decision; Rule 3.3 does not appear to excuse nondisclosure, even had no relevant motion been pending. In this instance, however, defendant's motion for summary judgment is pending and has been pending for six months. In fact, plaintiff's counsel was aware of the Kravitz decision, as well as the decision on

CARMODY & TORRANCE ʟʟᴘ
Attorneys at Law

50 Leavenworth Street {W1353170} 11
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

reconsideration, sufficiently early so that alerting the Court (and defense counsel) to its existence would have certainly assisted the Court.

This completely unprofessional behavior of withholding knowledge of legally binding court decisions directly adverse their client's case, is common practice for plaintiff's counsel. Notably, this is <u>not</u> the first time that Attorney Corcoran has been opposing counsel to plaintiff's counsel in a federal litigation matter, only to have plaintiff's counsel pull these same unethical antics. Given that plaintiff's counsel seems unphased by the applicability of the Rules of Professional Conduct to their firm, and will likely continue to practice before this Court in such manner, Levine Agency and Webster urge this Court to put an end to such antics and impose sanctions on plaintiff's counsel.

## VI.    CONCLUSION

For all of the good and sufficient reasons set forth in the instant Supplemental Memorandum, as well as the pending Memorandum of Law in Support of Motion for Summary Judgment and the Memorandum of Law in Support of Defendant's Reply to Plaintiff's Objection thereto, Webster and Levine Agency respectfully request that this Court grant summary judgment in their favor, and further for an Order sanctioning the plaintiff's counsel for their unethical practice of law before this tribunal.

Respectfully Submitted,

**THE DEFENDANTS,**

BY: _Kristi D. Aalberg_

Charles F. Corcoran, Esq. (ct04299)
Kristi D. Aalberg, Esq.(ct23970)
Carmody & Torrance LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509
Telephone: (203) 777-5501
Facsimile: (203) 784-3199

## **CERTIFICATION**

This is to certify that a copy of the foregoing was filed electronically on the above-captioned date. Notice of the filing will be sent to each party of record electronically by operation of the Court's electronic filing system.

Thomas G. Moukawsher, Esq.
Moukawsher & Walsh, L.L.C.
328 Mitchell Street
P.O. Box 966
Groton, CT  06340

Ian O. Smith, Esq.
Moukawsher & Walsh, L.L.C.
21 Oak Street
Suite 209
Hartford, CT 06106

Kristi D. Aalberg, Esq.