# EXHIBIT C

# CARMODY & TORRANCE LLP
Attorneys at Law

195 Church Street
Post Office Box 1950
New Haven, Connecticut
06509-1950
Telephone: 203 777-5501
Facsimile: 203 784-3199

Charles F. Corcoran, III

Direct Dial: 203 784-3115
ccorcoran@carmodylaw.com

August 21, 2002

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Thomas G. Moukawsher, Esq.
Moukawsher & Walsh, L.L.C.
328 Mitchell Street
P.O. Box 966
Groton, CT 06340

Re:   Claim of Barry Levine

Dear Mr. Moukawsher:

This responds to your letter of June 3, 2002, setting forth claims of Barry Levine for benefits under the Louis Levine Agency, Inc. Profit Sharing Plan & Trust and the Levine Companies Salary Savings Plan. We write to you on behalf of the Plan Administrator. Your claims relating to the Company's Profit Sharing Plan and the Company's 401(k) Plan are addressed individually:

A.   **Profit Sharing Plan**

You have claimed that during his employment at the Levine Agency, Barry Levine was a participant in the Company's Profit Sharing Plan and that he "became the victim of fraudulent conduct by the Plan administrators" with respect to contributions which you allege were required to be made to his account between 1982 and 1992 under the terms of the Plan, but were not; you have further claimed that to convince Barry Levine that it was "acceptable and correct" to refrain from making certain contributions to his account, Profit Sharing Plan Administrators falsely led Barry Levine to believe that all other similarly situated agency owners were also being asked to "waive off" required contributions, that all of them did so, and that contributions were therefore not made to their accounts, either.

Your letter also alleges that in February of 2002, Barry Levine came to believe that such representations were false, and that at that same time he concluded that he was the only person in the Agency on whose behalf such contributions were not being made. You claim that Barry Levine has lost approximately $230,000.00 in contributions to his Profit Sharing Plan account, together with earnings which would have accrued thereon.

{N0690265;2}

CARMODY & TORRANCE LLP

Thomas G. Moukawsher, Esq.
August 21, 2002
Page 2

We have reviewed the terms of the Profit Sharing Plan as well as certain other relevant documents. The Profit Sharing Plan provides that an employee may, subject to the approval of the Employer, elect not to participate in the Profit Sharing Plan. Records show that Barry Levine waived participation in the Profit Sharing Plan in the form of numerous executed waiver forms for the years in question. Barry Levine also signed blanket waiver forms relating to such participation. Barry Levine also executed releases and indemnifications in connection with his waiver of Profit Sharing Plan contributions.

We find no evidence of any fraud or misrepresentations to Barry Levine as he has claimed. We find no evidence that Profit Sharing Plan Administrators misled Barry Levine regarding the Profit Sharing Plan; we find no evidence that Profit Sharing Plan representatives told Barry Levine that he and all other similarly situated Agency owners were being asked to "waive off" required contributions; we find no evidence that Barry Levine was the sole participant waiving such contributions; to the contrary, records reveal that at least one other employee also waived Profit Sharing Plan contributions during the period in question.

Further, Barry Levine's claims with respect to the Profit Sharing Plan are unreasonably late and untimely, and the statute of limitations has run on all of Barry Levine's claims respecting the Profit Sharing Plan.

**B.  401(k) Salary Savings Plan**

You have also claimed that Plan Administrators "misrepresented to Levine that he was ineligible to participate in the 401k Plan" and thereby deprived Barry Levine of the opportunity to make approximately three years of tax deferred contributions to the 401(k) Salary Savings Plan and lost him the matching amounts that would have had to be paid to his 401(k) Salary Savings account under the terms of that Plan. It is your claim that "because of his status as an employee" Barry Levine was eligible to participate in that Plan.

Under Article III of the Plan, a copy of which we enclose herewith, an individual must meet certain eligibility and participation requirements before becoming a member or a participant in the Levine Companies' 401(k) Salary Savings Plan. Barry Levine did not meet those requirements; during the period at issue he was not an "employee" of the Company and he failed to meet the Eligibility Requirements set forth in Article III Sections 1 and 2 and the "Service Rules" set forth in Article VI. Further, Barry Levine's claims with respect to the 401(k) Salary Savings Plan are unreasonably late and untimely, and the statute of limitations has run on all of Barry Levine's claims respecting the 401(k) Salary Savings Plan.

