# EXHIBIT E

## CARMODY & TORRANCE LLP
Attorneys at Law

195 Church Street
Post Office Box 1950
New Haven, Connecticut
06509-1950

Telephone: 203 777-5501
Facsimile: 203 784-3199

Charles F. Corcoran, III

Direct Dial: 203 784-3115
ccorcoran@carmodylaw.com

September 26, 2002

**_VIA HAND DELIVERY_**

Thomas G. Moukawsher, Esq.
Moukawsher & Walsh, L.L.C.
328 Mitchell Street
P.O. Box 966
Groton, CT 06340

Re:   Claim of Barry Levine

Dear Mr. Moukawsher:

Enclosed please find Bate stamped documents relating to the above. Additional materials are being forwarded to you from our Waterbury office via Federal Express for receipt by your office today.

Among these materials, all of which are being delivered to your Groton office, the following were relied on in the decision to deny Mr. Levine's claim: Louis Levine Agency, Inc. Salary Savings Plan; The Levine Companies Salary Savings Plan; the Louis Levine Agency, Inc. Profit-Sharing Plan & Trust; Levine Life Associates, Inc. Profit-Sharing Trust, Barry Levine's waivers; waivers of another employee; Barry Levine's so-called "employment" agreement, Barry Levine's personnel file and his Profit Sharing Plan statements.

The forwarded Plan documents were reviewed and relied on in making the determination that Barry Levine was not in fact an eligible participant. The forwarded waivers signed by Barry Levine establish that he waived participation. The forwarded signed waivers by another individual in the Company at the time establish the falsity of Mr. Levine's claim that he was the only person waiving contributions. The forwarded personnel file of Barry Levine shows that in the early 1990's Mr. Levine was reported to be repeatedly behaving inappropriately on Agency premises. The file also shows that the so-called "employment" agreement was in fact a separation agreement drawn up in order to ensure the termination of this inappropriate behavior by effecting his removal from the premises and the elimination of his ownership interest in the business, and therefore further establishes that Barry Levine was not an eligible participant under the plans. The dates of these same documents establish that Mr. Levine's claims are untimely.

Please call if you have any questions.

Very truly yours,

*[signature]*

Charles F. Corcoran, III
Enc.

{N0692897}

WATERBURY             NEW HAVEN             SOUTHBURY