UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BARRY LEVINE | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:03CV148 (SRU) |
| V. | : | |
| | : | |
| LOUIS LEVINE AGENCY, INC. and | : | |
| WEBSTER INSURANCE, INC. | : | |
| | : | |
| Defendants. | : | APRIL 29, 2005 |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR STAY OF PROCEEDINGS

The defendants, Louis Levine Agency, Inc. ("Levine Agency") and Webster Insurance, Inc. ("Webster"), respectfully oppose plaintiff's March 15, 2005 request for stay of these proceedings pending a ruling by the Second Circuit in the appeal of the case <u>Coan v. Kaufman</u>.[1]

## I.   INTRODUCTION

Levine Agency and Webster urge this court to deny the plaintiff's request for several reasons: (1) the plaintiff has failed to establish any likelihood that the Second Circuit's ruling in <u>Coan</u>, whether it be in favor of the appellant in that case or not, would be dispositive of this case in any way; (2) despite the fact that the present action and <u>Coan</u> both involve the issue of equitable relief under ERISA § 502(a)(3), the plaintiff has made no indication as to how the Second Circuit's ruling in <u>Coan</u> on this single issue would prevent this court from entering summary judgment in favor of Levine Agency and Webster in this case; (3) Levine Agency

---

[1] 333 F. Supp. 2d 14 (D. Conn. 2004) aff'd 349 F. Supp. 2d 271 (D. Conn. 2004).

CARMODY & TORRANCE LLP   50 Leavenworth Street
Attorneys at Law          Post Office Box 1110
                          Waterbury, CT 06721-1110
                          Telephone: 203 573-1200

and Webster are entitled to summary judgment on several other grounds, beyond whether the relief sought by the plaintiff in this matter is proper equitable relief under ERISA § 502(a)(3); and (4) the plaintiff has made no indication that he would be injured in any way absent a stay of these proceedings. As such, to further delay this court's granting of summary judgment on behalf of Levine Agency and Webster because of plaintiff's counsel's hopes for success in the Coan appeal would be disproportionately prejudicial to Webster and Levine Agency.

## II. ARGUMENT

In general, the traditional factors that govern stay of an order pending appeal are (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will suffer irreparable injury absent a stay; (3) whether issuance of a stay will substantially injure other parties involved; and (4) where the public interest lies.[2] Of course, these factors are merely guidance for the situation here, where the plaintiff seeks a stay pending an appeal <u>in a completely unrelated matter involving no common parties</u>. Nevertheless, this court must weigh the competing interests and maintain an even balance when deciding whether a stay is appropriate. Levine Agency and Webster respectfully submit to this court that the weight of such interests clearly indicates that a stay of these proceedings is inappropriate.

### A.   It is Unlikely That The Second Circuit's Ruling in Coan Would Ultimately Advance This Matter

The plaintiff here has made no showing, let alone a "strong showing", that a stay of this matter is necessary. In his March 15, 2005 request for stay, the plaintiff simply states "[t]he Coan appeal addresses the complex issue of equitable relief under ERISA § 502(a)(3), also an

---

[2] Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

issue in [this] case." In his March 22, 2005 response to the Supplemental Memorandum of Law filed by Levine Agency and Webster, the plaintiff reminds this court, at length, of the cases that the plaintiff wishes this court to look to on the issue of "appropriate equity relief" and which cases the plaintiff wishes this court to ignore. The plaintiff also supplements its previous argument with respect to appropriate equitable relief with the same argument that it put forth and lost in the Coan matter. Aside from concluding that ERISA § 502(a)(3) is a "complex and evolving area of ERISA" and that through Coan, the Second Circuit has yet another "opportunity to clarify what types of relief are available to plan beneficiaries under § 502(a)(3)"[3], the plaintiff has made no showing as to how the Second Circuit's ruling in Coan will ultimately have any impact on the disposition of this case.

    B.    Levine Agency and Webster are Entitled to Summary Judgment Despite the Second Circuit's Ruling on the Issue of "Appropriate Equitable Relief" in Coan.

Regardless of how the Second Circuit holds in the Coan appeal on the issue of ERISA § 502(a)(3), Levine Agency and Webster are entitled to summary judgment in this matter because (1) the plaintiff's claims are untimely and, thus, barred by the applicable statutes of limitations; (2) the plaintiff's allegations do not constitute fraud under ERISA; and (3) the plaintiff was not a participant in the Levine Companies 401(k) and, therefore, lacks standing to bring that claim. Webster is also entitled to summary judgment because it cannot be held liable for the liabilities of its subsidiaries.

Levine Agency and Webster continue to maintain that they are also entitled to summary judgment on the grounds that the relief sought by the plaintiff is not appropriate equitable relief under ERISA § 502(a)(3) because all that the plaintiff seeks in monetary compensation for his

---

[3] Pl.'s Response to Supplemental Memorandum of Law at p. 15.

{W0950074} CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

3

alleged losses. Levine Agency and Webster maintain that this court should find Judge Kravitz's decision in Coan very persuasive on this issue, and should grant summary judgment in their favor on this issue just as Judge Kravitz did in that case.

However, even assuming there are only two possible rulings that the Second Circuit could issue in the Coan appeal, which of course is entirely untrue, any such ruling will not hinder summary judgment in the defendants' favor in this matter. If the Second Circuit upholds Coan, that decision simply supports the fifth reason why Levine Agency and Webster are each entitled to summary judgment; because in this case the plaintiff's claim for relief is not equitable. If the Second Circuit reverses the district court in Coan, Webster and Levine Agency remain entitled to summary judgment for each of the other four reasons.

C.   The Plaintiff Will Suffer No Injury Absent a Stay of These Proceedings.

The fact that the plaintiff makes no mention whatsoever in its March 15, 2005 request or its March 22, 2005 brief that he would suffer in any way if this court were to deny his request to stay, is telling. Since the issue of "appropriate equitable relief" is clearly not the dispositive issue in this matter, the plaintiff will not be injured in any way when this court refuses to stay these proceedings in light of the Coan appeal.

Moreover, the plaintiff rightfully indicates that the issue of appropriate equitable relief under ERISA § 502(a)(3) is "complex". Therefore, although the plaintiff assures this court that a stay of this matter would be relatively short, such a complex issue is not likely conducive to rapid judicial review. As such, a stay could potentially be much longer than the plaintiff anticipates, and would not necessarily be dispositive to this matter. Thus, the only parties harmed would be Levine Agency and Webster, who are entitled to summary judgment at this

{W1590074} CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

4

time, if this court were to grant a stay requiring them to continue to needlessly endure this litigation process.

## III. CONCLUSION

This court should refuse to stay these proceedings for the foregoing reasons and should grant summary judgment in favor of Levine Agency and Webster.

THE DEFENDANTS,

By: /s/ Kristi D. Aalberg
CHARLES F. CORCORAN, III (ct04299)
KRISTI D. AALBERG (ct23970)
195 Church Street
18th Floor
New Haven, CT 06509
(203) 777-5501

{W0359074} CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

5

## CERTIFICATION

This is to certify that a copy of the foregoing was filed electronically on the above-captioned date. Notice of the filing will be sent to each party of record electronically by operation of the Court's electronic filing system.

Thomas G. Moukawsher, Esq.
Moukawsher & Walsh, L.L.C.
328 Mitchell Street
P.O. Box 966
Groton, CT 06340

Ian O. Smith, Esq.
Moukawsher & Walsh, L.L.C.
21 Oak Street
Suite 209
Hartford, CT 06106

/s/ Kristi D. Aalberg
Kristi D. Aalberg, Esq.

{W0350074} CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
6