UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BARRY LEVINE : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO. |
| : | 3:03CV148 (SRU) |
| V. : | |
| : | |
| LOUIS LEVINE AGENCY, INC. and : | |
| WEBSTER INSURANCE, INC. : | |
| : | |
| Defendants. : | APRIL 29, 2005 |

## DEFENDANTS' REPLY TO PLAINTIFF'S MARCH 22, 2005 RESPONSE TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW

The defendants, Webster Insurance, Inc. ("Webster") and Louis Levine Agency, Inc. ("Levine Agency"), respectfully request this court to enter summary judgment in their favor. Each is entitled to summary judgment because (1) both counts of the plaintiff's Complaint are untimely and, therefore, barred by the applicable statutes of limitations; (2) the facts alleged in the Complaint do not constitute fraud under ERISA; (3) the plaintiff was not a participant in the Levine Companies 401(k) Plan, and does not have standing to bring a claim for benefits under the Levine Companies 401(k) Plan, because he was fired from Levine Agency long before the company established that Plan; and (4) the plaintiff's claims for relief do not constitute "appropriate equitable relief" under ERISA § 502(a)(3). Webster is also entitled to summary judgment because it cannot be held liable for the actions of its subsidiaries.

CARMODY & TORRANCE LLP
Attorneys at Law

195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

## I.   INTRODUCTION

Although the plaintiff would like this court believe that Webster and Levine Agency file baseless attacks, nothing could be farther from the truth. Despite the fact that plaintiff's counsel is partial to words such as "sandbag", "red herring" and "smear", the fact remains that Attorney Moukawsher knew of Judge Kravitz's final decision in Coan v. Kaufman[1] in December of 2004 and at that time had already filed an appeal of that case with the Second Circuit Court of Appeals. In the plaintiff's March 22, 2005 response, Attorney Smith attempts to shoulder the blame and to explain counsel's failure to notify this court of the decision in the Coan case until March as an "oversight." However, Attorney Moukawsher filed the Complaint in this matter and conducted oral discovery. Attorney Moukawsher also handled plaintiff's administrative claim. Attorney Moukawsher certainly knew that the plaintiff in this matter seeks "appropriate equitable relief", just as the plaintiff in Coan did. To argue otherwise would be disingenuous.

Moreover, for plaintiff's counsel to attempt to turn this case into an extended forum for the Coan appeal is completely inappropriate. The bottom line is, regardless of how Judge Kravitz held in the Coan case on the issue of ERISA § 502(a)(3) ("appropriate equitable relief") and regardless of how the Second Circuit rules in that appeal, there are many other good reasons why this court should grant Webster and Levine Agency summary judgment.

---

[1] 333 F. Supp. 2d 14 (D. Conn. 2004) aff'd 349 F. Supp. 2d 271 (D. Conn. 2004).

Webster and Levine Agency have been sued in this matter for alleged events that do <u>not</u> amount to a valid cause of action. The plaintiff seeks to hold both Webster and Levine Agency liable for alleged actions that took place well before the applicable statutes of limitations expired; that do not amount to a fraudulent breach of fiduciary duty; and for which the plaintiff is <u>not</u> entitled to <u>any</u> relief. Thus, as Webster and Levine Agency have outlined in their opposition to plaintiff's request for stay, which they have or will have filed on even date herewith, this court should deny a stay and grant summary judgment in defendants' favor.

**II.    ARGUMENT**

A.    <u>Rules of Professional Conduct, Rule 3.3(a)(3)</u>

While plaintiff's counsel attempts to blame the fact that they waited three months to reveal the ruling in <u>Coan</u> to this court on an "oversight", the fact remains that the Rules of Professional Conduct, Rule 3.3(a)(3), provides that a lawyer shall not knowingly "fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel". Attorney Moukawsher certainly knew of the issues in this case and the relevance of the <u>Coan</u> decision to this case in terms of plaintiff's claim for equitable relief. How he can blame such a failure to disclose on oversight, is incomprehensible.

Plaintiff's counsel also attempts to minimize their lack of candor with the court by arguing that they were not required to disclose the holding in the <u>Coan</u> case

CARMODY & TORRANCE LLP
Attorneys at Law
{W1359073}
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

3

because <u>Coan</u> is not a controlling case. However, aside from the text of Rule 3.3(a)(3), the related commentary to Rule 3.3(a)(3) is instructive:

> Misleading Legal Argument. Legal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal. A lawyer is not required to make a disinterested exposition of the law, but must recognize the existence of pertinent legal authorities. Furthermore, as stated in subsection (a)(3), an advocate has a duty to disclose directly adverse authority in the controlling jurisdiction which has not been disclosed by the opposing party. <u>The underlying concept is that legal argument is a discussion seeking to determine the legal premises properly applicable to the case.</u>

District court judges often find the opinions of their fellow district jurists persuasive.[2] And, as attorneys, it is our duty to assist the court in determining the legal premises properly applicable to a particular case. Since defendants' counsel filed its reply brief on December 7, 2004, two days before the <u>Coan</u> case became final, it was unaware of Judge Kravitz's decision to reaffirm the holding. It then became plaintiff's ethical obligation to do so – especially since they were counsel to the plaintiff in that case too <u>and lost</u> one of the very same issues they just finished briefing in this case.

