UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BARRY LEVINE | : | CIVIL ACTION NO. |
| | : | 3:03 CV 148 (SRU) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| LOUIS LEVINE AGENCY, INC. | : | |
| and WEBSTER INSURANCE, INC. | : | |
| | : | |
| Defendants | : | MAY 27, 2005 |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S REQUEST FOR STAY OF PROCEEDINGS**

Levine respectfully asks the Court to grant his March 15, 2005 Request for Stay of Proceedings despite the arguments presented by defendants in their April 29, 2005 Opposition to his Request.

**I. INTRODUCTION**

As the Supreme Court said in 1936 in *Landis v. North American Co.*, a district court has the inherent power, in the exercise of its discretion, to stay an action pending before it.[1] And the movant bears the burden of demonstrating the wisdom and justice of a stay.[2] As set forth fully below, Levine has met this burden. Granting his stay would be beneficial to all parties in his action and would promote judicial economy.

---

[1] 299 U.S. 248, 254-55, 81 L. Ed. 153, 57 S. Ct. 163 (1936); *See also Hikers Industries v. William Stuart Industries*, 640 F. Supp. 175, 177 (S.D.N.Y. 1986).
[2] 299 U.S. 248, 255.

## II. ARGUMENT

Webster cites the four criteria set forth in the Supreme Court's 1987 decision *Hilton v. Braunskill*[3] as the "traditional factors that govern a stay of an order pending appeal."[4] But as the *Hilton* court indicates -- in the sentence immediately before the criteria recited by Webster -- these are the guidelines that apply under Federal Rule 62(c).[5] Rule 65(c), "Injunction Pending Appeal," concerns a court's discretionary suspension, modification, or restoration of an appeal from a judgment relating to an injunction.[6] It does not address a district court staying proceedings while *another* case is being appealed within the Circuit. Thus, the *Hilton* factors, which Webster says "are merely guidance," are actually not the criteria upon which the Court should make its decision about Levine's request for a stay.[7] The standard which should guide the Court in this situation is the general principle articulated by Cardozo in *Landis*: Staying litigation "calls for the exercise of judgment which must weigh competing interests and maintain an even balance."[8] If the Court considers this standard, it should allow Levine's stay.

First, contrary to what Webster says,[9] Levine would be injured if he's denied his stay. In his briefs in response to Webster's (and then the Levine Agency's) Motion for Summary Judgment, Levine has made compelling arguments, based on the facts in the record, why defendants should be denied summary judgment. Equitable relief is also an

---

[3] 481 U.S. 770 (1987).
[4] Webster's April 29, 2005 Opp. Br. at 2.
[5] 481 U.S. 770, 776 (1987).
[6] Indeed, *Hilton* concerned a court's denial of a prison superintendent's request for a stay of a district court's order releasing a convicted felon who filed a writ of *habeas corpus*. 481 U.S. 770, 773.
[7] Assuming the *Hilton* factors are the correct criteria upon which the Court should rely in making its decision about the stay, Levine still satisfies them for the reasons set forth in this breif.
[8] 299 U.S. 248, 256 (1936).
[9] Webster's April 29, 2005 Opp. Br. at 2.

argument raised by defendants in their summary judgment motions to which Levine has responded persuasively.  Levine is now at a stage where, coincidentally, this ERISA issue which might affect the relief to which he's entitled is close to being decided in this Circuit.   Denying him the opportunity of a brief pause in litigation while an issue that, if decided in Coan's favor, would affirm the arguments he's made in attempts to survive summary judgment is surely injurious.  As well, resolution of *Coan* before a ruling in this case would likely be advantageous to Webster which, like the defendants in *Coan*, might face a lengthy appeal on the §502(a)(3) relief issue if the Court denies Webster's motion on the "non-relief" aspect in case.  Here, the general "economy of time" with which the court must consider Levine's request favors granting a stay.  Also, contrary to what Webster says, a delay in the resolution of this case during the stay would be minimal, as the *Coan* "appeal may be heard as early as the week of 5/30/05."[10]  Again, judicial economy would be fostered through this Court's allowing a stay.

