UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BARRY B. LEVINE | : | CIVIL ACTION NO. |
| | : | 3:03 CV 148 (SRU) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| The LOUIS LEVINE AGENCY, INC. | : | |
| and WEBSTER INSURANCE, INC., | : | |
| | : | |
| Defendants. | : | JANUARY 19, 2005 |

**AMENDED COMPLAINT**

**I.     Nature of the Complaint.**

The plaintiff, Barry Levine ("Levine"), claims relief for breach of fiduciary duty and wrongful denial of benefits due under the Louis Levine Agency, Inc. Profit Sharing Plan & Trust ("the Profit Sharing Plan") and the Levine Company Salary Savings Plan ("the 401(k) Plan")(or collectively "the Levine Plans").  This claim is being brought against the Louis Levine Agency, Inc. (the "Levine Agency") in its capacity as a fiduciary of the Levine Plans and Webster Insurance, Inc. ("Webster") as successor in interest to the Levine Agency.

During Levine's employment at the Levine Agency, Levine became the victim of fraudulent conduct by agents of the administrator of the Profit Sharing Plan with respect to contributions required to be made to his Profit Sharing Plan account.  For a ten year period, agents of the Profit Sharing Plan administrator

failed to make contributions to Levine's Profit Sharing Plan account required under the terms of the Plan. To convince Levine this was acceptable and correct, Levine Agency's retirement agent, Daniel M. Carter ("Carter"), led Levine to believe that he and all other similarly situated Agency owner were being asked to "waive off" required contributions, and that all other similarly situated Profit Sharing Plan participants both agreed to the "waive off" and were not having contributions made to their accounts. In February of 2002, Levine learned that these representations were false, and that, in fact, he was the only person not receiving the required contributions. The lack of these contributions caused Levine to lose approximately $230,000.00 in contributions to his Profit Sharing Plan account, together with the earnings that he would have accrued thereon to date.

In addition, when in approximately August of 1996, the 401(k) Plan was established, Levine was eligible to participate, but was never apprised of his eligibility and was wrongfully excluded from participation. This deprived Levine of the opportunity to make roughly three years of tax deferred contributions to the 401(k) Plan and lost him the matching amounts that would have had to be paid to his 401(k) account under the terms of the Plan.

By fraudulently inducing Levine to waive contributions to the Profit Sharing Plan, and by barring him from participating in the 401(k) Plan, the Levine Agency breached the fiduciary duty of absolute loyalty it owed to Levine under federal law

2

and deprived him of benefits due under the terms of the 401(k) Plan. Levine seeks lost benefits, declaratory and injunctive relief, restitution and interest thereon, together with attorney's fees and costs.

## II.     Jurisdiction, Venue, and Service of Process.

1.    Plaintiff invokes the jurisdiction of this Court pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq. ("ERISA").

2.    Venue in this Court is proper under ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), in that the defendants may be found in this District and the breach took place in this District.

3.    Service of process is authorized in any other district where a defendant resides or may be found. ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).

## III.    The Parties.

4.    At all relevant times, Levine was an employee within the meaning of 29 U.S.C. § 1002(6), and a Plan participant in the Profit Sharing Plan as the term participant is defined in ERISA Section 3 (7), 29 U.S.C. §1002(7).

5.    At all relevant times, Levine was also a minority shareholder in the Levine Agency.

6.    At all relevant times, the Levine Plans were employee benefit plans as defined in §3(3) of ERISA, 29 U.S.C. §1002(3).

7. At all relevant times, the Levine Agency was sponsor, administrator, and trustee of the Levine Plans.

8. The Levine Agency, acting principally through its agent, Daniel Carter, exercised discretionary authority in the administration of the Plan and was, accordingly, at all times relevant hereto, a "fiduciary" of the Plan as that word is defined in §3(21) of ERISA, 29 U.S.C. §1002(3)

9. The defendant, Webster Insurance, Inc., is the sole successor in interest to the Levine Agency by virtue of its acquisition of all Levine Agency assets and liabilities in 2000.

## IV. Statement of Facts.

10. Levine was an employee of the Levine Agency from April 1, 1975 to December 31, 1999.

11. Levine received a salary from the Levine Agency continuously during his years of employment there.

12. In each year between 1980 and 1992, the Levine Agency failed to make contributions to Levine's Profit Sharing Plan account required under its terms.

13. The contributions were not made because, on or about the month of December of each year (except in 1985 when it occurred in March), at the Levine Agency offices in Waterford, Connecticut, Carter, the Levine Agency's agent for retirement plan issues, knowingly, intentionally and falsely told Levine that all of

the agency owners had agreed to "waive off" their contributions to the Profit Sharing Plan and that, for this reason, he should do the same.

14. In reasonable reliance on what he was told by Carter, Levine signed numerous waiver and "blanket waiver" forms, waiving off his contributions to the Profit Sharing Plan and no contributions were made to his account.

15. Levine discovered in February 2002 that Carter's representations were false when he received a copy of a Reallocation of Earnings document showing that all other similarly situated shareholders received their contributions during the time when Carter convinced him that they were all waiving participation.

16. In approximately August of 1996, when the 401(k) Plan was established, the Levine Agency wrongfully failed to include Levine as a plan participant despite the fact that he met all of the 401(k) Plan criteria for eligibility.

**V.  COUNT ONE:  Violation of ERISA §404, 29 U.S.C. §1104 (Breach of Fiduciary Duty).**

17. Carter's misrepresentations to Levine, as set forth above, made as an agent of the plan administrator, constituted a breach of fiduciary duty under ERISA §404, unjustly enriching the Levine Agency at Levine's expense.

**VI.  COUNT TWO:  Violation of ERISA §502(a)(1)(B)(Breach of Plan Terms).**

18. At all relevant times, Levine was entitled to benefits due him under the terms of the 401(k) Plan. The Levine Agency has failed to provide such benefits

and, accordingly, Levine is entitled to relief, in the form of the benefits due, under ERISA §502 (a)(1)(B).

WHEREFORE, Levine prays for relief as follows:

a. An award of benefits under ERISA §502 (a)(1)(B);

b. Appropriate equitable relief under ERISA Section 502 (a)(3);

c. Interest at the legal rate;

d. Attorney's fees pursuant to ERISA Section 502 (g);

e. Such other and further relief as the Court may deem just.

                    THE PLAINTIFF

                    BY /s/ Ian O. Smith
                    Thomas G. Moukawsher (Ct08940)
                    Ian O. Smith (Ct24135)
                    Moukawsher & Walsh, LLC
                    Capitol Place
                    21 Oak Street, Suite 209
                    Hartford, CT 06106
                    (860) 278-7000
                    tmoukawsher@mwlawgroup.com
                    ismith@mwlawgroup.com

## CERTIFICATION

I hereby certify that on January 19, 2005, a copy of foregoing Plaintiff's Objection to Defendant's Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Kristi Dawn Aalberg
Carmody & Torrance
50 Leavenworth St., Po Box 1110
Waterbury, CT 06721-1110
kaalberg@carmodylaw.com

Charles F. Corcoran, III
Carmody & Torrance
195 Church St., PO Box 1950, 18th Floor
New Haven, CT 06509-1950
ccorcoran@carmodylaw.com


THE PLAINTIFF
BARRY LEVINE


/s/ Ian O. Smith
Thomas G. Moukawsher (ct08940)
Ian O. Smith (ct24135)
Moukawsher & Walsh, LLC
21 Oak Street
Hartford, CT  06016
(860) 278-7000
tmoukawsher@mwlawgroup.com
ismith@mwlawgroup.com