{N0690265:2}

CARMODY & TORRANCE LLP

Thomas G. Moukawsher, Esq.
August 21, 2002
Page 3

For the foregoing reasons, the claims of Barry Levine for benefits, as set forth in your letter of June 3, 2002, are hereby denied.

### C. Requests for Information

With respect to your requests for information: Barry Levine has previously been provided with copies of the summary Plan descriptions at issue, which describe benefits under the Plans and establish procedures for claim review. Further, as indicated below, the Plan Administrator will make available to Barry Levine and to you as his counsel those documents in the possession of the Administrator which are relevant to the claims at issue and their disallowance. With respect to your request at paragraph seven on page three that the Plan Administrator identify by name, address, telephone number and title each Plan agent, servant or employee including retained experts who assisted with this claim and citing 29 C.F.R. 2560.503-1(g)(1)(ii): we are unaware of any requirement under the statutes, regulations or Plans which would require such identification at this point in the proceedings. We have reviewed 29 C.F.R. 2560.503-1(g)(1)(ii), which you cite as authority for this claim, and find no support therein. Please advise promptly as to the basis for your claim that Barry Levine is entitled to such information at this point and we will respond.

### D. Appeal Process

If Barry Levine wishes to file an appeal of this determination, Barry Levine (or you as his counsel) must write to us within 60 days of this letter, clearly stating Barry Levine's position. Further, under the Claims Review Procedures set forth in Article II, Barry Levine is entitled to request a hearing on this decision. Any such request must also be in writing, stating the reasons why Barry Levine contends that the claim or claims should be allowed, and must be made within sixty days after Barry Levine's receipt of this denial of his claims. The Administrator will schedule a hearing, hold that hearing and rule on the appeal of Barry Levine, all within sixty days after receipt of such request. If Barry Levine or you as his counsel are in possession of any additional information which you or he believe might affect the determination of the Plan Administrator, please forward it promptly to the undersigned or bring it to the hearing, in the event that Barry Levine elects to request one.

At the hearing or prior thereto (upon five business days' written notice to the Administrator) Barry Levine may review documents in the possession of the Administrator which are relevant to the claim at issue and its disallowance. Barry Levine may be represented by counsel at the hearing, and he may submit written and oral evidence in support of his claim. A court reporter may be present and may record the proceedings, in which case a transcript shall be prepared and distributed to each party. The full expense of

{N0690265;2}

CARMODY & TORRANCE LLP

Thomas G. Moukawsher, Esq.
August 21, 2002
Page 4

any court reporter and such transcripts shall be borne by the party causing the court reporter to attend the hearing. The Administrator's time for decision may be extended by sixty additional days due to special circumstances, provided that the delay and the special circumstances occasioning it are communicated to Barry Levine within the original sixty-day period.

Very truly yours,

Charles F. Corcoran, III

Enclosure

{N0690265;2}

# III
# PARTICIPATION IN YOUR PLAN

Before you become a member or a "participant" in the Plan, there are certain eligibility and participation rules which you must meet. These rules are explained in this section.

1. Eligibility Requirements

You will be eligible to participate in the Plan if you have completed one (1) Year of Service and have attained age 21.

You should review the Article in this Summary entitled "SERVICE RULES" for a further explanation of these eligibility requirements.

2. Participation Requirements

Once you have satisfied your Plan's eligibility requirements, your next step will be to actually become a member or a "participant" in the Plan. You will become a participant on a specified day of the Plan Year. This day is called the Effective Date of Participation.

You will become a participant on the first day of the month coinciding with or next following the date you satisfy the eligibility requirements.

3. Excluded Employees

There are certain employees of Louis Levine Agency, Inc. who will not be eligible to participate in your Plan. Those employees are:

    (a)  employees who are leased employees.

    (b)  employees whose employment is governed by a collective bargaining agreement under which retirement benefits were the subject of good faith bargaining, unless such agreement expressly provides for participation in this Plan.

    (c)  certain nonresident aliens who have no earned income from sources within the United States.