Moreover, although the plaintiff argues that he had no ethical obligation to notify the court of the <u>Coan</u> decision because it was not a controlling case, Judge Kravitz clearly indicated in his decision upon reconsideration of <u>Coan</u>, that the case had already been appealed the Second Circuit. Thus, at the very least, plaintiff's counsel was well aware in December 2004 that the Second Circuit would be addressing that case. The Second Circuit would be most certainly issuing a

---

[2] <u>Hawkins v. Steingut</u>, 829 F. 2d 317, 321 (2d Cir. 1987); <u>Spear v. West Hartford</u>, 789 F. Supp. 80, 84 (D. Conn, 1992); <u>Pappas v. New Haven Police Dept.</u>, No. 398 CV 981, FN 3 (D. Conn. 2002).

CARMODY & TORRANCE LLP
Attorneys at Law
{W1359073}
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

4

controlling opinion. It would have been appropriate for plaintiff's counsel to inform the defendants and this court of that fact three months prior to when they actually did notify this court so that this court would have such information when considering the pending summary judgment motion.

The undersigned brings this to the Court's attention because he has dealt with Attorney Moukawsher's firm in other ERISA matters in the past, where he has also failed to alert the Court to case law unfavorable to his position, even where such case law was relevant, from a court within the same circuit and demonstrably known to him.

B. This Court Should Be Persuaded By Judge Kravitz's Rationale in Coan.

Although Webster and Levine Agency have always requested that this court enter summary judgment in their favor for all of the other reasons set forth in their motion for summary judgment, as supplemented, if this court believes it must reach the issue of appropriate equitable relief, the defendants encourage this court to find the Coan decision persuasive on that issue.

Like Ms. Coan, the plaintiff here contends that, as an alternative to simply ordering Webster and/or Levine Agency to pay him monetary damages, this court should order the Louis Levine Agency Profit Sharing Plan reinstated and the payment of additional benefits allegedly lost to the plaintiff. The Coan court was quite accurate in rejecting "Ms. Coan's claim that the remedy she now requests – an order resurrecting the long-since-terminated . . . [Plan] . . . an requiring that those fund be augmented by cash to be supplied from the pockets of the Defendants for the sole

CARMODY & TORRANCE LLP
Attorneys at Law
{W1359073}

195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

5

purpose of then distributing additional money to Ms. Coan – is equitable in nature. It is abundantly clear to the Court that Ms. Coan is simply seeking to accomplish indirectly that which <u>Great-West Life & Annuity Ins. Co. v. Knudson</u>,[3] prevents her from obtaining directly."[4]

Also like <u>Coan</u>, the plaintiff here argues in his supplemental memorandum that this court should focus on whether the plaintiff's alleged losses were a result of actions of a fiduciary or non-fiduciary. In support of that contention, the plaintiff relies on the rationale in <u>Strom v. Goldman Sachs</u>,[5] under which he claims that the Second Circuit has already ruled that make-whole relief is allowed under § 502(a)(3). The plaintiff in effect states that this court should ignore the ruling of the U.S. Supreme Court in <u>Great-West</u> and should rely on the Second Circuit's holding in <u>Strom</u>. However, this court should <u>not</u> follow plaintiff's lead on this issue since, as Judge Kravitz points out, although the Second Circuit has not revisited the decision <u>Strom</u> since <u>Great-West</u>, several district courts in this circuit have interpreted <u>Great-West</u> as effectively overruling the holding in <u>Strom</u>.[6] There Judge Kravitz found the holdings of his fellow district court jurists persuasive in that respect, and the defendants in this matter press this court to do the same.

The plaintiff here also claims that this court should look to the U.S. Supreme Court decision in <u>Varity Corp. v. Howe</u>[7] and the Ninth Circuit decision in <u>Mathews v.</u>

---

[3] 534 U.S. 204 (2002).
[4] 333 F.Supp.2d at 25.
[5] 202 F.3d 138 (2d. Cir. 1998).
[6] 362 F.3d 1172 (9th Cir. 2004).
[7] 516 U.S. 489 (1996).

Chevron[8] on the issue of whether the relief he seeks is "appropriate equitable relief" under ERISA § 502(a)(3). Webster and Levine Agency contend that both Varity and Mathews are quite distinguishable from this case and by no means offer any support for plaintiff's claims. Just as Judge Kravitz notes with regard to Ms. Coan's reliance on such cases, Varity involves an ERISA plan that was in existence and the plaintiffs there sought only to be "reinstated" in such plan.[9] Unlike Ms. Coan, and the plaintiff here, the plaintiffs in Varity did not ask the court to reinstate a long-since defunct plan only to have cash placed in such plan to be distributed to the plaintiffs. In Mathews, the court ordered an injunction requiring the defendants to modify the records of its existing retirement plan. Such relief is not what is sought by the plaintiff in this case, and as Coan lays out, Mathews illustrates why the plaintiff's requested remedy is not equitable.[10] Like Ms. Coan, and unlike the plaintiffs in Mathews, the plaintiff in this case seeks re-establishment of defunct plans specifically and solely for the purpose of obtaining money from Webster and/or Levine Agency to compensate him for his alleged losses. In Mathews and Varity, rectifying the fiduciary's breach merely resulted in restoring plaintiffs into a plan – it neither required the resurrection of a terminated plan nor mandated as an ancillary matter the payment of money into the plan by the fiduciary.