The reasons Webster gives in its Opposition brief why Levine's request for a stay should not be granted are not as persuasive as Levine's arguments supporting his position. Webster says that Levine "has failed to establish any likelihood that the Second Circuit's ruling in *Coan* [. . .] would be dispositive of [his] case."[11]   And it says that Levine has not revealed "how the Second Circuit's ruling in Coan on this single issue would prevent this court from entering summary judgment in [its] favor of" in this case because, it claims, it is entitled to summary judgment on "several" grounds beyond the issue of §502(a)(3) relief.[12]   Here Webster misses the point.  Since September 2004

---

[10]  *See* General Docket, U.S. Court of Appeals for the Second Circuit, *Coan v. Kaufman*, Docket number 04-5173-cv, available at:  http://pacer.ca2.uscourts.gov.
[11]  Webster's April 29, 2005 Opp. Br. at 1.
[12]  Webster's April 29, 2005 Opp. Br. at 1 -2.

parties have been briefing many issues concerning misrepresentations made to Levine, his employment status, and his eligibility for 401(k) plan participation, that do not have to do with §502(a)(3) relief.  And of course, Webster bases its arguments in its Opposition brief on the assumption that it's inevitable that the Court will *grant* its motion for summary judgment based on its timeliness, fraud, and standing arguments, and thus Levine's request for a stay will simply delay Webster's winning this case.  However, it is as likely (or more likely, from Levine's perspective) that the Court will deny Webster's motion and allow the case to proceed.  As discussed above, Levine is not claiming that a favorable decision by the Second Circuit in *Coan* would automatically mean a victory for him in his case or a denial of Webster's summary judgment motion, but rather any decision in *Coan* would allow this case to proceed more efficiently for all parties.

Courts have denied such requests for stays in district courts pending the outcome of Appellate decisions when Courts have recognized extraordinary circumstances where it is important for matters to be decided promptly.[13]  But this is not such a case.  As Webster points out, apparently recognizing *Landis*'s standard, the Court must "weigh competing interests and maintain an even balance when deciding whether a stay is appropriate."[14]  Under that approach, and under general principles of judicial economy, Levine succeeds.

---

[13] *See United States v. Barter Systems*, 557 F. Supp. 698, 701 (D. Mich. 1982)(Denial of a request for stay of litigation in district court pending Sixth Circuit ruling because "[c]ourts have consistently recognized that an action to enforce an IRS summons must be concluded promptly.")
[14] Webster's April 29, 2005 Opp. Br. at 2.

4

## III. CONCLUSION

Resolution of the §502(a)(3) equitable relief issue in this Circuit prior to a summary judgment decision is in the interest of all involved. For this and the foregoing reasons, the Court should grant Levine's request for stay of proceedings.

THE PLAINTIFF
BARRY LEVINE


By /s/ Ian O. Smith
Thomas G. Moukawsher (ct08940)
Ian O. Smith (ct24135)
Moukawsher & Walsh, LLC
21 Oak Street
Hartford, CT  06016
(860) 278-7000
tmoukawsher@mwlawgroup.com
ismith@mwlawgroup.com

**CERTIFICATION**

I hereby certify that on May 27, 2005, a copy of foregoing PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR STAY OF PROCEEDINGS was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Kristi Dawn Aalberg
Carmody & Torrance
50 Leavenworth St., Po Box 1110
Waterbury, CT 06721-1110
kaalberg@carmodylaw.com

Charles F. Corcoran, III
Carmody & Torrance
195 Church St., PO Box 1950, 18th Floor
New Haven, CT 06509-1950
ccorcoran@carmodylaw.com

              THE PLAINTIFF
              BARRY LEVINE

              /s/ Ian O. Smith
              Thomas G. Moukawsher (ct08940)
              Ian O. Smith (ct24135)
              Moukawsher & Walsh, LLC
              21 Oak Street
              Hartford, CT  06016
              (860) 278-7000
              tmoukawsher@mwlawgroup.com
              ismith@mwlawgroup.com