---

[8] 333 F. Supp. 2nd at 25, n. 10.
[9] 333 F. Supp. 2d at 26.
[10] Id.

Thus, this court should not be persuaded to rely on <u>Varity</u> or <u>Mathews</u> because both are distinguishable on their facts, and should find that the plaintiff's claims for relief are not appropriate equitable relief under ERISA § 502(a)(3).

  C. <u>Like Webster, Levine Agency is Entitled to Summary Judgment with Respect to Plaintiff's Claims Under the 401(k) Plan Because Plaintiff Was Not Eligible to Participate in the 401(k) Plan.</u>

The plaintiff was fired from Levine Agency during the summer of 1992 and did not work for Levine Agency or Webster at any time after he was fired. As such, when the Levine Companies established a 401(k) Plan in 1996, some four years after the plaintiff had been terminated, the plaintiff was not an eligible participant in such plan. Although he claims that the written agreement evidencing his termination was a contract for employment, he admits that at no time since he left Levine Agency did he ever step foot inside Levine Agency to work or perform any services on behalf of Levine Agency.[11]

In his supplemental memorandum, the plaintiff states that Article III, Section 1 of the Levine Companies Salary Savings Plan Summary Plan Description ("SPD") states that "[y]ou will be eligible to participate in the Plan if you have completed one (1) Year of Service and have attained the age 21," and incorrectly argues that as of August 1996, he had been an employee for over twenty years. Although the plaintiff had been employed by Levine Agency from 1975 through 1992, in 1996, the plaintiff had no longer worked for Levine Agency for approximately four years. Therefore,

---

[11] See Dep. of Barry Levine dated December 1, 2003 at pp. 53 and 99 attached as Exhibit D to Defendant's Local Rule 56(a)(1) statement; see also Req. No. 4 of Exhibits F; Exhibit J at p. 237.

CARMODY & TORRANCE LLP  
Attorneys at Law  
{W1359073}  
195 Church Street  
Post Office Box 1950  
New Haven, CT 06509-1950  
Telephone: 203 777-5501  

8

although the plaintiff had been a <u>former</u> employee of the company, such former employment did not entitle him to participate in any future benefit plans established by the company.

The plaintiff further argues, albeit incorrectly, that he meets the Services Rules contained in Article VI of the SPD. As the plaintiff points out, Section 1 of that Article explains the process by which an employee will be "credited with" 1000 Hours of Service, the point at which he would have completed a "Year of Service" and will be eligible to participate in the 401(k) Plan. Section 2(a) of that Article states that an employee will be credited with an Hour of Service for each hour for which he is directly or indirectly compensated by his employer <u>for the performance of duties during the Plan Year</u>. By his own admissions, the plaintiff did not perform any duties for Levine Agency after 1992.[12] Any compensation that he received was pursuant to his termination agreement. Although the plaintiff relies on the fact that he was compensated, the key distinction is that he was <u>not</u> being compensated <u>for the performance of any duties</u>. Thus, the plaintiff does qualify under the service rules of the 401(k) Plan and does not fall within the definition of a participant under ERISA, and therefore, is not entitled to benefits from the 401(k) Plan.

As such, the plaintiff does not have standing to assert the claim found in Count Two of his Complaint, and this court must grant summary judgment to Levine Agency and Webster on these grounds.

---

[12] <u>Id</u>.

CARMODY & TORRANCE LLP
Attorneys at Law
{W1359073}
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

9

### III.  CONCLUSION

For all of the foregoing reasons, this court should grant Webster and Levine Agency summary judgment and, in the event the court finds it necessary to reach the final grounds for summary judgment (lack of appropriate equitable relief), Webster and Levine Agency urge this court accept the decision in Coan as persuasive.

THE DEFENDANTS

By: _____
Charles F. Corcoran, III (ct04299)
Kristi D. Aalberg (ct23970)
Carmody & Torrance LLP
195 Church Street, 18th Floor
P.O. Box 1950
New Haven, CT  06509
(203) 777-5501

### CERTIFICATION

This is to certify that a copy of the foregoing was filed electronically on the above-captioned date.  Notice of the filing will be sent to each party of record electronically by operation of the Court's electronic filing system.

Thomas G. Moukawsher, Esq.
Moukawsher & Walsh, L.L.C.
328 Mitchell Street
P.O. Box 966
Groton, CT  06340

Ian O. Smith, Esq.
Moukawsher & Walsh, L.L.C.
21 Oak Street
Suite 209
Hartford, CT 06106

_____
Charles F. Corcoran, III

CARMODY & TORRANCE LLP
Attorneys at Law
{W1359073}
195 Church Street
Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501
10